IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellee. | Civ. No: |
|---|---|

# MOTION TO EXPEDITE APPEAL

Appellant, Michael Miller, respectfully moves this Court to expedite the hearing and disposition of this appeal pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rule 4 of the Third Circuit Local Rules. In support of this motion, Appellant states as follows:

**I. INTRODUCTION**

This appeal arises from the order of the United States District Court for the Middle District of Pennsylvania dismissing the Appellant's complaint on September 30, 2024. The Appellant timely filed a Notice of Appeal on October 15, 2024. Appellant respectfully requests that this Court expedite the resolution of the appeal, as the outcome will have significant implications for a related case, **Michael Miller v. County of Lancaster, et al., Civ. No. 5:24-cv-05338**, currently pending in the United States District Court for the Eastern District of Pennsylvania.

Given the Middle District's history of delay and obstruction in this case, Appellant also

requests that this Court direct the Middle District to expedite the compilation and transmission of the appellate record.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. On January 4, 2024, Appellant filed a complaint in the Middle District of Pennsylvania, asserting claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, involving state and federal law issues concerning the application of the Pennsylvania Right to Know Law.

2. On September 30, 2024, the Middle District dismissed the complaint. The Appellant timely filed a Notice of Appeal on October 15, 2024.

3. Appellant has also filed a separate § 1983 civil rights suit in the Eastern District of Pennsylvania on October 5, 2024, involving overlapping constitutional claims and parties, which could be significantly impacted by the resolution of this appeal.

4. The Middle District has demonstrated delays in handling this case, and the timely resolution of the appeal is necessary to avoid further prejudice.

## III. LEGAL STANDARD

Federal Rule of Appellate Procedure 2 permits courts to expedite cases in the interests of judicial efficiency and to prevent unnecessary delay or prejudice to a party. This Court has discretion to expedite appeals when it serves the interests of justice or when delay could result in prejudice or inefficiency in related litigation.

## IV. GROUNDS FOR EXPEDITION

Appellant respectfully submits that expediting this appeal is warranted for the following reasons:

1. **Judicial Economy and Efficiency**: The issues raised in this appeal are closely

intertwined with the issues in the related § 1983 case pending in the Eastern District of Pennsylvania. Prompt resolution of the appeal will streamline the litigation, potentially avoiding conflicting rulings and conserving judicial resources.

2. **Overlap of Legal and Factual Issues**: The pending § 1983 case involves constitutional challenges and parties that are directly implicated in the declaratory judgment claim under appeal. The resolution of this appeal will likely influence or control significant aspects of the pending district court action.

3. **Avoiding Prejudice**: Without expedition, Appellant risks being forced to litigate two separate proceedings simultaneously, potentially facing inconsistent rulings or duplicative efforts. This prejudice can be avoided by timely resolving the legal issues before this Court.

4. **Delay in District Court Proceedings**: The Middle District has delayed resolution of key matters in this case, and further delays may arise if the appellate record is not transmitted promptly. Expediting the transmission of the appellate record is crucial to preventing further harm to Appellant.

## V. REQUEST FOR RELIEF

For the reasons stated above, Appellant respectfully requests that this Court:

1. Expedite the briefing schedule, hearing, and resolution of this appeal.

2. Direct the Middle District of Pennsylvania to promptly compile and transmit the appellate record to this Court.

## VI. ATTACHMENTS

1. Order Dismissing Complaint (September 30, 2024) – Attached as Exhibit A.

2. Notice of Appeal (October 15, 2024) – Attached as Exhibit B.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Suite F, 246
Ephrata, Pennsylvania
(717) 388-0163
reaganfive@protonmail.com

Date: October 19, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Mary Katherine Yarish<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |
| | Respectfully Submitted,<br><br>/s/*Michael Miller*<br>Michael Miller<br>108 North Reading Road., Ste F, 246<br>Ephrata PA 17522<br>717-388-0163 |
| Dated: October 19, 2024 | reaganfive@protonmail.com |

**EXHIBIT A**

**ORDER OF DISMISSAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | Civil No. 1:24-CV-00014 |
| Plaintiff, | : | |
| v. | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# ORDER

    Before the court is the report and recommendation of United States Magistrate Judge Martin C. Carlson recommending that the court grant the motions to dismiss filed by the County of Lancaster ("the County") and the Office of Open Records ("OOR"), and dismiss Plaintiff's complaint.  (Doc. 59.)  Specifically, Judge Carlson notes that Plaintiff invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, "in the course of inviting us to intervene in state litigation involving the application and interpretation of the state Right to Know law and opine on some 23 questions propounded by the plaintiff."  (*Id.* at 10.)[1]  Judge Carlson recommends that the court should decline to exercise its discretion under the Declaratory Judgment Act, which would be "antithetical" to the applicable standard.  (*Id.* at 10–17.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

Plaintiff filed objections to the report and recommendation, which Defendants opposed.² (Docs. 60, 61, 62.) Plaintiff raises multiple objections to the report and recommendation and states that his objections are specific and require de novo review. (Doc. 60.) However, a review of the objections shows that only one objection is specific. Plaintiff argues that the magistrate judge was not authorized to review the Rule 12 motions filed in this case. (*Id.* at 4, 7, 9–10.)

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

---

² The court notes that on August 20, 2024, Plaintiff also filed an objection to the court's delay in disposing of preliminary objections. (Doc. 63.) Therein, Plaintiff details his displeasure at the delay in resolving the "12(b) objections." (*Id.*)

In response to Miller's specific objection to the referral of this matter to a magistrate judge, Defendants argue that it was within the district court's discretion to refer Defendants' motion to dismiss to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the consent of the parties was not required. (Doc. 61, pp. 3–4, 5–8; Doc. 62, p. 3.)

Defendants are correct. This case was originally directly assigned to Magistrate Judge Susan E. Schwab, and then reassigned to Magistrate Judge Carlson on April 8, 2024. However, when the parties did not consent to the jurisdiction of a United States Magistrate Judge, the case was reassigned to the undersigned by verbal order entered on April 11, 2024. The undersigned then referred the case back to Judge Carlson for pretrial management on the same date. The district court's referral of the case for pretrial management was authorized by 28 U.S.C. § 636(b)(1)(A) and M.D. Pa. L.R. 72.1(a), and the parties' consent was not required. Because the case was properly referred to Judge Carlson, so too was the resolution of the motions to dismiss, which was authorized by 28 U.S.C. § 636(b)(1)(B), and, once again, the parties' consent was not required. As a result, Miller's objection to the referral is overruled.

The court finds the remainder of Miller's objections generally disagree with Judge Carlson's analysis and otherwise fail to address the underlying reasons compelling the dismissal of Miller's complaint.

3

Mere disagreement with the report and recommendation is not a basis to decline to adopt the report and recommendation. Indeed, when a party raises only a general objection to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing a general objection to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no clear error or manifest injustice in the recommendation to grant the motion to dismiss. As a result, the general objections raised by Miller are overruled.

In sum, following de novo review of the contested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C.§ 636(b)(1)), and giving "reasoned consideration" to the uncontested portions, *id.* (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court finds that Judge Carlson's analysis is well-reasoned and fully supported by the record and applicable law with respect to each of his recommendations.

Accordingly, **IT IS ORDERED THAT**:

1) Plaintiff's objections, Doc. 60, are **OVERRULED**.

2) The report and recommendation, Doc. 59, is **ADOPTED**.

3) Defendant County of Lancaster's motion to dismiss, Doc. 8, is **GRANTED**.

4) Defendant Office of Open Records' motion to dismiss, Doc. 16, is **GRANTED**.

5) Plaintiff's complaint, Doc. 1, is **DISMISSED** without leave to file an amended complaint.

6) The Clerk of Court is directed to close this case.

7) Notwithstanding the closure of this case, this matter is referred back to Magistrate Judge Carlson for resolution of Defendant County of Lancaster's motion for sanctions, Doc. 48.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: September 30, 2024

**EXHIBIT B**

**NOTICE OF APPEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Michael Miller | Civ. No.: 1:24-CV-00014 |
|---|---|
| Petitioner, | |
| v. | |
| COUNTY OF LANCASTER, et. al., | (Judge Jennifer P Wilson) |
| Respondents. | (Magistrate Judge Martin C. Carlson) |

## NOTICE OF APPEAL

Notice is hereby given that Michael Miller, Petitioner in the above-named case, hereby appeals to the United States Court of Appeals for the Third Circuit from the order of the United States District Court for the Middle District of Pennsylvania entered on September 30, 2024, which dismissed Plaintiff's complaint.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, Ste F, 246
Ephrata, Pennsylvania
(717) 388-0163
reaganfive@protonmail.com

Date: October 15, 2024

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Yarish, Mary Katherine<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>Lauren Anthony<br>McNees, Wallace, and Nurick LLC<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania
717-388-0163
reaganfive@protonmail.com

Dated: October 15, 2024