IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>    Petitioner,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>    Respondents. | Civ. No: 24-2934 |

# APPELLANT'S RESPONSE TO NOTICE OF REVIEW FOR SUMMARY ACTION (DOC. 11-1)

FILED BY:

_____

Michael Miller
108 North Reading Road, Suite F, 246
Ephrata, Pennsylvania
(717) 388-0163
Date: October 30, 2024      reaganfive@protonmail.com

To the Honorable Court,

Appellant is in receipt of the Patricia S. Dodszuweit's (clerk) notice dated October 29, 2024 (Doc. 11-1) indicating that my appeal is under review for possible summary action under Chapter 10.6 of the Internal Operating Procedures and Third Circuit Local Appellate Rule 27.4. However, this notice lacks clarity regarding which issues the court deems dispositive or the grounds for considering summary disposition, thus limiting Appellant's ability to respond effectively and fully.

Appellant respectfully objects to any summary disposition of this case without full briefing and, if necessary, a hearing on the serious constitutional issues raised. After nearly two years of litigation with no hearing on these claims, due process requires that this court thoroughly address the constitutional rights at stake, not dispose of them summarily based on unspecified grounds. This appeal raises substantial questions warranting full and transparent review, as these issues go beyond simple procedural matters and implicate fundamental rights.

**Prejudicial Lack of Specificity**

The lack of specificity in this notice not only limits Appellant's ability to respond but also risks prejudice to Appellant's rights. Federal Rule of Civil Procedure 7(b)(1) mandates that a motion "state with particularity the grounds for seeking the order." This requirement exists to ensure that the responding party can address the motion fairly, without ambiguity creating undue disadvantage. This same principle should apply to judicial directives, as vague instructions prevent parties from fully and fairly addressing the court's concerns. The rules that apply to

1

litigants should apply equally to judicial actions, protecting due process and ensuring fairness at every level.

**Objection to Deprivation of Reasonable Time**

As a pro se litigant, Appellant objects to the deprivation of a reasonable timeframe within which to respond effectively to any dispositive issues the court may find. Due process requires not only transparency but adequate time to brief such matters meaningfully.

**Request for Transparency and Due Process**

Additionally, Appellant reminds the court that his Petition, filed on January 4, 2024, demanded a trial by jury on constitutional claims. Appellant did not request backroom decision-making by people he has never met. The ambiguous directive here creates a prejudicial scheme, requiring briefing on unidentified issues within 21 days, while the court effectively pre-determines a disposition in the absence of clear guidance. If the court's intention is to remand, it would be proper to do so directly. However, if further briefing is indeed necessary, Appellant respectfully requests that the court specify any issues it deems lacking in substance. This level of specificity would ensure Appellant is able to respond meaningfully and would uphold the procedural fairness that due process requires.

Appellant further emphasizes that transparency in the appellate process is essential not only to ensure due process but also to uphold public confidence in judicial impartiality. Procedural clarity and accountability are paramount, particularly where the appeal involves decisions by lower court judges. A transparent review process reinforces trust in the judiciary and affirms that all parties are treated with fairness, without presumption or prejudice.

Accordingly, Appellant expressly reserves all rights to full briefing, a hearing, and transparent appellate review, and objects to any implied waiver of these rights based on the ambiguities in this notice.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Suite F, 246
Ephrata, Pennsylvania
(717) 388-0163
reaganfive@protonmail.com

Date: October 30, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-service a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Michael Scarinci<br>Appellate Litigation Section<br>Pa. Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>(717) 857-2184<br>mscarinci@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163

Dated: October 30, 2024            reaganfive@protonmail.com

4