# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellee. | Civ. No: 24-2934 |

**APPELLANT'S BRIEF IN SUPPORT OF MOTION TO CHALLENGE CLERK'S UNAUTHORIZED ACTIONS AND TO DEMAND REINSTATEMENT OF A FAIR AND TRANSPARENT BRIEFING PROCESS**

## I.　INTRODUCTION

Appellant files this motion to demand judicial intervention and rectification of the clerk's unauthorized stay of the briefing schedule and unilateral listing of this appeal for possible summary action. The clerk's actions—taken *sua sponte*, without judicial order or any filed motion—constitute a procedural violation that impacts Appellant's right to a fair and transparent appellate process under Local Rule 27 and the Federal Rules of Appellate Procedure. Given the nature of the issue, concurrence from opposing parties has not been sought, but all parties have been served with this motion.

## II.　STATEMENT OF THE ISSUE

Whether the clerk's unilateral decision to stay briefing and list this appeal for possible summary

1

action violates procedural rules that ensure judicial oversight, thus impacting Appellant's right to due process and a transparent appellate review.

---

### III. ARGUMENT

**1. Text of LR 27 for Context and Reference**

To establish the scope and limitations of Local Rule 27, the relevant sections are provided below:

- **LR 27.4 Motions for Summary Action**
    - **(a)** *"A party may move for summary action affirming, enforcing, vacating, remanding, modifying, setting aside, or reversing a judgment, decree, or order, alleging that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action. In addition, the court may sua sponte list a case for summary action."*
    - **(b)** *"Except for a change in circumstances or a change in law, motions for summary action or dismissal should be filed before the appellant's brief is due. The court or the clerk may at any time refer a motion for summary action to a merits panel and direct that briefs be filed."*
- **LR 27.5 Powers of Single Judge**: *"A single judge of the court may not grant or deny a motion that the court has ordered to be acted on by the court or a panel thereof…"*
- **LR 27.6 Motions Decided by the Clerk**: *"The clerk may entertain and dispose of any motion that can ordinarily be disposed of by a single judge of this court under the provisions of FRAP 27(c) and 3d Cir. L.A.R. 27.5, provided the subject of the motion is ministerial…"*

**2. Judicial Oversight Requirement under LR 27.4(b)**

Local Rule 27.4(b) is designed to safeguard procedural integrity by ensuring that summary actions are initiated only through judicial authority in response to a party's motion, except where there is a change in law or circumstances warranting sua sponte action by the court itself. By mandating judicial involvement, LR 27.4(b) protects the appellant's right to due process and a transparent review process, foreclosing clerical initiation of dispositive actions. Here, in the absence of a filed motion or judicial directive, the clerk's unilateral actions are outside the scope of authorized procedural conduct, violating these essential safeguards.

**3. Procedural Violations under LR 27.6 and FRAP 27(b)**

Local Rule 27.6 and FRAP 27(b) strictly limit clerical authority to ministerial, non-dispositive tasks. Specifically, LR 27.6 confines the clerk's role to actions "that can ordinarily be disposed of by a single judge" or are otherwise purely ministerial and administrative in nature. FRAP 27(b) likewise restricts the clerk's scope to "procedural orders" based on motions filed by parties and does not authorize independent clerical action to alter briefing schedules or the progression of a case. By unilaterally issuing a stay and listing the case for summary action, the clerk exceeded these rules, impacting Appellant's due process rights and right to a meaningful appellate review.

**4. Rule 27.4(b) Does Not Permit Clerical Initiation of Summary Action or Stays**

Local Rule 27.4(b) specifies that motions for summary action should be initiated by a party or by the court in response to a motion, clearly excluding clerical authority. Without a filed motion or judicial order, the clerk's actions exceed any permissible scope.

Procedural decisions involving summary actions must come from the judicial panel, as clerical decisions in such matters lack precedent. Internal appellate review resources reiterate that summary actions must be subject to judicial review to protect procedural rights. The clerk's assumption of authority in this case is procedurally unfounded, violating Appellant's due process rights.

**5. Clerical Authority is Limited to Non-Dispositive, Ministerial Tasks (LAR 27.5, 27.6, and FRAP 27(b))**

Under FRAP 27 and Local Rules 27.5 and 27.6, clerks are restricted to administrative tasks and non-dispositive actions. FRAP 27(b) addresses procedural motions filed by parties and does not authorize independent clerical actions without judicial direction.

Staying the briefing schedule without judicial authorization far exceeds these boundaries, engaging in actions left to judicial review. The clerk's unilateral decision to list this case for summary action and impose a stay infringes upon the judiciary's exclusive authority, making the action procedurally invalid.

**6. Procedural Fairness Requires Adherence to Established Judicial Rules**

As the Supreme Court has emphasized, "procedural rules are essential to the protection of due process rights" (*Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). Due process demands not only procedural adherence but the assurance that no procedural shortcuts are taken to the detriment of an appellant's rights. The clerk's unauthorized stay of briefing, without judicial order, directly interferes with these protections, denying Appellant a fair opportunity to present arguments within an orderly and transparent process.

**7. Demand for Scrupulous Adherence to Procedural Rules or Retraction**

Appellant demands that any judicial directives regarding summary action be transparent and consistent with procedural standards. Adherence to procedural integrity is critical for the protection of due process rights.

**Appellant seeks the following judicial relief:**

1. **Retract the clerk's directive** to stay briefing and list the case for summary action;
2. **Reinstate Appellant's motion** to expedite the briefing schedule;
3. **Issue a judicial order** affirming the limits of clerical authority under FRAP 27 and LR 27; and
4. **Uphold a transparent, documented appellate process** that safeguards Appellant's rights.

Should these requests for relief be denied, Appellant reserves all rights to pursue additional remedies for any further interference with procedural and substantive due process.

---

## IV. CONCLUSION

**Appellant demands:**

1. Immediate retraction of the clerk's directive to stay briefing;
2. Reconsideration of Appellant's motion to expedite the briefing schedule;
3. Judicial clarification of clerical limits to prevent further procedural overreach;
4. Documentation of all substantive procedural actions by judicial order to uphold procedural integrity.

**Statement of Systemic Judicial Abuse**:

This procedural abuse mirrors the judicial misconduct encountered in the district court—the very basis of this appeal. The actions in this matter suggest an intent by judicial actors to evade substantive review and undermine procedural integrity. Appellant will not acquiesce to this disregard for due process. A fair appellate process is a fundamental right—one that must be upheld.

**Reservation of Rights**:

Appellant explicitly reserves all procedural and substantive rights, including the right to pursue further judicial review or remedies for any interference with Appellant's right to a fair and transparent appellate process. No argument, right, or position is waived, whether or not explicitly raised in this motion. Appellant reasserts these rights as fully reserved, regardless of how or when they are raised, and reserves the right to pursue all remedies available in law or equity should further procedural violations occur.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Suite F, 246
Ephrata, Pennsylvania
(717) 388-0163
reaganfive@protonmail.com

Date: October 31, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: October 31, 2024