IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |
|---|---|

**APPELLANT'S MOTION FOR JUDICIAL INTERVENTION TO REVOKE CLERK'S UNAUTHORIZED DIRECTIVE (DOC 11-1), REINSTATE MOTION FOR EXPEDITED BRIEFING, AND AWARD COMPENSATORY DAMAGES**

**I.     INTRODUCTION**

Appellant, Michael Miller, a pro se litigant, submits this motion directly to the Court's judicial panel—not in submission to the Clerk's directive—but to seek urgent corrective intervention. Appellant demands the revocation of the Clerk's unauthorized directives and the unilateral designation of this case for summary action, as these exceed clerical authority and infringe upon Appellant's right to a fair appellate process.

1

Appellant further demands compensation for the time, effort, and resources expended to address these unauthorized actions, necessary to rectify the burdens imposed and deter future misconduct.

The ongoing disregard for procedural and jurisdictional abuse in this case is unacceptable. Even a pro se litigant can see that the Clerk's actions would deny Appellant's appeal, conceal the district court's misdeeds, and aid in the continued evasion of accountability by the government respondents.

This Court must uphold procedural integrity to ensure that administrative boundaries are respected, particularly for those without legal representation. Therefore, Appellant demands compensation as both a remedy for these harms and a deterrent against future procedural misconduct.

## II. PROCEDURAL COMPLIANCE AND INTERFERENCE UNDER L.A.R. 4.1

Appellant's initial motion to expedite briefing was filed within the required 14-day period as specified under L.A.R. 4.1, fulfilling the timing requirement for expedited review. Judicial intervention is essential to reinstate the motion to expedite, correct these procedural obstructions, and uphold the standard requirements under L.A.R. 4.1.

## III. STATEMENT OF RELIEF SOUGHT

Appellant moves and demands that this Court:

1. **Revoke the Clerk's Unauthorized Actions**: Issue a judicial order vacating the Clerk's stay of the briefing schedule and unilateral designation of this case for summary action. This revocation is necessary to restore procedural transparency and protect Appellant's right to due process.

2. **Grant Appellant's Motion to Expedite the Briefing Schedule**: Reinstate Appellant's motion to expedite and establish an accelerated briefing schedule. The Clerk's administrative overreach has caused undue delays, and an expedited schedule is essential to prevent further harm to Appellant's case and address substantial constitutional questions without further delay.

3. **Clarify the Limits of Clerical Authority Under Local Rule 27 and FRAP**: Affirm that only a judicial panel may authorize substantive actions affecting case progression, including stays and summary designations. This order should specify that the Clerk's authority is strictly limited to ministerial, non-dispositive tasks and that any future actions impacting case proceedings require explicit judicial authorization.

4. **Award Compensatory Damages to Appellant**: Order compensatory damages to Appellant in the amount of **$4,000**, to be paid by the Court itself,

not the Respondents. This amount reflects the significant time, financial costs, and emotional distress imposed on Appellant due to the Clerk's unauthorized actions. Compensation is necessary to remedy the harm inflicted on Appellant and deter future procedural misconduct.

5. **Enforce Procedural Transparency for All Future Clerk Actions**: Require that any future procedural directives or actions taken by the Clerk that affect case progression be issued with clear judicial authorization and documented in the case record. This measure will ensure procedural transparency, uphold due process, and safeguard Appellant's rights, as well as the rights of all litigants, against unauthorized administrative interference.

6. **Ensure Comprehensive Judicial Review**: Direct that any consideration of summary disposition or dispositive actions involving this case receive full judicial review by a merits panel, allowing for comprehensive briefing and transparent examination of the issues at stake. Given the constitutional questions raised, summary action is inappropriate, and a full review is essential to uphold the integrity of the appellate process and due process protections.

## IV. GROUNDS FOR RELIEF

1. **Unauthorized Assumption of the Court's Authority**

The Clerk's actions extend beyond administrative support, usurping the Court's authority by unilaterally imposing a stay and suggesting summary action, contrary to the Court's rules. As established by Local Rule 27, substantive actions impacting case progression must originate from the Court, not the Clerk. Specifically, Local Appellate Rule 27.4 states:

"A <u>party</u> may move for summary action affirming, enforcing, vacating, remanding, modifying, setting aside or reversing a judgment, decree or order, alleging that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action. In addition, <u>the court</u> may sua sponte list a case for summary action."

Additionally, **Local Rule 27.4(b)** provides:

"Except for a change in circumstances or a change in law, <u>motions</u> for summary action or dismissal should be filed before appellant's brief is due. The court or the clerk may at any time refer a <u>motion</u> for summary action to a merits panel and direct that briefs be filed."

These rules clearly restrict the authority to designate a case for summary action to the Court, allowing the Clerk only to refer motions to a merits panel. The Clerk's actions, taken without judicial directive, directly violate these rules, infringing on

Appellant's rights and creating undue stress and financial burdens. There was no motion for summary action; the Court did not act sua sponte; and the Clerk lacks the authority from LR 27 to take such action. Furthermore, Appellant seeks compensatory relief to be awarded by the Court itself, not from the appellees.

2. **Procedural Integrity and Emotional Harm**

Each unauthorized action by the Clerk disrupts the course of justice, forcing Appellant to expend additional time and resources on issues that should not have arisen. Appellant has incurred financial costs and endured emotional strain due to repeated clerical overreach, which interferes with procedural rights and complicates the appellate process. In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court emphasized that due process must balance the private interest affected and the risk of erroneous deprivation, underscoring the importance of procedural integrity in administrative actions.

3. **Judicial Oversight Requirements under Local Rules 27.5 and 27.6**

Local Rules 27.5 and 27.6 underscore the necessity for judicial oversight:

- **27.5 Powers of Single Judge**: "A single judge of the court may not grant or deny a motion that the court has ordered to be acted on by the court or a panel thereof…"

- **27.6 Motions Decided by the Clerk**: "The clerk may entertain and dispose of any motion that can ordinarily be disposed of by a single judge of this court under the provisions of FRAP 27(c) and 3d Cir. L.A.R. 27.5, provided the subject of the motion is ministerial, relates to the preparation or printing of the appendix and briefs on appeal, or relates to calendar control."

These rules restrict the Clerk to ministerial tasks, reinforcing that substantive actions, such as stays or summary listings, require the Court's action. The Clerk's unilateral actions have imposed significant costs on Appellant in terms of time, money, and emotional well-being. The procedural protections highlighted in *Goldberg v. Kelly*, 397 U.S. 254 (1970), emphasize that individuals are entitled to a fair hearing, which is critical in this context.

4. **Demand for Accountability and Compensatory Damages**

Appellant demands that this Court establish a clear boundary between clerical and judicial authority, affirming that only a judicial panel may initiate actions affecting case progression. Appellant seeks compensatory damages from the court for the time and resources spent due to the Clerk's unauthorized actions, specifically 20 hours at $200/hour. This compensation will address the harm caused by these procedural abuses and deter future overreach.

5. **Objection to Summary Action Without Full Review**

Appellant objects to any attempt at summary disposition. The significant constitutional issues in this appeal warrant full briefing and transparent examination by the Court. Summary disposition without a proper hearing deprives Appellant of the fair appellate review that due process requires, as highlighted in both *Goldberg v. Kelly* and *Mathews v. Eldridge*.

## V. WHEREFORE

WHEREFORE, Appellant moves this Court to:

1. **Revoke the Clerk's Unauthorized Actions**: Issue a judicial order vacating the Clerk's directive that unilaterally stayed the case and designated it for summary action. Appellant's motion to expedite the establishment of a briefing schedule should be reinstated and properly considered by the Court without further administrative interference.

2. **Clarify the Clerk's Procedural Role**: Explicitly define "the Court" as a judicial panel with exclusive authority to initiate substantive case actions, affirming that clerical authority is limited to administrative and non-dispositive tasks.

3. **Enforce Procedural Integrity and Due Process Compliance**: Require that any future procedural actions affecting Appellant's case progression be

documented with a clear judicial directive.

4. **Award Compensatory Relief to Appellant**: Order compensation from the Court to Appellant for the time, expenses, and emotional distress resulting from these procedural abuses, in the amount of $4,000.

5. **Ensure Comprehensive Judicial Review**: Affirm Appellant's right to full briefing and transparent review, reinforcing the Court's commitment to due process in matters involving significant constitutional questions.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Suite F, 246
Ephrata, Pennsylvania
(717) 388-0163
reaganfive@protonmail.com

Date:  November 3, 2024

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Respondents. | Civ. No: 24-2934 |
|---|---|

**PROPOSED ORDER**

Upon consideration of Appellant Michael Miller's Motion for Judicial Intervention to Revoke Clerk's Unauthorized Directive, Reinstate a Fair Briefing Procedure, and Award Compensatory Damages, the Court finds that the procedural actions taken by the Clerk, as outlined in the Motion, were unauthorized and require judicial correction to uphold procedural integrity and due process. Accordingly, it is hereby ORDERED that:

1. **Revocation of Clerk's Unauthorized Actions**

   The Clerk's unilateral stay of proceedings and summary designation of this case are hereby VACATED. Appellant's motion to expedite the establishment of a briefing schedule is REINSTATED for proper judicial consideration by the Court, free from further administrative delay or

interference.

2. **Granting of Appellant's Motion to Expedite**

   Appellant's Motion to Expedite the Establishment of a Briefing Schedule is hereby GRANTED. The Clerk is directed to implement an expedited schedule as ordered by the Court, ensuring no additional administrative delays occur.

3. **Clarification of Clerical Authority**

   The Court hereby AFFIRMS that only a judicial panel has the authority to initiate substantive actions that affect case progression, including imposing stays or designating cases for summary action. The Clerk's role under LR 27 is limited to ministerial and administrative tasks.

4. **Award of Compensatory Damages**

   The Court orders compensatory relief to Appellant in the amount of $4,000, payable by the Court. This amount reflects the time, financial expenses, and emotional distress incurred by Appellant as a result of the Clerk's unauthorized administrative overreach.

5. **Procedural Transparency for Future Clerk Actions**

   The Court ORDERS that any future procedural actions taken by the Clerk that impact case progression must have the Court's authorization documented in the case record, ensuring procedural transparency and the

protection of due process rights.

6. **Comprehensive Judicial Review Requirement**

   In light of the significant constitutional questions raised, the Court REQUIRES that any consideration of summary disposition or other dispositive action in this case undergo comprehensive judicial review by a judicial panel, allowing for full briefing and transparent evaluation in alignment with due process protections.

It is so ORDERED.

**Date:** _____

**BY THE COURT:**

---

**[Judges' Signatures]**

United States Court of Appeals for the Third Circuit

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Michael Scarinci<br>Appellate Litigation Section<br>Pa. Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>(717) 857-2184<br>mscarinci@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163

Dated: November 3, 2024    reaganfive@protonmail.com