# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| **MICHAEL MILLER,**<br>　　　　　**Appellant**<br><br>　　　　　v.<br><br>**COUNTY OF LANCASTER,** *et al.*<br>　　　　　**Appellees** | No. 24-2934 |

## THE OFFICE OF OPEN RECORDS' WRITTEN STATEMENT IN SUPPORT OF SUMMARY ACTION AFFIRMING THE DISTRICT COURT'S ORDER

In accordance with this Court's order of October 29, 2024, the Office of Open Records ("OOR") hereby submits written argument in support of this Court summarily affirming the district court's order dismissing the complaint.

### STATEMENT OF THE CASE

Appellant Michael Miller (Plaintiff below), proceeding *pro se*, appeals from an order of the district court for the Middle District of Pennsylvania, dismissing his lawsuit against Defendants (now Appellees), the City of Lancaster ("the City") and OOR, without leave to amend, under Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction. Doc. 59 (R&R); Doc. 64.

Miller was a candidate for the Republican nomination for Pennsylvania State Senate, 36th District, during the 2022 primary election. Doc. 1, ¶13 (Complaint). After Miller's unsuccessful candidacy, he filed several different requests with the

City under Pennsylvania's Right-to-Know Law ("RTKL") to review, among other things, copies of mail-in ballots ("Request #1"), cast vote record report ("Request #2"), and copies of scanned images of ballots ("Request #3"), all related to the 2022 primary contest. Doc. 1, ¶¶ 23-24, 43, 55 (Complaint); *see* 65 P.S. § 67.101, *et seq*. Because the City did not give Miller full, unfettered access to these documents, he filed appeals to OOR, to the Commonwealth Court, to the Court of Common Pleas for Lancaster County, and filed a "Petition to Enforce a Final Determination," also in Common Pleas. Doc. 1, ¶¶ 28, 41, 45, 57, 65, 72. Miller's appeal to the Commonwealth Court remains pending. *See Miller v. Lancaster*, 595 C.D. 2023 (Pa. Cmwlth.).

Miller then commenced this action in federal court. Doc. 1. He asked the court to determine "the State's compliance" with a host of constitutional provisions (both state and federal), state statutes, and procedural rules. *Id.*, ¶¶ "VI", a-j. Specifically, Miller posed 23 questions the district court should answer. *Id.*, ¶¶ 74-96. Miller sought both declaratory and injunctive relief, such as declaring "the [City's] restraints" on the release of records invalid, and enjoining the City from enforcing those restraints. *Id.*, ¶¶ 97-107. As the basis for the district court's jurisdiction, Miller invoked the Declaratory Judgment Act ("DJA"), the civil rights jurisdictional statute, and the federal question jurisdictional statute. *Id.*, ¶ 1, citing 28 U.S.C. §§ 1331,

1343, 2101, 2202. Miller attached to his complaint 21 exhibits, spanning approximately 150 pages.

The City and OOR moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction, and under Fed.R.Civ.P. 12(b)(6), for failure to state a claim. Doc. 8, 16, 17, 21.

The matter was referred to a magistrate judge who, after considering the factors for whether a court should exercise discretion under the DJA, recommended granting the motions to dismiss under Rule 12(b)(1). Doc. 59 at 10-117. The magistrate judge explained that Miller's request "to intervene in state litigation involving the application and interpretation" of the RTKL was "antithetical to the standards governing the court's exercise of jurisdiction under the Declaratory Judgment Act." Doc. 59 at 10. Most significantly, the magistrate judge highlighted that the RTKL provided an "exclusive remedy"—an administrative appeal to OOR, and then judicial review in state court—and, therefore, the federal courts had repeatedly held that they lacked subject matter jurisdiction over RTKL claims. *Id.* at 13. It would be "uneconomical" and "vexatious" to permit Miller to "gratuitous[ly] interfere with the orderly and comprehensive disposition of state court litigation in a field where state law provides an exclusive remedy in state court." *Id.* at 16. Accordingly, the magistrate judge recommended that the district court decline to

3

exercise jurisdiction over Miller's suit. *Id.* at 17-18, citing *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014).

Miller filed objections to the magistrate judge's R&R, but the district court concluded that Miller raised only one specific objection—whether the matter was properly referred to the magistrate judge. The district court rejected that objection as it properly referred the matter to the magistrate judge for a R&R under 28 U.S.C. § 636(b)(1)(A), which does not require the parties' consent. Doc. 64 at 3. The remaining objections Miller raised, the court found, were not specific, as they did not address the magistrate judge's underlying reasons for dismissing Miller's suit. *Id.* at 3. As such, the court reviewed these general objections only for "clear error" or "manifest injustice" and, finding neither error nor injustice, adopted the R&R. *Id.* at 4-5.

## ARGUMENT

This Court reviews a district court's decision to decline jurisdiction under the DJA for an "abuse of discretion." *See Reifer*, 751 F.3d at 137. The district court abuses its discretion when its "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *EEOC v. City of Long Branch*, 866 F.3d 93, 97-98 (3d Cir. 2017).[1]

---

[1] The district court could properly consider the exhibits Miller attached to his complaint for purposes of deciding the Rule 12(b)(1) motion. *See U.S. ex rel.*

4

Initially, Miller has forfeited appellate review of the district court's decision declining jurisdiction over his suit. This is because Miller has not raised any argument specifically directed at the district court's decision. 3d Cir. Doc. 12; *see U.S. v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Instead, Miller merely objected to this Court's order directing the parties to address whether summary action is appropriate; he would prefer full briefing. *See* 3d Cir. Doc. 12; 3d Cir. LAR 27.4.

On the substance, the DJA provides that the federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Consequently, when a party is seeking relief under the DJA, a district court does not have a "strict duty to exercise" jurisdiction, as it does under other jurisdictional statutes. *See Reifer*, 751 F.3d at 134. Rather, whether a district court should exercise jurisdiction over a declaratory judgment action is committed to its sound discretion, and it "may abstain from entertaining an action seeking only declaratory relief." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017), citing *Reifer*, 751 F.3d at 134. Indeed, the United States Supreme Court has stated that a district court has "substantial" discretion under the DJA. *Wilton v. Seven*

---

*Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.2d 242, 251 (3d Cir. 2016).

5

*Falls Co.*, 515 U.S. 277, 286-87 (1995) (the statute gives a district court a "breadth of leeway").

In deciding whether to entertain a declaratory judgment action, this Court has directed the district courts "to weigh certain enumerated and other factors 'bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution.'" *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017), quoting *Reifer*, 751 F.3d at 138. A court should first determine whether there is a "parallel state proceeding." *Reifer*, 751 F.3d at 143, 146. "Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor that is treated with 'increased emphasis.'" *Kelly*, 868 F.3d at 282, quoting *Reifer*, 751 F.3d at 146. The existence of a parallel state proceeding "militates significantly in favor of declining jurisdiction." *Reifer*, 751 F.3d at 144-45.

A court should then weigh other, "non-exhaustive factors," "to the extent they are relevant." *Id* at 139, 146. When state parallel proceedings do exist (as here), a district court should only exercise jurisdiction after it rigorously assures itself that "the existence of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 144-45. Those other factors are as follows:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata

*DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4h 192, 196-97 (3d Cir. 20210, citing *Reifer*, 751 F.3d at 146.

Again, Miller advances no argument on any of these factors. Nevertheless, the district court certainly did not abuse its discretion in declining jurisdiction. Miller has "pending parallel state proceedings," including in the Commonwealth Court. Doc. 1, ¶¶ 28, 41, 45, 57, 65, 72; Doc. 59 at 12 (R&R); *Miller v. Lancaster*, 595 C.D. 2023 (Pa. Cmwlth.). Consequently, this significantly militated against the exercise of jurisdiction.

None of the other, relevant factors outweigh the fact that there are pending parallel state court proceedings. To the contrary, those other factors only further counsel in favor of declining jurisdiction. Most notably, there is no constitutional right to access government documents. *See Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978). The RTKL is a legislative grace. And, as the district court correctly stated,

7

the "exclusive remedy" under the RTKL is the disclosure of the requested record, done in accordance with the procedure detailed in that same law (appeal to OOR, and then state judicial review). *See* 65 P.S. §§ 67.1101, 67.1301, 67.1302; *see e.g. Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 903 A.2d 117, 127 n.6 (Pa. Cmwlth. 2006) (statutory remedy under RTKL precludes mandamus or declaratory relief); *Willison v. Kennedy Twp. Civil Serv. Comm'n*, 802 A.2d 22, 25 (Pa. Cmwlth. 2002) ("[a]n 'order for disclosure' of the public record is the exclusive remedy to a person denied the right of examination and inspection of public records"); *Sauers v. Lower Southampton Twp.*, 2016 WL 7319679, *4 (E.D. Pa. 2016) ("Pennsylvania law provides that Pennsylvania state courts are the exclusive forum for litigating Right-to-Know Law claims"). Because state law provides for the exclusive remedy and venue for a RTKL challenge, relevant factors, such as (1), (4), and (7), all weigh against the exercise of jurisdiction over Miller's federal declaratory judgment lawsuit.

Based on the foregoing, it would have been "uneconomical as well as vexatious for" the district court to proceed in this "declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *See Brillhart v. Excess Ins. Co. of Am.*, 316

U.S. 491, 495 (1942).[2] The district court rightly avoided such "[g]ratuitous interference with the orderly and comprehensive disposition of . . . state court litigation." *Id.* Miller's appeal does not present a substantial question as to the district court's discretionary decision declining jurisdiction pursuant to the DJA.

## Conclusion

The Court should summarily affirm the district court's order.

           Respectfully submitted,

           MICHELLE HENRY
           Attorney General

By:   /s/ Michael J. Scarinci
        ―――――――――――――――

           MICHAEL J. SCARINCI
           Senior Deputy Attorney General
           Bar No. 323816 (Pa.)

           SEAN A. KIRKPATRICK
           Chief Deputy Attorney General
           Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 857-2184
FAX:  (717) 772-4526

DATE: November 15, 2024

---

[2] There are other impediments to Miller's lawsuit, such as res judicata (as to those lawsuits that have already been adjudicated in state court), and potentially the *Rooker-Feldman* doctrine.

9

# CERTIFICATE OF SERVICE

I, Michael J. Scarinci, Senior Deputy Attorney General, do hereby certify that I caused this day to be served the foregoing **Written Statement in Support of Summary Affirmance** by electronic service on all CM/ECF users.

I further certify that I have served this same document by depositing a copy in the United States Mail, first-class, postage prepaid, addressed to the following non-Filing User(s):

Michael Miller
108 N Reading Road
Suite F, 246
Ephrata, PA 17522

*/s/ Michael J. Scarinci*
MICHAEL J. SCARINCI
Senior Deputy Attorney General

Date: November 15, 2024