IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>　　Appellant,<br><br><br>　　v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>　　Appellees. | Civ. No: 24-2934 |

**APPELLATE BRIEF**

# I.  **TABLE OF CONTENTS**

III.  JURISDICTION AND VENUE ............................................................ 1

   1.  Jurisdiction ............................................................................... 1

   2.  Venue .......................................................................................... 2

IV. INTRODUCTION ............................................................................. 2

V.  STATEMENT OF ISSUES PRESENTED FOR REVIEW ..................... 4

VI. STATEMENT OF THE CASE .............................................................. 8

VII. STANDARD OF REVIEW .................................................................. 11

   2.  Jurisdictional Misconduct .................................................. 11

   3.  Failure to Adjudicate a Well-Pleaded Complaint Standard: ............... 12

   4.  Procedural Abuses ................................................................ 13

   5.  Demonstration of Bias and Systemic Hostility Standard: ................... 14

   6.  Judicial Hostility and Procedural Obfuscation Standard: ................... 15

   7.  Judicial Immunity and Accountability Standard: .............................. 16

   VIII.     SUMMARY OF THE ARGUMENT ............................................. 18

IX. RESTATEMENT OF RIGHTS, OBJECTIONS, NON-WAIVER ....... 19

X.  ARGUMENT ..................................................................................... 21

   1.  Jurisdictional Misconduct .................................................. 21

2.   Failure To Adjudicate Well-Pleaded Complaint.................................24

3.   Procedural Abuses – Fairness…………..……………………….…..28

4.   Systemic Bias And The 18-0 Scorecard ...........................................32

5.   Procedural Fog And Judicial Hostility................................................37

6.   Judicial Immunity And Accountability...............................................42

XI.  DEMAND FOR RELIEF .......................................................................48

XII. CONCLUSION........................................................................................50

1.   Jurisdictional Misconduct: ..................................................................50

2.   Failure to Adjudicate a Well-Pleaded Complaint: .............................51

3.   Procedural Abuses:..............................................................................51

4.   Systemic Bias and Hostility: ..............................................................52

5.   Procedural Obfuscation and Judicial Hostility: .................................52

6.   Judicial Immunity and Accountability:...............................................52

XIII.     APPENDIX A: SCORECARD OF JUDICIAL DECISIONS ........56

XIV.     CERTIFICATE OF COMPLIANCE..............................................57

XVI.     CERTIFICATE OF SERVICE .......................................................58

# II. <u>TABLE OF AUTHORITIES</u>

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ..................................................... 13, 26

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..........................................26

Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 884 (2009) ................. 15, 35, 39

Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)......................................... 45, 49

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813

  (1976)..............................................................................................................40

Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)....................... 18, 23, 45, 52

Goney v. Clark, 749 F.2d 5 (3d Cir. 1984).............................................................37

Gonzalez v. United States, 553 U.S. 242, 254 (2008) ............................................16

Haines v. Kerner ............................................................................... passim

Haines v. Kerner, 404 U.S. 519 (1972) .......................................................... passim

Nieves v. Griffits_, Civil Action No. 4:21-CV-377 (M.D. Pa. Mar. 22, 2023) 19, 37

Pierson v. Ray, 386 U.S. 547 (1967) ......................................................................47

Scheuer v. Rhodes, 416 U.S. 232 (1974)............................................... 17, 23, 45, 55

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998)11, 22, 40 52

Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)..................................... 17, 44, 55

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984).........14

# III.   JURISDICTION AND VENUE

## 1.    JURISDICTION

### District Court's Jurisdiction

The district court had jurisdiction under:

- 28 U.S.C. § 1331, which grants jurisdiction over cases arising under federal law, as Appellant's claims are rooted in the First and Fourteenth Amendments.

- 28 U.S.C. § 1343(a)(3), which provides jurisdiction over civil rights actions, including constitutional challenges.

- 28 U.S.C. § 2201 (Declaratory Judgment Act), which empowers federal courts to issue declaratory judgments in cases of actual controversy arising under federal law.

- Article III, Section 2 of the U.S. Constitution, which extends the judicial power to cases arising under the Constitution, laws of the United States, and controversies to which the United States is a party.

### Appellate Jurisdiction

The United States Court of Appeals for the Third Circuit has jurisdiction under 28 U.S.C. § 1291, as the appeal is taken from a final decision of the district court.

**Timeliness of Appeal**

The district court entered its final judgment on September 30, 2024. Appellant filed a timely notice of appeal on October 14, 2024, in compliance with Federal Rule of Appellate Procedure 4(a).

2. **VENUE**

Venue was proper in the district court under 28 U.S.C. § 1391(b), as the actions giving rise to this litigation occurred within the territorial jurisdiction of the court.

---

## IV.   <u>INTRODUCTION</u>

**Executive Summary**

This appeal challenges the district court's dismissal of Appellant's constitutional claims, highlighting procedural abuses, jurisdictional misconduct, and systemic bias reflected in an 18-0 record of rulings against Appellant. This scorecard reflects the consistency of judicial decisions favoring government respondents and underscores the failure of impartiality and fairness in the district court's handling of the case.

**Purpose of the Brief**

This brief compiles and, where applicable, restates objections from the district court proceedings to preserve the issues for appellate review while separately rearguing certain points to clarify errors for the appellate court.

**Procedural Context**

Appellant raised numerous objections to procedural errors, jurisdictional deficiencies, and judicial misconduct in the district court. These objections were improperly addressed or ignored, necessitating appellate intervention.

**Filing Under Protest**

This brief is filed under protest, pursuant to procedural irregularities that include the Clerk's improper directive dated October 29, 2024 for summary disposition under Local Rule 27 over objection and just two weeks after Appellant filed appeal. Appellant filed timely motions and objections addressing this violation to the Court but received no response from the Court. This filing is made under protest and without waiving any rights or claims, as detailed in **Appeal Docs. 13–16**.

# V. STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. **Did the district court resolve the Rule 12(b)(1) motion to dismiss before issuing substantive rulings?**

   *Standard:* Jurisdictional challenges under Federal Rule of Civil Procedure (FRCP) 12(b)(1) must be resolved before the court proceeds to substantive or procedural actions (FRCP 12(h)(3); FRCP 1).

   *Argument Reference:* Argument 1: Jurisdictional Misconduct

2. **Did the district court improperly invoke abstention doctrines after exercising jurisdiction for nine months?**

   *Standard:* Abstention doctrines may not be invoked as a substitute for resolving jurisdictional defects (FRCP 12(b)(1); 28 U.S.C. § 1331).

   *Argument Reference:* Argument 1: Jurisdictional Misconduct

3. **Did the district court dismiss Appellant's well-pleaded complaint without properly applying FRCP 8(a)?**

   *Standard:* Complaints must include a short, plain statement showing entitlement to relief and must be construed liberally for pro se litigants (FRCP 8(a)(2); FRCP 1).

   *Argument Reference:* Argument 2: Failure to Adjudicate a Well-Pleaded Complaint

4. **Did the district court fail to apply the correct pleading standard when dismissing Appellant's constitutional claims under FRCP 12(b)(6)?**

*Standard:* A motion to dismiss may only be granted if the complaint fails to state a claim upon which relief can be granted (FRCP 12(b)(6)). Pro se pleadings must be liberally construed and evaluated for plausibility, not perfection (FRCP 1; FRCP 8(e)).

*Argument Reference:* Argument 2: Failure to Adjudicate a Well-Pleaded Complaint

5. **Did the district court abuse its discretion by setting aside OOR's default without "good cause"?**

*Standard:* Defaults may only be set aside for "good cause" under FRCP 55(c), which requires an assessment of prejudice, culpability, and merit of the defense (FRCP 55(c); FRCP 1).

*Argument Reference:* Argument 3: Procedural Abuses and Judicial Discretion

6. **Did the district court deny Appellant's motions without sufficient legal grounds?**

*Standard:* The Federal Rules of Civil Procedure require that rulings on motions reflect the application of legal standards and provide procedural fairness (FRCP 1; FRCP 16).

*Argument Reference:* Argument 3: Procedural Abuses and Judicial Discretion

7. **Did the district court's 18-0 record of rulings against Appellant demonstrate systemic judicial bias?**

   *Standard:* Judicial impartiality is required by Canon 2 of the Code of Conduct for United States Judges and by principles of fairness inherent in the Federal Rules of Civil Procedure (FRCP 1; Canon 3).

   *Argument Reference:* Argument 4: Systemic Bias and the 18-0 Scorecard

8. **Did the district court's procedural delays and inconsistent rulings prevent the fair adjudication of Appellant's claims?**

   *Standard:* Federal Rule of Civil Procedure 1 mandates the just, speedy, and inexpensive determination of all actions. Judges must avoid conduct that delays or obstructs justice (Canon 3; 28 U.S.C. § 351).

   *Argument Reference:* Argument 5: Procedural Obfuscation and Judicial Hostility

9. **Did the district court fail to conduct de novo review of Appellant's objections under FRCP 72(b)?**

   *Standard:* Specific objections to a magistrate judge's recommendations require de novo review by the district court (FRCP 72(b); 28 U.S.C. §

636(b)(1)(C)).

*Argument Reference:* Argument 5: Procedural Obfuscation and Judicial Hostility

10. **Did Judges Carlson and Wilson act outside their jurisdiction, rendering their actions ultra vires and void?**

*Standard:* Judges lose immunity when acting outside their jurisdiction or in a non-judicial capacity (28 U.S.C. § 1331; FRCP 12(h)(3); Canon 2).

*Argument Reference:* Argument 6: Judicial Immunity and Accountability

11. **Are compensatory damages warranted for harm caused by judicial misconduct and ultra vires actions?**

*Standard:* Litigants are entitled to damages for harm caused by judicial actions taken without jurisdiction or contrary to statutory duties (42 U.S.C. § 1983; 28 U.S.C. § 1343).

*Argument Reference:* Argument 6: Judicial Immunity and Accountability

# VI.  <u>STATEMENT OF THE CASE</u>

This appeal arises from a pro se civil rights action brought under federal question jurisdiction, alleging violations of the First and Fourteenth Amendments. Appellant filed a Petition for Declaratory Judgment and Constitutional Challenge, seeking relief against state and county respondents for violations of free speech, due process, and equal protection rights. Despite presenting a well-pleaded complaint, Appellant faced procedural delays, selective rulings, and judicial hostility that resulted in dismissal without adjudication on the merits.

The district court exercised jurisdiction for nine months, issuing substantive and procedural rulings before dismissing the case under FRCP 12(b)(1) and 12(b)(6) and invoking abstention doctrines. This sequence created a jurisdictional paradox: either the court acted without jurisdiction or misused its jurisdiction, both to Appellant's detriment. The court failed to promptly resolve jurisdictional challenges, violating its obligation to address such issues before taking substantive or procedural actions.

Key procedural errors include:

1. **Failure to Provide De Novo Review**: The district court dismissed Appellant's specific objections as "generalized," contrary to the requirements of FRCP 72(b).

2. **Improper Setting Aside of Default**: The court set aside a default against one respondent without demonstrating "good cause" under FRCP 55(c).

3. **Unexplained Denial of Motions**: Appellant's motions were denied without explanation, while the court entertained baseless sanctions motions by respondents.

The procedural history reflects a pattern of systemic bias and disregard for procedural safeguards owed to pro se litigants. The district court exercised jurisdiction for nine months—issuing substantive and procedural rulings—before invoking abstention doctrines and dismissing the case under FRCP 12(b)(1) and 12(b)(6). This sequence created a jurisdictional paradox, as the court either acted without jurisdiction or misused its jurisdiction to the detriment of Appellant. Notably, the court failed to resolve jurisdictional challenges promptly, violating its obligation to address jurisdictional issues before substantive or procedural actions. The district court's unbroken 18-0 scorecard **(Appendix A)**, with no decisions favoring Appellant, is a testament to the systemic hostility and lack of impartiality that permeated the case.

Appellant's significant constitutional claims, rooted in the First and Fourteenth Amendments, remain unadjudicated. The court's failure to provide the fairness and leniency required for pro se litigants under binding precedent,

including *Haines v. Kerner*, 404 U.S. 519 (1972), further deprived Appellant of a meaningful opportunity to litigate.

This appeal seeks to address the district court's errors, including:

1. **Jurisdictional Misconduct**: Failure to resolve jurisdictional issues promptly and improper reliance on abstention doctrines.

2. **Misapplication of Procedural Rules**: Including errors under FRCP 12(b)(1), 12(b)(6), 55(c), and 72(b).

3. **Demonstrated Bias**: Evidenced by the court's systemic hostility and unbroken record of rulings favoring respondents.

Appellant requests this Court to vacate void and procedurally flawed orders, reinstate the Petition, and remand the case for adjudication under an impartial judge. Additionally, Appellant seeks compensatory relief for harm caused by judicial misconduct and urges this Court to restore procedural fairness, uphold constitutional rights, and protect the integrity of the judicial process.

# VII. STANDARD OF REVIEW

The appellate review of this case is governed by established principles that ensure judicial accountability, adherence to procedural rules, and protection of constitutional rights. The following standards apply to the alleged errors, underscoring the appellate court's duty to rigorously apply these standards.

---

## 2. JURISDICTIONAL MISCONDUCT

**Standard:**

- Jurisdictional findings under Federal Rule of Civil Procedure (FRCP) 12(b)(1) are reviewed de novo, as they involve questions of law. The appellate court must resolve jurisdictional questions independently, without deference to the district court's conclusions.

**Authority:**

- *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998): Jurisdiction is a threshold issue that must be resolved before substantive or procedural rulings.

- Federal Rule of Appellate Procedure (FRAP) 28(a): Appellants may raise jurisdictional defects at any stage of the proceedings.

**Application:**

The appellate court must independently determine whether the district court improperly exercised jurisdiction for nine months before abstaining and dismissing the case. Actions taken without jurisdiction, such as procedural rulings and dismissals, are void.

---

3.     **FAILURE TO ADJUDICATE A WELL-PLEADED COMPLAINT STANDARD:**

- Dismissals under FRCP 12(b)(6) are reviewed de novo. The appellate court evaluates whether the complaint states a plausible claim for relief, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff.

- Courts must provide leniency to pro se litigants, construing pleadings liberally to ensure fairness.

**Authority:**

- FRCP 12(b)(6): Establishes the standard for dismissing claims that fail to state a plausible legal claim.

- *Haines v. Kerner*, 404 U.S. 519 (1972): Pro se litigants are held to less stringent standards than attorneys.

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009): Requires a "plausible claim for relief," not an "unrealistic or overly detailed" one.

**Application:**

The appellate court must determine whether the district court erroneously dismissed Appellant's well-pleaded constitutional claims. Failure to liberally construe Appellant's pleadings or to apply the correct plausibility standard requires reversal.

---

## 4.     PROCEDURAL ABUSES

**Standard:**

- Procedural rulings, such as granting extensions or setting aside defaults, are reviewed for abuse of discretion. However, procedural rulings made without proper jurisdiction are reviewed de novo, as they are void ab initio.

- Courts must secure fairness and avoid arbitrary or biased procedural decisions under FRCP 1.

**Authority:**

- FRCP 55(c): Requires "good cause" for setting aside defaults.

- *United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984)*: Establishes criteria for setting aside defaults.

- Judicial Canons 2 and 3: Require impartiality, diligence, and avoidance of impropriety in judicial actions.

**Application:**

The appellate court must evaluate whether the district court abused its discretion by selectively applying procedural rules to favor respondents, including setting aside OOR's default without good cause, denying Appellant's motions without sufficient grounds, and mismanaging venue issue.

---

## 5.     DEMONSTRATION OF BIAS AND SYSTEMIC HOSTILITY

**STANDARD:**

- Claims of judicial bias are reviewed de novo. The appellate court must determine whether the record demonstrates actual bias or an appearance of bias that undermines public confidence in the judiciary.

- Structural errors or systemic bias are reversible per se, as they violate constitutional guarantees of impartiality.

**Authority:**

- Canon 2, Code of Conduct for United States Judges: Judges must avoid impropriety and the appearance of impropriety.

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009): Bias or the appearance of bias erodes judicial legitimacy.

- *Haines v. Kerner*, 404 U.S. 519 (1972): Pro se litigants must be treated fairly to protect their rights.

**Application:**

The appellate court must assess the district court's 18-0 record of rulings against Appellant as evidence of systemic hostility and bias. Such a record demands reassignment to an impartial judge on remand.

---

6. **JUDICIAL HOSTILITY AND PROCEDURAL OBFUSCATION STANDARD:**

- Procedural irregularities, such as prolonged delays and inconsistent rulings, are reviewed for abuse of discretion. However, when such actions create systemic bias or undermine constitutional claims, de novo review is warranted.

- Failure to conduct de novo review of objections under FRCP 72(b) constitutes reversible error.

**Authority:**

- FRCP 72(b): Requires district courts to conduct de novo review of objections to magistrate recommendations.

- *Gonzalez v. United States*, 553 U.S. 242, 254 (2008): Appellate courts review structural errors without deference to the district court.

**Application:**

The appellate court must determine whether the district court's selective enforcement of procedural rules and reliance on pretextual abstention doctrines denied Appellant a fair opportunity to litigate claims.

---

## 7.    JUDICIAL IMMUNITY AND ACCOUNTABILITY STANDARD:

- Questions of judicial immunity are reviewed de novo. Judges lose immunity for actions taken in the clear absence of jurisdiction or in violation of constitutional rights.

- Orders issued without jurisdiction are void and must be vacated.

**Authority:**

- *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978): Judicial immunity applies only when judges act within their jurisdiction and judicial capacity.

- *Scheuer v. Rhodes*, 416 U.S. 232 (1974): Judges acting as trespassers of the law lose immunity.

- *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868): Orders without jurisdiction are void.

**Application:**

The appellate court must evaluate whether Judges Carlson and Wilson acted beyond their jurisdiction, rendering their actions ultra vires and void. This includes rulings on sanctions, procedural extensions, and dismissals.

---

**Conclusion on Standards of Review**

Each of Appellant's claims is subject to rigorous standards that limit judicial discretion and protect procedural and constitutional rights. When these standards are misapplied, appellate courts must reverse or vacate the affected rulings to restore fairness and integrity to the judicial process.

# VIII. SUMMARY OF THE ARGUMENT

The district court violated procedural fairness, jurisdictional clarity, and judicial impartiality. Appellant's constitutional claims were dismissed in disregard of binding legal standards, requiring reversal.

**Argument 1:** The court improperly exercised jurisdiction for nine months before abstaining and sustaining 12(b)(1), violating the requirement to resolve jurisdictional issues first. All rulings made without jurisdiction are void.

**Argument 2:** The dismissal under FRCP 12(b)(6) failed to apply the well-pleaded complaint rule and required leniency for pro se litigants, demanding reinstatement of the Petition.

**Argument 3:** Procedural abuses, including setting aside OOR's default without "good cause" and denying Appellant's motions, deprived Appellant of a fair process.

**Argument 4:** The district court's 18-0 record of rulings against Appellant demonstrates systemic bias, requiring reassignment to an impartial judge.

**Argument 5:** Procedural delays, selective rule enforcement, and pretextual abstention created a procedural fog that obstructed fair adjudication of Appellant's claims.

**Argument 6:** Judges Carlson and Wilson exceeded their jurisdiction, rendering their actions ultra vires. Compensatory relief is warranted for harm caused by judicial misconduct.

Each failure demonstrates a breach of the applicable standards of review, necessitating vacatur of flawed orders, reinstatement of the Petition, reassignment to an impartial judge, and supervisory guidance to ensure procedural fairness.

---

# IX.   RESTATEMENT OF RIGHTS, OBJECTIONS, AND NON-WAIVER

## Restatement of Rights, Objections, and Non-Waiver

Appellant reiterates that all rights, claims, and objections have been preserved throughout the proceedings. This appeal explicitly restates objections raised below and asserts that none have been waived. The record demonstrates a coordinated

effort to assail Appellant's ability to sustain his claims and objections through procedural attacks by both the judges and OOR's counsel, the Attorney General's office, as evidenced in Docs. 49, 52, 55, 64, and Docs. 11-1 and 17 in the appeal record.

## Preservation of Rights and Claims

By explicitly restating objections as raised below, Appellant ensures that no issue is waived on appeal. This approach:

- Aligns with FRCP 72(b) and appellate procedure, ensuring that objections are properly preserved for review.

- Rebuts procedural mischaracterizations and attacks from respondents and the district court.

- Reinforces that the dismissal of objections constitutes reversible error.

## Demand for Findings of Fact and Conclusions of Law

To the extent that this Court agrees with the district court's rulings or the respondents' arguments concerning dismissal (Doc. 64), Appellant demands findings of fact and conclusions of law under FRCP 52(a). Such findings are essential to comply with due process and to create a clear record for potential further review.

# X. <u>ARGUMENT</u>

## 1.     JURISDICTIONAL MISCONDUCT – A PROCEDURAL PARADOX

The district court's prolonged exercise of jurisdiction, followed by an abrupt abstention and dismissal under FRCP 12(b)(1), created a jurisdictional paradox that rendered its orders void and prejudiced Appellant. This failure violates FRCP 12(b)(1), principles established in *Steel Co. v. Citizens for a Better Environment*, and the foundational requirement that jurisdictional authority be resolved at the outset.

---

**Rule**:

1. **Federal Rules of Civil Procedure**:

   o **FRCP 12(b)(1)**: A motion to dismiss for lack of subject matter jurisdiction must be resolved before any substantive or procedural actions.

   o **FRCP 1**: Rules should secure the just, speedy, and inexpensive determination of every action.

2. **Federal Case Law**:

- *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-94 (1998): Jurisdiction must be resolved before addressing substantive or procedural matters.

- *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868): Actions taken without jurisdiction are void.

- *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974): Judges acting beyond their jurisdiction lose immunity, and their rulings are void.

---

**Supporting Objections Below**:

1. **Delays in Resolving 12(b)(1)**:

   - **Doc. 63**: Appellant objected to the court's delay in ruling on 12(b)(1) motions, emphasizing the necessity of resolving jurisdiction before engaging in procedural rulings.

2. **Abstention Post-Jurisdictional Engagement**:

   - **Doc. 60**: Appellant challenged the magistrate judge's recommendation to abstain and sustain 12(b)(1) after nine months of jurisdictional engagement, highlighting the inconsistency and prejudice caused.

---

**Application**:

The district court violated FRCP 12(b)(1) and *Steel Co.* by engaging in substantive and procedural actions for nine months without resolving the 12(b)(1) motion. These actions included:

- Issuing procedural extensions favoring respondents (Doc. 34).

- Entertaining baseless sanctions motions (Doc. 48-1, Doc. 51) while delaying Appellant's cross-motions (Doc. 53).

By later invoking abstention doctrines to dismiss the case, the court created a jurisdictional paradox:

1. If the court had jurisdiction, its exercise of abstention was improper, as the case required resolution on the merits.

2. If the court lacked jurisdiction, all prior actions—including procedural rulings—are void under *Ex parte McCardle*.

This sequence prejudiced Appellant by:

- Denying timely adjudication of constitutional claims raised in Doc. 1 (Petition).

- Creating procedural chaos that shielded respondents from accountability while disadvantaging a pro se litigant.

**Conclusion**:

The district court failed the standard required under FRCP 12(b)(1) and *Steel Co.*.

This failure renders its actions reversible per se. Relief should include:

1. Vacating all orders tainted by jurisdictional misconduct.

2. Reversing the 12(b)(1) dismissal.

3. Remanding for adjudication on the merits under supervisory guidance that prioritizes resolving jurisdiction before substantive actions.

---

## 2. FAILURE TO ADJUDICATE A WELL-PLEADED COMPLAINT – A PROCEDURAL MISSTEP

The district court improperly dismissed Appellant's well-pleaded complaint under FRCP 12(b)(6), failing to apply the correct standard and disregarding the deference owed to pro se litigants. This dismissal contravened procedural rules requiring courts to assume the truth of factual allegations and provide a fair opportunity for claims to proceed.

---

**Rule**:

1. **Federal Rules of Civil Procedure**:

- FRCP 12(b)(6): A complaint may only be dismissed if it fails to state a claim upon which relief can be granted. Courts must assume the truth of factual allegations and construe them in the light most favorable to the plaintiff.

- FRCP 8(a)(2): A pleading must contain a short and plain statement of the claim showing entitlement to relief.

2. **Federal Case Law**:

- *Haines v. Kerner*, 404 U.S. 519 (1972): Pro se complaints are held to less stringent standards than those drafted by lawyers. Courts must liberally construe such pleadings to ensure fairness.

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007): A complaint must allege enough facts to state a claim that is plausible on its face.

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009): Plausibility under FRCP 12(b)(6) requires more than conclusory statements but does not demand detailed factual allegations.

---

**Supporting Objections Below**:

1. **Dismissal Without Addressing Merits**:

- **Docs. 24, 28, 60**: Appellant objected to the dismissal of the Petition under 12(b)(6), arguing that the court failed to consider the well-pleaded allegations and misapplied the standard of review.

2. **Lack of Deference to Pro Se Status**:

   - **Doc. 40**: Appellant objected to the court's failure to afford leniency to his pro se filings, as required under *Haines v. Kerner*.

---

**Application:**

The district court violated FRCP 12(b)(6) and *Haines* by failing to adjudicate Appellant's well-pleaded claims according to the proper legal standard:

1. **Procedural Deficiency**:

   - The court dismissed Appellant's claims without assuming the truth of his factual allegations, contrary to FRCP 12(b)(6) and *Twombly*. For example:

     - Appellant alleged specific constitutional violations related to public access and free speech in **Doc. 1 (Petition)**, but these were summarily dismissed without sufficient grounds in **Doc. 64**.

- The court failed to explain why Appellant's allegations did not meet the plausibility standard under FRCP 8(a)(2).

2. **Failure to Provide Pro Se Leniency**:

   o The court disregarded the leniency required under *Haines*, as evident in its dismissal of Appellant's procedural objections in **Doc. 40**. Instead of construing Appellant's filings liberally, the court dismissed them as incoherent, undermining Appellant's ability to assert his claims effectively.

3. **Prejudice to Appellant**:

   o The court's improper dismissal precluded Appellant from litigating substantive constitutional claims. This prejudiced his right to due process and equal protection under the law.

---

**Conclusion:**

The district court failed to apply the proper leniency for pro se litigants under *Haines v. Kerner* and misapplied the plausibility standard under FRCP 12(b)(6) and *Iqbal*. Its dismissal of Appellant's well-pleaded complaint is reversible per se. Relief should include:

1. Reversing the dismissal under 12(b)(6).

2. Reinstating the Petition for proper adjudication on the merits.

3. Issuing supervisory guidance to emphasize the leniency owed to pro se litigants and the proper application of the plausibility standard under FRCP 12(b)(6).

---

### 3. PROCEDURAL ABUSES – DENIAL OF FUNDAMENTAL FAIRNESS

The district court's selective application of procedural rules—setting aside OOR's default without "good cause," denying Appellant's motions without explanation, entertaining baseless sanctions motions, and mishandling venue considerations—demonstrates a disregard for Appellant's procedural rights and the integrity of the Federal Rules of Civil Procedure.

---

**Rule**:

1. **Federal Rules of Civil Procedure**:

   o **FRCP 55(c)**: Defaults may only be set aside for "good cause," requiring evidence of excusable neglect and no prejudice to the opposing party.

- o **FRCP 72(b)**: A district court must conduct de novo review of specific objections to a magistrate judge's recommendations.

- o **FRCP 1**: The rules must be construed to secure the just, speedy, and inexpensive determination of every action.

- o **28 U.S.C. § 1406(a)**: Courts may dismiss or transfer cases filed in the wrong venue to cure defects but must do so in the interest of justice.

2. **Judicial Conduct**:

- o **Canon 3, Code of Conduct for United States Judges**: Judges must diligently and impartially perform their duties to ensure procedural fairness.

---

**Supporting Objections Below**:

1. **Improper Setting Aside of Default**:

- o **Docs. 14, 25, 40**: Appellant objected to the court's decision to set aside OOR's default without requiring "good cause" under FRCP 55(c), emphasizing that OOR's failure to respond was inexcusable and prejudiced Appellant.

2. **Denial of Procedural Motions**:

- o **Doc. 20**: The court denied Appellant's motion for default judgment without explanation, ignoring OOR's procedural failure.

- o **Doc. 29**: Appellant's motion to strike was denied without addressing its merits, depriving him of procedural relief.

- o **Doc. 45, 46**: The court denied Appellant's motions to comply with LR 16.4 (conference request) and FRCP 55 (fact-finding on default), undermining Appellant's ability to present his case.

3. **Venue Mismanagement**:

- o **Docs. 42, 60**: Appellant objected to the court's sua sponte decision to transfer venue, arguing that the court failed to properly evaluate the statutory requirements under 28 U.S.C. § 1406(a).

---

**Application**:

The district court's actions violated procedural rules and created systemic prejudice against Appellant:

1. **Improper Setting Aside of Default**:

- o **FRCP 55(c)** requires "good cause" to set aside a default, including a showing of excusable neglect and no prejudice to the opposing party. OOR failed to meet this standard, as it provided no valid excuse for its

default. Appellant raised this objection in **Docs. 10, 25, 40**, but the court summarily granted OOR's motion without sufficient analysis.

2. **Denial of Procedural Motions**:

   ○ Appellant's motions for default judgment (**Doc. 20**), to strike (**Doc. 29**), and for procedural compliance (**Docs. 45, 46**) were denied without explanation, contrary to the requirements of FRCP 1 and FRCP 55. This selective enforcement of rules disadvantaged Appellant and violated his right to a fair process.

3. **Venue Mismanagement**:

   ○ The court improperly raised the issue of venue sua sponte and transferred the case without adequate justification under 28 U.S.C. § 1406(a). Appellant objected in **Docs. 42, 60**, but the court failed to demonstrate how the transfer served the interest of justice, leaving Appellant to restart proceedings in a new forum.

4. **Systemic Prejudice and Bias**:

   ○ The court's consistent denials of Appellant's motions, contrasted with its favorable treatment of respondents' procedural requests, reflect systemic bias and disregard for judicial impartiality under Canon 3.

**Conclusion**:

The district court abused its discretion by failing to enforce FRCP 55(c) when it set aside OOR's default without "good cause" and by selectively applying procedural rules in violation of FRCP 1. The district court's procedural abuses, including improper default handling, denial of Appellant's motions, and venue mismanagement, constitute reversible errors. Relief should include:

1. Vacating all orders tainted by procedural abuses, including the order setting aside OOR's default and rulings denying Appellant's motions.

2. Issuing supervisory guidance to clarify proper handling of defaults, sanctions motions, and venue considerations to ensure procedural fairness for pro se litigants.

3. Reassigning the case to an impartial judge to prevent further bias or hostility in future proceedings.

## 4.    SYSTEMIC BIAS AND THE 18-0 SCORECARD

The district court's unbroken record of 18 rulings in favor of government respondents against Appellant demonstrates systemic bias, a failure of impartiality, and a disregard for Appellant's constitutional rights as a pro se litigant.

**Rule**:

1. **Judicial Conduct**:

   o *Canon 2, Code of Conduct for United States Judges*: Judges must avoid impropriety and the appearance of impropriety in all activities.

   o *Canon 3*: Judges must diligently and impartially perform the duties of their office.

2. **Federal Rules of Civil Procedure**:

   o *FRCP 1*: Rules must secure the just, speedy, and inexpensive determination of every action.

   o *FRCP 72(b)*: A district court must conduct de novo review of specific objections to a magistrate judge's recommendations.

3. **Precedent on Impartiality and Fairness**:

   o *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009): Bias or the appearance of bias undermines public confidence in the judiciary.

   o *Haines v. Kerner*, 404 U.S. 519 (1972): Courts must provide procedural leniency and fairness to pro se litigants.

**Supporting Objections Below**:

1. **Systemic Bias Demonstrated by 18-0 Record**:

- Docs. 25, 40, 52, 53, 60, 63: Appellant objected to the district court's consistent rulings against him, highlighting the procedural and substantive errors in favor of the government respondents.

2. **Failure to Conduct De Novo Review**:

  - Docs. 52, 60: Appellant objected to Judge Wilson's refusal to conduct a de novo review of his objections to the magistrate judge's recommendations under *FRCP 72(b)*.

  - Doc. 52, 60: Appellant cited procedural hostility when the court dismissed objections as "generalized," failing to provide substantive consideration.

3. **Selective Application of Procedural Rules**:

  - Docs. 14, 20, 40, 48-1, 51, 55, 63: Appellant objected to the court's selective application of rules, including setting aside OOR's default, granting respondents' motions for extensions, and summarily denying Appellant's motions.

**Application**:

1. **The 18-0 Scorecard**:

- The district court ruled in favor of respondents in all 18 substantive and procedural decisions, as evidenced by the detailed scorecard below and in **Appendix A**.

**Summary of Key Decisions Favoring Government Respondents**:

- **Decision #1**: County's Motion to Dismiss (12(b)(1) & 12(b)(6)) – Granted

- **Decision #2**: OOR's Motion for Extension to Respond – Granted

- **Decision #7**: Judge Wilson Denies De Novo Review of Pro Se Objections – Denied

This pattern reflects systemic bias, particularly against a pro se litigant, who is entitled to procedural leniency under *Haines v. Kerner*. By failing to balance procedural fairness, the court eroded public confidence in its impartiality, violating *Canons 2 and 3*.

2. **Failure to Review Objections De Novo**:

- Judge Wilson dismissed Appellant's objections as "generalized" under *Goney v. Clark*, but the objections were specific and pointed to clear procedural and legal errors (Docs. 40, 60).

- In contrast, other district courts in the Third Circuit, such as the Middle District court in *Nieves v. Griffits*, showed deference to pro se

litigants by conducting de novo review. The court's refusal to do so here underscores its systemic hostility. (Doc. 55, 64)

3. **Selective Rule Application**:

   - The court selectively applied procedural rules, granting respondents procedural relief while denying Appellant the same consideration (Docs. 20, 25, 30, 39, 40, 42, 44, 45, 46, 53, 55, 60).

   - The court entertained baseless sanctions motions by government respondents for five months, allowing government retaliation and coercion, further demonstrating bias.

**Conclusion**:

The district court's systemic bias, evidenced by the 18-0 scorecard and selective procedural rulings, demands appellate intervention. Relief should include:

1. **Reassignment to an Impartial District Court Judge**: Reassign the case to an impartial district court judge to ensure fairness and impartiality in future proceedings.

2. **Supervisory Guidance**: Issue guidance to address systemic bias against pro se litigants and ensure adherence to *Canons 2 and 3*.

3. **Judicial Ethics Review**: Refer Judges Carlson and Wilson for investigation under 28 U.S.C. § 351 to address systemic hostility and procedural misconduct in this case.

---

## 5. PROCEDURAL FOG AND JUDICIAL HOSTILITY

The district court's inconsistent rulings, prolonged delays, and pretextual invocation of abstention created a procedural fog that shielded respondents from accountability and denied Appellant a substantive adjudication of constitutional claims. Coupled with systemic hostility, these actions undermined judicial impartiality and fairness.

---

**Rule**:

1. **Judicial Impartiality and Hostility**:

   o **Canon 2, Code of Conduct for United States Judges**: Judges must avoid impropriety and the appearance of impropriety in all activities.

   o **Canon 3**: Judges must diligently and impartially perform the duties of their office.

- ***Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 884 (2009)***: Bias or the appearance of bias erodes public confidence in the judiciary.

2. **Federal Rules of Civil Procedure**:

   - **FRCP 1**: Rules must secure the just, speedy, and inexpensive determination of every action.

   - **FRCP 72(b)**: A district court must conduct de novo review of specific objections to a magistrate judge's recommendations.

3. **Abstention Doctrines and Jurisdictional Clarity**:

   - ***Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-94 (1998)***: Jurisdiction must be resolved before addressing substantive or procedural matters.

   - ***Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)***: Federal courts have a "virtually unflagging obligation" to exercise jurisdiction.

---

**Supporting Objections Below**:

1. **Prolonged Jurisdictional Engagement**:

- o **Docs. 39, 44, 63**: Appellant objected to the court's extended delay in resolving Rule 12(b)(1) motions while actively exercising jurisdiction, issuing procedural orders, and entertaining sanctions motions (**Docs. 48-1, 51**).

2. **Pretextual Invocation of Abstention**:

   - o **Doc. 60**: Appellant objected to the magistrate judge's recommendation to abstain after nine months of jurisdictional engagement, which contradicted *Steel Co.* and caused procedural confusion.

3. **Selective Application of Procedural Rules**:

   - o **Docs. 40, 55, 59, 60, 64**: Appellant objected to the court granting respondents' motions for extensions and dismissals while summarily denying Appellant's motions without substantive review.

4. **Failure to Conduct De Novo Review**:

   - o **Docs. 40, 60**: Appellant objected to the court's failure to conduct de novo review of objections under FRCP 72(b).

---

**Application**:

1. **Procedural Fog and Jurisdictional Paradox**:

   o The district court engaged in substantive and procedural actions for nine months, including issuing procedural rulings and entertaining motions, before sustaining Rule 12(b)(1). This creates a paradox: the court either acted without jurisdiction, rendering its actions void, or misused its jurisdiction in a manner prejudicial to Appellant.

   o The invocation of abstention doctrines after prolonged jurisdictional engagement compounded procedural confusion and evading the constitutional claims at issue.

2. **Hostility Toward Pro Se Litigant**:

   o The court's selective application of procedural rules favored respondents at every stage while disadvantaging Appellant:

   ▪ Granting respondents' extensions (**Doc. 34**) while summarily denying Appellant's procedural motions (**Docs. 20, 40, 45, 55**).

   ▪ Entertaining baseless sanctions motions by respondents (**Docs. 48-1, 51**) while refusing to rule on Appellant's cross-motion (**Doc. 53**).

   o The court dismissed Appellant's specific objections under FRCP 72(b) as "generalized," contrary to its duty of de novo review, and failed to

address the detailed legal errors identified in Appellant's objections (**Docs. 40, 52, 55**).

3. **Evident Hostility in Record**:

o The unbroken pattern of adverse rulings against Appellant, including procedural and substantive decisions, reflects systemic hostility. The 18-0 Scorecard presented in Argument 4 corroborates this pattern, demonstrating the court's consistent bias.

---

**Conclusion**:

The district court's procedural fog and hostility toward Appellant, as evidenced by inconsistent rulings, jurisdictional paradoxes, and systemic bias, necessitate appellate intervention. Relief should include:

1. **Vacatur of Flawed Orders**: Reverse the district court's orders, including the 12(b)(1) dismissal, abstention ruling, and denials of Appellant's motions.

2. **Reassignment to an Impartial Judge**: Ensure future proceedings are conducted fairly, free of bias or hostility.

3. **Supervisory Guidance**: Issue guidance to address structural bias against pro se litigants, emphasizing adherence to FRCP 1 and Canons 2 and 3 of the Code of Conduct for United States Judges.

4. **Judicial Ethics Review**: Investigate systemic hostility and procedural misconduct under 28 U.S.C. § 351 to restore public confidence in judicial impartiality.

---

## 6. JUDICIAL IMMUNITY AND ACCOUNTABILITY

Judges Carlson and Wilson acted beyond their judicial authority by engaging in ultra vires conduct, including prolonged jurisdictional engagement, procedural rulings without legal foundation, and dismissals that violated Appellant's constitutional rights. These actions strip them of judicial immunity and require accountability under federal law.

---

**Rule**:

1. **Judicial Immunity**:

   o **FRCP 12(b)(1)**: Jurisdictional authority must be resolved before any judicial action is taken.

   o ***Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)***: Judicial immunity applies only to acts within a judge's jurisdiction and judicial capacity.

- *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)*: Judges acting as trespassers of the law lose immunity, rendering their actions void.

- *Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)*: Orders issued without jurisdiction are void.

2. **Accountability for Misconduct**:

- **Canon 3, Code of Conduct for United States Judges**: Judges must diligently and impartially perform their duties, ensuring adherence to the rule of law.

- *Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)*: Courts may impose costs and sanctions for procedural abuses.

3. **Constitutional Liability**:

- **42 U.S.C. § 1983**: Officials acting under color of law may be held personally liable for constitutional violations.

---

**Supporting Objections Below**:

1. **Prolonged Jurisdictional Engagement Without Authority**:

- o **Doc. 63**: Appellant objected to the court's nine-month delay in ruling on 12(b)(1) motions while engaging in procedural and substantive actions, in direct violation of jurisdictional rules under *Steel Co.*.

2. **Void Orders from Ultra Vires Actions**:

- o **Docs. 14, 64**: Appellant objected to the setting aside of OOR's default and dismissal of the Petition, which were issued without jurisdiction, rendering them void under *Ex parte McCardle*.

3. **Retaliatory Use of Sanctions Motions**:

- o **Doc. 53**: Appellant objected to the court's failure to rule on cross-motions for sanctions, highlighting the selective enforcement of procedural rules to Appellant's detriment.

**New Objection on Appeal**:

1. **Loss of Judicial Immunity**:

- o Judges Carlson and Wilson's actions, including entertaining baseless sanctions motions (**Docs. 48-1, 51**) and issuing rulings without jurisdiction (**Docs. 14, 64**), constitute ultra vires conduct. These actions strip them of immunity under *Scheuer* and *Pierson v. Ray, 386 U.S. 547 (1967)*.

2. **Violation of Constitutional Rights**:

   o The court's failure to adjudicate Appellant's well-pleaded
   constitutional claims and its retaliatory procedural conduct violated
   Appellant's First and Fourteenth Amendment rights, creating personal
   liability under **42 U.S.C. § 1983**.

---

**Application**:

1. **Judicial Immunity and Void Orders**:

   o The district court engaged in jurisdictional actions for nine months
   before sustaining Rule 12(b)(1) motions. This either rendered its prior
   actions void under *Ex parte McCardle* or demonstrated misuse of
   jurisdiction.

   o By dismissing the Petition without addressing constitutional claims
   and entertaining baseless sanctions motions, the judges acted beyond
   their judicial authority, losing immunity under *Scheuer*.

2. **Retaliatory Conduct and Selective Enforcement**:

   o The court selectively entertained respondents' motions while
   disregarding Appellant's procedural rights, including:

- Granting respondents' extensions (**Doc. 34**) while summarily denying Appellant's motions for procedural relief (**Docs. 20, 40, 45, 55**).

- Refusing to rule on Appellant's cross-motion for sanctions (**Doc. 53**) while entertaining baseless sanctions motions by respondents (**Docs. 48-1, 51**).

  o These actions demonstrate hostility and bias, violating Canons 2 and 3 of the Code of Conduct for United States Judges.

3. **Accountability for Constitutional Violations**:

  o The judges' ultra vires actions, including the dismissal of well-pleaded constitutional claims and retaliatory procedural conduct, violated Appellant's rights under the First and Fourteenth Amendments. Such violations create personal liability under **42 U.S.C. § 1983**.

---

**Conclusion**:

The district court's ultra vires actions and judicial misconduct demand appellate intervention. Relief should include:

1. **Vacatur of Void Orders**: Reverse all orders issued without jurisdiction, including the 12(b)(1) dismissal, abstention ruling, and denial of Appellant's motions.

2. **Compensatory Damages**: Award damages for harm caused by judicial misconduct, including litigation costs and fees under *Chambers v. NASCO, Inc.*, and the Equal Access to Justice Act.

3. **Reassignment to an Impartial Judge**: Ensure future proceedings are conducted fairly and free of bias.

4. **Supervisory Guidance**: Emphasize that ultra vires actions and jurisdictional violations void judicial orders and expose judges to personal liability.

5. **Judicial Ethics Review**: Investigate systemic bias and procedural abuses under 28 U.S.C. § 351 to restore confidence in judicial impartiality.

# XI.   DEMAND FOR RELIEF

## 1. Vacatur of Lower Court Orders

- Vacate all orders issued by the district court, as they are procedurally and substantively flawed:

    o The improper setting aside of OOR's default.

    o All jurisdictional rulings made without resolving jurisdiction first.

    o The dismissals under FRCP 12(b)(1) and 12(b)(6) without adherence to the well-pleaded complaint rule.

    o Denials of Appellant's motions without explanation or substantive consideration.

## 2. Reinstatement and Proper Adjudication of the Petition

- Reinstate the Petition for adjudication on its merits, ensuring:

    o All constitutional claims are addressed without prejudice or procedural hostility.

    o Respondents are required to answer under FRCP 8(b)(6) due to their default.

## 3. Mandated Deadlines for Lower Court Action

- Order the lower court to:

    o Resolve all pending motions within 10 days.

    o Require respondents to answer the Petition within 14 days.

    o Render a decision on the merits of the Petition within 30 days.

## 4. Transfer to the Eastern District of Pennsylvania

- Transfer the case to the Eastern District of Pennsylvania to consolidate Appellant's related § 1983 case, ensuring a coordinated review of constitutional claims.

## 5. Reassignment to an Impartial Judge

- Reassign the case to an impartial district court judge to prevent further procedural bias and hostility and ensure fair adjudication.

## 6. Supervisory Instructions for the Lower Court

- Issue clear supervisory instructions for the lower court to:

  o Adhere strictly to FRCP requirements for resolving jurisdictional issues before proceeding.

  o Apply the well-pleaded complaint rule rigorously under FRCP 12(b)(6).

  o Protect pro se litigants' rights under *Haines v. Kerner* and ensure procedural fairness.

  o Provide findings of fact and conclusions of law for all future adverse rulings.

## 7. Judicial Ethics and Accountability Review

- Refer Judges Carlson and Wilson for investigation under 28 U.S.C. § 351 based on:

  o Systemic procedural abuses.

  o Bias against a pro se litigant.

  o Failure to meet judicial obligations under Canons 2 and 3 of the Code of Conduct for United States Judges.

## 8. Transparency in Future Proceedings

- Direct the lower court to issue findings of fact and conclusions of law for all rulings to ensure transparency and compliance with due process.

## 9. Compensatory Relief for Procedural Misconduct

- Award compensatory damages to Appellant for harms caused by the district court's misconduct, including:

  o Litigation costs incurred due to ultra vires rulings.

  o Delays and prejudice resulting from procedural obfuscation.

  o Expenses caused by the improper setting aside of default and the abstention ruling.

## 10. Retention of Appellate Oversight

- Retain appellate jurisdiction to:

    o Monitor compliance with these directives.

    o Ensure timely and proper adjudication of Appellant's constitutional claims.

---

# XII.  **CONCLUSION**

The district court's actions in this case represent a series of fundamental errors that demand appellate correction. Specifically, the district court violated critical procedural rules and judicial standards in the following ways:

1. **JURISDICTIONAL MISCONDUCT:**

    The court's prolonged exercise of jurisdiction, followed by an abrupt invocation of abstention and the sustaining of a 12(b)(1) motion, created a jurisdictional paradox, rendering its orders void. As established in *Steel Co.* and *Ex parte McCardle*, jurisdiction must be resolved before any substantive action is taken, and actions taken without jurisdiction are legally void. This Court must enforce the principle that jurisdictional issues be resolved promptly, as jurisdiction is a threshold matter that must be settled before any substantive legal determinations are made.

2. **FAILURE TO ADJUDICATE A WELL-PLEADED COMPLAINT:**

The district court improperly dismissed Appellant's well-pleaded complaint under FRCP 12(b)(6), failing to apply the correct legal standard and disregarding the deference owed to pro se litigants under *Haines v. Kerner*. The court's failure to apply this standard prematurely dismissed Appellant's meritorious constitutional claims. This Court must hold the district court accountable for applying the well-pleaded complaint rule, ensuring that the leniency owed to pro se litigants is properly applied in the context of dismissals under Rule 12(b)(6).

3. **PROCEDURAL ABUSES:**

The district court engaged in procedural abuses by selectively applying procedural rules, including improperly setting aside OOR's default without showing "good cause," denying Appellant's motions without explanation, and improperly raising venue issues *sua sponte*. These actions resulted in an unjustified procedural disadvantage for Appellant and violated the integrity of the Federal Rules of Civil Procedure. This Court must mandate that all procedural decisions adhere to the strict requirements of the FRCP, particularly with respect to the setting aside of defaults and the handling of venue issues.

4. **SYSTEMIC BIAS AND HOSTILITY:**

The district court's unbroken 18-0 record of rulings in favor of government respondents demonstrates systemic bias and judicial hostility. This pattern of decisions undermines the impartiality required of judges and erodes public confidence in the fairness of the judicial process, as required by judicial conduct rules and established case law. This Court is urged to apply the principles of impartiality and fairness under Canons 2 and 3, ensuring that any appearance of bias, particularly in cases involving pro se litigants, is rigorously addressed and corrected.

5. **PROCEDURAL OBFUSCATION AND JUDICIAL HOSTILITY:**

The district court's consistent delays, selective enforcement of procedural rules, and pretextual invocation of abstention doctrines created a procedural fog that shielded respondents from accountability. This pattern of behavior, along with the district court's hostile treatment of Appellant, reveals a clear violation of principles of judicial impartiality and fairness. This Court must intervene to prevent the continuation of such procedural obfuscation, ensuring that the case is adjudicated in accordance with established standards of transparency, fairness, and timeliness.

6. **JUDICIAL IMMUNITY AND ACCOUNTABILITY:**

The actions of Judges Carlson and Wilson were ultra vires, taken without

jurisdiction and in violation of Appellant's constitutional rights. These actions strip them of judicial immunity, and they must be held personally accountable for the harm caused by their misconduct. This Court must apply the standard set forth in *Stump v. Sparkman* and *Scheuer v. Rhodes*, ensuring that judges acting beyond their jurisdiction are held accountable, and their actions rendered void.

Based on these substantial and clear legal errors, Appellant respectfully requests the following relief:

1. **Vacatur of Void and Procedurally Flawed Orders:**

   Vacate all orders issued by the district court, including the 12(b)(1) dismissal, abstention ruling, setting aside of OOR's default, and denial of Appellant's procedural motions. This Court must ensure that all actions taken without proper jurisdiction are nullified, including any procedural rulings made without due process.

2. **Reinstatement of Petition:**

   Reinstate Appellant's Petition, with acknowledgment that OOR remains in default, and require respondents to answer the Petition's well-pleaded claims. This Court must ensure that the Petition is adjudicated on its merits, in accordance with the standards for procedural fairness and the deference due to pro se litigants.

3. **Reversal and Remand with Instructions:**

Reverse all adverse rulings and remand the case for adjudication on the merits under the supervision of an impartial judge, with clear instructions to resolve jurisdiction promptly and apply procedural fairness. This Court must issue clear guidance to the district court to prevent any further violations of procedural fairness, ensuring that all future rulings are made in a timely and impartial manner.

4. **Judicial Ethics Review:**

Refer Judges Carlson and Wilson for a judicial ethics review under 28 U.S.C. § 351 to investigate systemic bias, procedural misconduct, and failure to uphold the principles of impartiality and fairness. This Court must ensure that appropriate ethical review is conducted to restore integrity to the judicial process.

5. **Supervisory Oversight:**

Issue supervisory guidance to ensure that jurisdictional issues are resolved before any substantive or procedural actions are taken, and to ensure that pro se litigants are afforded the necessary leniency and procedural protections. This Court must ensure that judicial conduct is consistent with the high standards of fairness, impartiality, and due process as required by the Constitution.

6. **Compensatory Damages:**

   Award compensatory damages for harm caused by ultra vires actions, judicial misconduct, and procedural delays, including litigation costs and fees. This Court must provide compensation to Appellant for the harm caused by the district court's violations of procedural and constitutional rights.

Appellant's right to a fair and just hearing has been violated at every stage, and the appellate court must intervene to correct these errors. The relief sought is necessary to restore the integrity of the judicial process and ensure that Appellant's constitutional rights are properly adjudicated.

# XIII. APPENDIX A: SCORECARD OF JUDICIAL DECISIONS

This appendix presents the list of substantive judicial decisions in the case, with the checkbox representing which party the decision favored. The 18-0 record highlights systemic bias in the district court's handling of the case. The following table reflects how procedural and substantive decisions were consistently adverse to Appellant's rights.

**SCORECARD OF JUDICIAL DECISIONS - PRO SE PETITIONER v. GOVERNMENT RESPONDENTS**

| Decision # | Doc # | Description of Judge's Decision | Favored Government Respondent | Favored Pro Se Petitioner |
|---|---|---|---|---|
| 1 | 8 | County's Motion to Dismiss (12(b)(1) and 12(b)(6)) | ✔ | |
| 2 | 10 | OOR's Motion for Extension to Respond | ✔ | |
| 3 | 37 | Carlson's Recommendation to Set Aside Default | ✔ | |
| 4 | 34 | Granting of OOR's Motion for Extension to Respond | ✔ | |
| 5 | 29 | Petitioner's Motion to Strike DENIED | ✔ | |
| 6 | 55 | Court Order Affirming Carlson's Recommendations | ✔ | |
| 7 | 55 | Judge Wilson denies de novo review of Pro Se objections (1) | ✔ | |
| 8 | 59 | Carlson Recommends Dismissal and Transfer of Venue | ✔ | |
| 9 | 53 | Denial to Rule on (Cross) Motion for Sanctions | ✔ | |
| 10 | 39, 44, 63 | Repeated refusal to rule on Petitioner's motions regarding 12(b) | ✔ | |
| 11 | 20 | Petitioner's Motion for Default Judgment DENIED | ✔ | |
| 12 | 46 | Petitioner's Motion for Hearing on OOR's Default per Rule 55 | ✔ | |
| 13 | 45 | Petitioner's Motion for a LR 16.4 Conference DENIED | ✔ | |
| 14 | 64 | Judge Wilson denies de novo review of Pro Se objections (2) | ✔ | |
| 15 | 64 | Judge Wilson Orders Abstention Jurisdiction | ✔ | |
| 16 | 64 | Judge Wilson Grants 12(b)(6) | ✔ | |
| 17 | 64 | Judge Wilson Grants 12(b)(1) | ✔ | |
| 18 | 64 | Judge Wilson Orders Transfer of Venue to 'Surviving Claims' | ✔ | |
| | | | | |
| **Total Decisions Favoring 'Team Government': 18** | | | | |
| **Total Decisions Favoring Petitioner: 0** | | | | |

# XIV. <u>CERTIFICATE OF COMPLIANCE</u>

1. **Word Count Compliance**

This document complies with the type-volume limitation of Federal Rule of

Appellate Procedure 32(a)(7)(B) and Local Appellate Rule 32.1(c).

2. **Typeface and Font Compliance**

This document complies with the typeface and type-style requirements of

Federal Rule of Appellate Procedure 32(a)(5) and (6).

Respectfully Submitted,

<u>/s/*Michael Miller*</u>
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163

Dated: November 18, 2024                    <u>reaganfive@protonmail.com</u>

# XVI. <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused to be served by e-service a true and correct copy of

the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
Dated: November 18, 2024          reaganfive@protonmail.com