IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Respondents. | Civ. No: |

**BRIEF OF APPELLANT IN RESPONSE TO APPELLEE OFFICE OF
OPEN RECORDS' WRITTEN STATEMENT (Doc. 17)**

## I.   <u>INTRODUCTION</u>

This brief is filed in response to the Office of Open Records' (OOR) written

statement (Doc. 17), which mischaracterizes Appellant's objections (**Docs. 40 and

60**) as "generalized" in an attempt to evade mandatory de novo review under 28

U.S.C. § 636(b)(1) and Rule 72(b)(3).

Appellant's objections (Exhibits A and B) specifically addressed procedural and

substantive errors, including misapplications of Rule 55, Rule 12(b)(6), and

abstention doctrines. The district court's failure to conduct de novo review is a

structural error that renders its rulings void and requires per se reversal.

1

OOR's reliance on procedural mischaracterizations and repeated procedural defenses underscores the need for this Court's intervention to correct these errors, ensure judicial fairness, and prevent further prejudice to Appellant.

## II.   NOTICE OF PROTEST

This brief is filed under protest, pursuant to Appellant's Motion for Judicial Review of Clerk's Listing **(Doc. 15)**. The Clerk's unauthorized stay of the briefing schedule and sua sponte listing of this appeal for summary action deviate from procedural fairness, particularly for a pro se litigant. These irregularities undermine the integrity of the appellate process and demand correction.

## III.   SUMMARY OF ARGUMENT

- **Appellant's objections triggered mandatory de novo review.**

  Specific objections (Docs. 40 and 60) addressed procedural and substantive errors, including misapplications of Rule 55, Rule 12(b)(6), and abstention doctrines, meeting the requirements of 28 U.S.C. § 636(b)(1) and Rule 72(b)(3).

- **The district court's failure to conduct de novo review constitutes structural error.**

Judge Wilson's failure to independently review the objections is a structural defect, requiring per se reversal of the district court's rulings (Docs. 55 and 64).

- **OOR's procedural misconduct multiplied litigation unreasonably.**

  OOR's reliance on baseless procedural arguments, including the misuse of *Goney v. Clark*, mischaracterized specific objections as "generalized" to evade review.

- **Sanctions under 28 U.S.C. § 1927 are warranted.**

  OOR's taxpayer-funded counsel engages in bad-faith litigation tactics that burden Appellant and waste judicial resources, justifying sanctions to deter further abuse.

## IV.  <u>ARGUMENT</u>

## I. Appellant's Objections Were Specific and Sufficient to Trigger De Novo Review

### A. Specificity of Objections

Appellant's objections explicitly addressed the magistrate's procedural and substantive errors, satisfying the standard for specificity under **Rule 72(b)(3):**

- **Rule 55:** As detailed in Exhibit A (Doc. 40), Appellant objected to the magistrate's failure to require OOR to satisfy "good cause" and "meritorious defense" standards before setting aside default. OOR remains in default due to its failure to meet these requirements.

- **Abstention Doctrines:** Exhibit B (Doc. 60) further addresses the improper reliance on *Younger* and *Colorado River* abstention doctrines, as there were no parallel state proceedings.

- **Rule 12(b):** Both Exhibits A and B demonstrate Appellant's objections to the dismissal of verified claims under Rule 12(b)(6), despite compliance with Rule 8 and the well-pleaded complaint rule.

## B. Preservation of Objections

These objections, preserved in Exhibits A and B, form the foundation of this appeal and clearly triggered the district court's mandatory duty to conduct de novo review under **28 U.S.C. § 636(b)(1)**.

## C. The District Court's Failure to Conduct De Novo Review Invalidates Its Rulings

### 1. Mandatory Nature of De Novo Review

- Under 28 U.S.C. § 636(b)(1), the district court is required to conduct de novo review of any portion of the magistrate's report to which

objections are made. This statutory obligation ensures that litigants receive independent judicial consideration.

## 2. Structural Error and Voidness of Rulings

- o The district court's failure to conduct de novo review constitutes structural error, a defect so severe it renders the court's rulings (Docs. 55 and 64) void. Structural errors are **per se reversible** because they compromise the framework of judicial proceedings and the fairness of the process.

## D. OOR's Procedural Misconduct Is an Improper Attempt to Evade Judicial Review

## 1. Mischaracterization of Objections

- o OOR's counsel repeatedly and falsely labeled Appellant's objections as "generalized" (**Docs. 49 and 62**), misusing *Goney v. Clark*, which applies only to objections that lack specificity—clearly not the case here. Appellant's objections (Docs. 25, 40, and 60) were detailed and directly addressed procedural and substantive errors, satisfying the standard for specificity under **Rule 72(b)(3)**.

- In **Appeal Doc. 17, p.4,** OOR's counsel lays bare the intent of its bad-faith tactic: to manipulate this Court into concluding that Appellant "waived" his objections—misapplying *Goney*—despite the objections being properly preserved and specific. This scheme is a calculated assault on Appellant's right to judicial review and a blatant violation of his due process rights—the very foundation of his petition. While it succeeded with Judge Jennifer P. Wilson, it has no place in a court committed to justice.

## 2. Failure to Address Substantive Claims

- OOR's arguments rely on procedural misrepresentations to avoid addressing the substance of Appellant's well-pleaded claims (**Doc. 1**), undermining the integrity of judicial review. This scheme is fully addressed in Appellant's many briefs on the subject, most recently **Appeal Doc. 18**.

## E. Sanctions Under 28 U.S.C. § 1927 Are Warranted

## 1. Bad Faith Conduct Evident on the Face of the Record

- Under **28 U.S.C. § 1927**, "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be

required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

o The record in this case provides clear evidence of bad faith, demonstrated through:

- **Mischaracterization of Objections:** OOR's counsel repeatedly labeled Appellant's specific objections as "generalized" (Docs. 49 and 62), a misrepresentation refuted by the detailed nature of the objections in Docs. 25, 40, and 60. This tactic was perpetuated on appeal in Doc. 17, despite its clear invalidity.

- **Recycling Discredited Procedural Arguments:** Procedural defenses, such as the misuse of *Goney v. Clark*, were refuted in Appellant's prior filings and lacked any basis to characterize the objections as insufficient. Nevertheless, OOR's counsel continued to rely on these arguments, multiplying litigation unnecessarily.

- **Prolonging Litigation Unnecessarily:** OOR's counsel's actions compelled Appellant to prepare 25 filings in the district court, the majority of which were required solely to counter procedural missteps and evasive tactics.

2. **Prejudice to Appellant and Harm to Public Trust**

   o  The tactics employed by OOR's taxpayer-funded counsel have placed a disproportionate burden on Appellant, a pro se litigant. This burden includes unnecessary filings, delays, and continued litigation on appeal.

   o  Additionally, the use of taxpayer-funded resources to shield a state agency from accountability undermines public trust. The judicial system must protect litigants, not enable state-funded counsel to weaponize procedural rules against its citizens.

3. **Sanctions as a Necessary Deterrent**

   o  **28 U.S.C. § 1927** exists to deter attorneys from engaging in conduct that unreasonably and vexatiously multiplies proceedings. OOR's actions exemplify the type of behavior Congress sought to prevent. The persistence of these tactics across district court and appellate proceedings demonstrates intentional abuse, not mere negligence or error.

   o  Imposing sanctions in this case will deter further misuse of procedural rules and ensure that pro se litigants are not unfairly prejudiced by vexatious litigation tactics.

## V.  RELIEF SOUGHT

**A. Reverse the District Court's Orders:** Declare Docs. 55 and 64 void due to the district court's failure to conduct the mandatory de novo review required by 28 U.S.C. § 636(b)(1).

**B. Remand for Proper Review:** Direct the district court to conduct de novo review of Appellant's objections, as detailed in Exhibits A (Doc. 40) and B (Doc. 60).

**C. Reject OOR's Waiver and Procedural Arguments:** Prevent further reliance on mischaracterizations of Appellant's objections as "generalized."

**D. Impose Sanctions Under 28 U.S.C. § 1927**

- Require OOR's counsel to personally satisfy excess costs incurred due to their unreasonable and vexatious conduct.

**E. Award Compensation for Harm to Appellant**

- Provide appropriate financial relief for unnecessary filings, delays, and burdens caused by OOR's misconduct and the district court's failures.

**F. Demand for Trial by Jury**

- Appellant invokes his constitutional and statutory right to a trial by jury under the Seventh Amendment and **Rule 38 of the Federal Rules of Civil Procedure** on all issues so triable.

Appellant urges this Court to act decisively to correct the procedural failures, restore fairness, and ensure accountability for vexatious litigation tactics. Such relief is essential to safeguard judicial integrity and protect the rights of all litigants.

---

**Conclusion**

This Court's intervention is necessary to correct systemic procedural errors, ensure judicial fairness, and deter further abuse of the judicial process. Immediate reversal and sanctions are warranted to preserve the integrity of the judiciary and protect Appellant's rights.

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
Dated: November 23, 2024        reaganfive@protonmail.com

## APPENDED EXHIBITS

The following exhibits are attached to this brief for the Court's convenience.

- **Exhibit A:** Doc. 40 – Appellant's Objections to Magistrate's Report.

- **Exhibit B:** Doc. 60 – Appellant's Further Objections to Magistrate's Report.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com


Respectfully Submitted,

*/s/Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: November 23, 2024

# Exhibit A: Doc. 40 – Appellant's Objections to Magistrate's Report (1)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller<br>            Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>            Respondents. | Civ. No: 1:24-CV-00014<br><br><br>(District Judge Jennifer P. Wilson)<br>(Magistrate Judge Martin C. Carlson) |

## PETITIONER'S APPEAL AND BRIEF IN OPPOSITION TO MAGISTRATE JUDGE ORDER (Doc. 34) AND REPORT AND RECOMMENDATIONS (Doc. 37)

Michael Miller, ["Petitioner"] files this appeal and brief in objection to Magistrate Carlson's order (Doc. 34) and "Report and Recommendation" (Doc. 37). The basis for the objection is that Magistrate Carlson's order and recommendations are contrary to FRCP 55 as stated in *United States v. $55,518.05 IN US CURRENCY, 728 F.2d 192 (3d Cir. 1984)*. A *de novo* review is demanded pursuant to 28 USC § 636(b)(1)(C).

## I.      PROCEDURAL HISTORY

On January 4, 2024, Petitioner filed a Petition. (Doc. 1). Magistrate Judge, Susan Schwab, was assigned to the case that week. On February 1st, OOR's counsel moved to request an extension of time to file a response which contained no alleged explanation for her client's dilatory response. (Doc. 10) Petitioner

opposed. (Doc. 10 and 25). On February 5th, the clerk entered OOR's default. (Doc. 12) On February 9th, OOR moved to set aside the default. (Doc. 14 and 15). On February 16th, Magistrate Schwab ordered Petitioner to file brief on the matter by March 1st. (Doc. 18). On February 24th, Petitioner filed the brief. (Doc. 22). Magistrate Schwab unexplainedly did not take up the motions to extend the time, set aside the default, or any other motions filed in this case.

On April 8th, without explanation, the court issued a "verbal order" replacing Magistrate Schwab with Magistrate Martin C. Carlson. On April 9th, the clerk sent parties an offer to consent to granting Magistrate Carlson powers pursuant to 28 USC § 636. (Doc. 33). On April 11th, the clerk notified the court that one or more parties had not consented.

On April 10th, Magistrate Carlson issued an order (Doc. 34) calling the Petition a "challenge to an election" (which it is not) and captioned the "Defendants" as "Merrick Garland, et. al." This order granted OOR's motion for a grant of a 60-day extension of time to file a responsive pleading. (Doc. 10)

On April 11th, Magistrate Carlson issued "Report and Recommendations" (Doc. 37). The report recommends the following actions:

1) "[P]laintiff's" motion for entry of default, (Doc. 20), should be DENIED,

2) "[P]laintiff's" motion to strike the defendant's motion to dismiss, (Doc. 29), should be DENIED.

3) "The Commonwealth's" motion to set aside default, (Doc. 14), should be GRANTED."

## II.   LEGAL STANDARD

FRCP 12 requires a summoned party to file a responsive pleading or objection within 21 days of service. If a party fails to do so, the plaintiff may remedy through default procedures under FRCP 55. Once default is entered, the controlling case for this court to set aside a default is *United States v. $55,518.05 IN US CURRENCY, 728 F.2d 192 (3d Cir. 1984)*.

The ruling in *$55,518.05* explains that the defendant failed to respond to a letter from the district court because his incarceration made it "impossible" for him to obtain counsel. Yet, just 13 days later, "the government" obtained a default judgment from the district court. "About two weeks" after default was entered, defendant, having obtained counsel, alleged by affidavits a basis to set aside default and a factual defense to the complaint. "Nevertheless", the court would not reverse the district court because it concluded the defendant's alleged defense was not meritorious. The Court held, "we require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a

meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." (195). It further instructed district court judges, "The showing of a meritorious defense is accomplished when allegations of defendant's <u>answer</u>, if established on trial, would constitute a complete defense to the action." (underline added for emphasis)

## III.   ARGUMENT

### A. Extension of Time to File / Excusable Neglect

The facts before this court do not warrant exercising discretion to grant OOR's motion for an extension of time to file. The only *facts* before the court are that 1) OOR did not timely file a responsive pleading or objection; 2) OOR's attorney, the state's attorney general, filed a motion the day her client's response was due requesting an extension because (she asserted) she "received a referral to represent the Defendant" that day (Doc. 10); 3) Miller opposed this motion (Doc. 10, 25); 3) The clerk entered a default on February 5th. These facts are insufficient grounds to grant the motion.

The court should consider what facts OOR's counsel has *not* put before the court. For 60+ days, counsel has offered no evidence to show that the story in her motion is true. Petitioner noted this omission in briefs on the issue. *See* Doc. 25. <u>**No one should be believed in this court but upon his oath**</u>.

Counsel's motion alleges no facts to establish if and why OOR's executive director, Elizabeth Wagenseller, an overseer of employed attorneys and a physical neighbor to the Attorney General's office, failed for 20 consecutive days to seek obtain counsel in responding to a summons and verified Petition. *$55,518.05* states that the district court is required to make inquiry into the *defendant's* conduct.

For reasons stated, the exercise of discretion to grant an extension (Doc. 34) and set aside default (Doc. 37) under these conditions is contrary to law.

### B.  No alleged meritorious defense

The court may not set aside the default because OOR has not alleged a meritorious defense. OOR did not answer the verified Petition and, unlike the defendant in *$55,518.05,* it has *alleged* nothing of fact. Instead, its counsel pursues purely legal objections (which the Petition shows to be meritless). Setting aside default prior to the OOR alleging a meritorious defense is contrary to FRCP 55 as stated in *$55,518.05*. Again, "The showing of a meritorious defense is accomplished when allegations of defendant's <u>answer</u>, if established on trial, would constitute a complete defense to the action." (underline added for emphasis)

### C. Magistrate Carlson's Review and Recommendations are Contrary to Law.

The facts and law above establish that Magistrate Carlson's actions are contrary to law. In his order (Doc. 34), he states that because OOR's motion "recited that counsel had only been assigned on the case on the date initially set for a response", he may exercise discretion to grant the motion. Citing *$55,518.05,* he argues that since "the law favors merits resolution of litigation", he advises the court to forgo the court's mandate to obtain additional facts, evidence, and testimony. Likewise, in his Report (Doc. 37), though citing *$55,518.05* as controlling, Magistrate Carlson dismisses the requirement that the defaulted party must allege a meritorious defense before a district court may set aside the default. Notwithstanding, this 'ends justifies the means' approach is contrary to FRCP 55 as required in *$55,518.05.*

The precedent set by Magistrate Carlson's application of FRCP 55 is problematic. The holding in *$55,518.05* does not permit a district court to apply FRCP 55 differently when the defendant is the government. Quite unlike the hapless defendant in *$55,518.05*, the OOR is a state agency of attorneys and well-represented by its physical neighbor, the Attorney General's office, yet Magistrate Carlson's application of *$55,518.05*'s directives are disparately lax for the government respondent. Moreover, if the bar is this low to get an extension of time

to respond and/or a default set aside, what informed party will not forgo filing a timely pleading and instead assert a 'dog-ate-my-homework' excuse to demand an extension of time to respond? One wonders what will be left of FRCP 12 in the Third Circuit.

More personally, after the Petitioner spent hours on research and writing briefs on this matter to a mostly unresponsive court for two months, Magistrate Carlson enters and summarily exercises discretion to grant OOR and its counsel all it needs without requiring anyone to take an oath. Had Miller known the district court would not apply FRCP 55 according to *$55,518.05*, he might not have spared the expense.

Petitioner has demonstrated a desire to resolve this controversy on the merits. He prepared a 73-paragraph verified Petition to afford OOR the opportunity to do so. The problem for this court is that OOR has not answered and a judge has not insisted it do so. Petitioner demands that the district judge apply FRCP 55 because bad law is otherwise established and because until the default is resolved, the respondent may not defend the merits of the Petition. Nevertheless, the fact-based requirements of FRCP 55 still wanting, a district judge may not set aside OOR's default merely on a preference to resolve cases on the merits.

WHEREFORE, Miller moves the district court judge to perform *de novo* review of Magistrate Carlson's order (Doc. 34) and Report and Recommendations

(Doc. 37)

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
Date:  April 24, 2024                                    reaganfive@protonmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-service a true and correct copy of the foregoing document to the following:

Yarish, Mary Katherine
Pennsylvania Attorney General
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
McNees Wallace and Nurick LLC
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com


Magistrate Judge Martin C. Carlson

Lauren Anthony
McNees Wallace and Nurick LLC
100 Pine St
Harrisburg, PA 17101
717-237-5299
lanthony@mcneeslaw.com


Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163

Dated: April 24, 2024                    reaganfive@protonmail.com

# Exhibit B: Doc. 60 – Appellant's Further Objections to Magistrate's Report

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller<br>            Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>            Respondents. | Civ. No: 1:24-CV-00014<br><br><br><br>(District Judge Jennifer P. Wilson)<br>(Magistrate Judge Martin C. Carlson) |

## PETITIONER'S APPEAL AND BRIEF IN OPPOSITION TO MAGISTRATE'S RECOMMENDATIONS (DOC. 59)

Michael Miller, ["Petitioner"] files this appeal and brief in objection to Magistrate Carlson's recommendations in Doc. 59, p.17. The basis for the objections is that the recommendations are contrary to law. A *de novo* review is demanded pursuant to 28 USC § 636(b)(1)(C).

## I.    PROCEDURAL HISTORY

On January 4, 2024, Miller filed a petition. (Doc. 1) On February 1, 2024, County's counsel filed an objection under FRCP 12(b)(1) and 12(b)(6). (Doc. 8). On February 9, 2024, respondent Office of Open Records ["OOR"] filed an objection under FRCP 12(b)(6). (Doc. 16). On April 10th, the parties declined Magistrate Carlson's jurisdiction. On June 20, 2024, Magistrate Carlson filed his second 'Report and Recommendations' ["R&R"] in this action. (Doc. 59)  The R&R advises the district judge to grant the government respondents' FRCP

12(b)(1) and 12(b)(6) objections and to dismiss the petition. In the alternative to

dismissal, the R&R recommends a transfer of venue to the Eastern District. (Doc

59, p.3).

## II.   <u>LEGAL STANDARD</u>

### 1. FRCP 12(b)(6)

*Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)* at 234-234 describes

the requirements of FRCP 8(a) and summarily states: "The Supreme Court's

*Twombly* formulation of the pleading standard can be summed up thus: "stating ...

a claim requires a complaint with enough factual matter (taken as true) to suggest"

the required element. This "does not impose a probability requirement at the

pleading stage," but instead "simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of" the necessary element…There

must be some showing sufficient to justify moving the case beyond the pleadings

to the next stage of litigation."

### 2. FRCP 12(b)(1):

The respondents 12(b)(1) is in the nature of a facial attack. The legal standard for

granting a facial challenge assumes that the allegations of the complaint are true

but contends that the pleadings fail to present an action within the court's

jurisdiction. *Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884 (3d Cir. 1977) at 891*. Such a motion should only be granted if it appears with certainty that the court's assertion of jurisdiction would be improper." *Ridge v. Campbell, 984 F. Supp. 2d 364 (M.D. Pa. 2013)* [underline added for emphasis]


**3. Transfer of Venue**:

"A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed.R.Civ.P. 12(b)(3). Fed.R.Civ.P. 12(h)(1)…At any time before the defendants waive the defense of improper venue, a district court may raise on its own motion an issue of defective venue…The district court did not raise the defense of improper venue before [defendants] waived that issue…In light of the defendants' waiver, it was error for the district court to order [Plaintiff] to show cause…" *Stjernholm v. Peterson, 83 F.3d 347 (10th Cir. 1996).*[1]


**4. 28 USC 636(b)(1)(A)**:

"Notwithstanding any provision of law to the contrary a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, <u>except a motion</u> for injunctive relief, for judgment on the pleadings, for

---

[1] Magistrate Carlson cites this case in support. See Doc. 36.

summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, <u>to dismiss for failure to state a claim upon which relief can be granted</u>, and to <u>involuntarily dismiss an action</u>. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." [Underline added for emphasis].

## III.   OBJECTIONS TO RECOMMENDATIONS

### 1.  Recommendation to Grant 12(b)(1) Motion (Doc 59, p.17)

Miller objects to the recommendation to grant respondents' 12(b)(1) motion(s) on procedural and meritorious grounds.  As to procedure, according to 28 USC 636(b)(1)(A), a 12(b)(1) motion is not assignable to the magistrate's review. ["except a motion to…involuntarily dismiss an action"]. Granting 12(b)(1) results in involuntary dismissal of Miller's action. Miller objects that this recommendation is not authorized by the statute and thus contrary to law.

Secondly, Miller objects to this recommendation's lack of specificity. In Doc. 59, p.3, the report states that the recommendation is to grant motions contained in "Doc. 8, 16." however, the report rarely if ever identifies which of its recommendations/arguments apply to which respondent's 12(b) motion.

Miller objects on grounds that insufficient notice and lack of specificity for the grounds of its recommendations prejudice his defense.

Third, Miller objects that the recommendation does not meet the legal standard for granting a 12(b)(1) motion. The recommendation says it addresses Doc. 8, which raises a 12(b)(1) objection ["lack of subject-matter jurisdiction"], however the recommendation is not premised on this objection, but rather on discretion to decline to exercise jurisdiction it actually has. Moreover, Doc. 16 does not even raise a 12(b)(1) objection. Miller objects to this lack of grounds and specificity.

Relatedly, granting the 12(b)(1) motion means that the court determined it "*lacks* subject-matter jurisdiction" but the legal standard for granting a 12(b)(1) objection is different than the five-factor standard for declining jurisdiction on a discretionary basis. Therefore, the magistrate's arguments about discretion, even if correct, do not apply to, nor establish sufficient grounds for, granting the 12(b)(1) motion because it requires review of matters outside the pleadings; therefore, the magistrate erred in considering them in a facial challenge. *Id*.  Miller objects to the lack of grounds.

Fourth, as to merits, the recommendation is falsely premised on the magistrate's claim that Miller has a 'parallel proceeding' in state court. The magistrate appeals to support for this claim from *Brillhart v. Excess Ins. Co. of*

*America, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)*, but support from *Brillhart* is wanting. *Brillhart* said, "The motion rested upon the claim that, since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted." That is not the case here and therefore the *Brillhart* facts are inapposite.

In *Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995), 290,* the Court clarified the inapplicability of *Brillhart* in actions without parallel proceedings, holding: "We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings. Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."

Miller's petition is not a parallel proceeding because it raises federal questions for which there are no actions in state court. Indeed, Miller seeks relief under state law in state courts and different relief under federal law in federal court. Neither *Wilton, Brillhart,* nor any other holding case Miller could identify, advises a district court to decline jurisdiction of a declaratory judgment

action and a constitutional challenge to a state law in federal court because the

petitioner also maintains a mandamus action pursuant to state law in state court.

Such is the case here.

Accordingly, "The absence of pending parallel state proceedings

militates significantly in favor of exercising jurisdiction. In this circumstance,

as part of exercising sound and reasoned discretion, district courts declining

jurisdiction should be rigorous in ensuring themselves that the lack of pending

parallel state proceedings is outweighed by opposing factors." *Reifer v.*

*Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014).*

The six-month history of filings in this action show that the court has not

been rigorous in weighing opposing factors. Quite the opposite, they show that

the magistrate judge and respondents persist in mischaracterizing Miller's

petition as a parallel proceeding when it is not. (Doc. 17, Doc. 21, Doc. 59).

Miller persists in objecting and defending his petition.

## 2. Recommendation to Grant Respondents' 12(b)(6) objections (Doc 59 p.17)

Miller objects to the magistrate's recommendation to grant respondents'

12(b)(6) motion. First, he objects on grounds that according to 28 USC

636(b)(1)(A) a judge may not assign a 12(b)(6) motion to the magistrate. *Id.*

["except a motion to… to dismiss for failure to state a claim upon which relief

can be granted"]. Therefore, Miller contends the recommendation is contrary to the statute.

Second, the recommendation is not rooted in the legal standard for sustaining a 12(b)(6) objection. *Id.* The R&R does not specifically state which part of the "three-step" legal standard for a 12(b)(6) motion is violated by the Petition. Pursuant to FRCP 7, Miller objects to the lack of specificity and grounds for granting the motion.

Third, Miller objects on grounds the recommendation is fallacious. Even if the court had discretion to decline jurisdiction, it does not mean that the court *may* (or may not) grant relief or that the petition itself is deficient according to the legal standard for granting a 12(b)(6) motion. Contrarily, the court *may* grant relief because Congress and the Constitution say that it may and the petition does not fail to state claims and relief that the court may grant.

For these reasons, Miller objects that the recommendation fails to establish that respondent's 12(b)(6) may be granted. Even if it had, the magistrate errors in recommending dismissal instead of granting Miller opportunity to amend. *Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), 521.*

### 3.  Objection to Recommendation to Transfer Venue (Doc 59, p.17)

Miller objects to the recommendation to transfer venue because according to 28 USC 636(b)(1)(A), a venue change is not expressly named as an issue assignable to the magistrate judge.

Additionally, Miller objects on grounds the recommendation is contrary to the legal standard for raising this issue. *Id*. Venue in the Middle District was decided by the parties as explained in Doc. 36, 41, 42, 43. The court is not authorized to raise the issue sua sponte at this stage of litigation.

### 4.  Objections to Proceedings under 28 USC 636.

First, as stated, 28 USC 636(b) does not expressly permit a judge to refer a magistrate judge 12(b)(1) or 12(b)(6) motions. Miller objects on grounds the recommendation is contrary to 28 USC 636(b).

Second, the court's manner of applying 28 USC 636(b) in his action is prejudicial to Miller. Unlike the parties' motions and briefs, which address one issue at a time, the R&R is effectively an omnibus motion that makes five recommendations (which are effectively motions) and briefs in a single 'report'. Miller has objected to all five of these motions, but because of the R&R, is coerced into writing this omnibus brief in 14 days or else waive all these objections. The report frequently does not specify which of its arguments

support which recommendation and which recommendation supports granting which motion. Additionally, the magistrate's recommendations are not responsive to, or even expressly agreed with, the underlying motions, prejudicing Miller's ability to object, i.e., must he to object to the recommendation, or must he to object to the merits motion it would grant? Miller objects to this insufficient notice of and vagueness.

Third, this scheme is prejudicial against Miller because, after the government respondents' motions were fully briefed, the magistrate effectively rewrote their motions, yet Miller must start over writing his objections (or else waive them). Relatedly, the judge's order affirming the previous R&R shows that if she decides that Miller's objections restate objections from his prior briefs, she disqualifies them from *de novo* review as "considered generalized". (Doc. 55)  Miller objects on grounds of prejudice, lack of notice, and arbitrary and capricious rulemaking.

For these reasons, Miller objects to this proceeding. Miller is not an attorney and reasonably does not have the time, resources, or knowledge for extraneous litigation, and he objects to the prejudicial nature of this court's proceedings under 28 USC 636.

**IV.**   <u>**CONCLUSION**</u>

The R&R's recommendations to grant the respondents 12(b) objections

are contrary to law, both procedurally and on the merits. Procedurally, 28 USC

636 does not authorize the magistrate to make these recommendations. Even if

it did, the standard applied is either inapplicable (as in the case for 12(b)(1)

because the petition has no parallel proceeding in state court, or it is not

reasonably established, as is the case under 12(b)(6). The recommendation to

transfer venue is also contrary to law because the court may not raise the issue

sua sponte. Finally, Miller objects to the court's prejudicial practices and

capricious rulemaking under 28 USC 636(b).

Respectfully Submitted:

<u>*/s/ Michael Miller*</u>
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
<u>reaganfive@protonmail.com</u>

Date:  July 4, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-service a true and correct copy of the foregoing document to the following named parties or their counsel:

Yarish, Mary Katherine
Pennsylvania Attorney General
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
McNees Wallace and Nurick LLC
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Lauren Anthony
McNees Wallace and Nurick LLC
100 Pine St
Harrisburg, PA 17101
717-237-5299
lanthony@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: July 4, 2024