IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br><br>Appellees. | No: 24-2934 |

**BRIEF IN SUPPORT OF APPELLANT'S MOTION TO REMEDY PROCEDURAL IRREGULARITIES, PROTECT CONSTITUTIONAL CLAIMS, AND COMPEL JUDICIAL OVERSIGHT**

## I. INTRODUCTION

This appeal raises significant constitutional issues regarding the First and Fourteenth Amendments, including a direct challenge to Pennsylvania's public records law. The procedural irregularities and delays perpetuated by the Clerk's October 29, 2024, directive and the Court's subsequent inaction have jeopardized Appellant's ability to receive a fair and timely adjudication. This brief supports Appellant's motion for judicial intervention to restore procedural integrity, provide meaningful oversight, and prevent further obstruction and delay.

## II. STATEMENT OF THE CASE

On October 14, 2024, Appellant filed a Notice of Appeal in this matter. On October 29, 2024, the Clerk issued a directive staying the briefing schedule and listing the appeal for summary disposition without judicial authorization, in violation of Local Rule 27(a). Despite Appellant's timely objections and motions, the Court has not acted for over 30 days. This inaction undermines procedural fairness, disproportionately prejudices a pro se litigant, and compromises the resolution of important constitutional claims.

## III. LEGAL STANDARD

1. **Mandamus Authority**: The All Writs Act, 28 U.S.C. § 1651, empowers the Court to issue all writs necessary to ensure the proper administration of justice. Mandamus relief is warranted when:

    - The petitioner has a clear and indisputable right to relief.
    - The respondent has a clear duty to act.
    - There is no adequate alternative remedy.

2. **Judicial Oversight**: FRAP 27(b) requires prompt judicial action on motions. Local Rule 27(a) limits the Clerk's authority to procedural matters, requiring judicial review for substantive decisions. The Court must act to correct any overreach that impacts the administration of justice.

3. **Special Protections for Pro Se Litigants**: *Haines v. Kerner*, 404 U.S. 519 (1972), establishes that courts must liberally construe pro se filings and ensure procedural fairness.

4. **Constitutional Claims**: Cases such as *Ex Parte Young*, 209 U.S. 123 (1908), and *Zwickler v. Koota*, 389 U.S. 241 (1967), affirm the judiciary's obligation to address constitutional challenges without delay or obstruction.

---

## IV. ARGUMENT

**A. Procedural Irregularities Have Compromised Appellant's Appeal**

As explained in Appellant's filings, the Clerk's October 29 directive, *Doc. 11-1*, exceeded her authority under Local Rule 27(a), which confines the Clerk's role to procedural matters. (*Doc. 13,14*) By staying the briefing schedule and listing the case for summary disposition, the Clerk effectively made adjudicative decisions without judicial authorization. This overreach necessitates judicial intervention to restore procedural integrity.

**B. The Court's Inaction Violates FRAP 27(b) and Canon 3**

The Court's failure to address Appellant's motions for over 30 days violates FRAP 27(b), which mandates prompt judicial action. (*Doc. 13,14,15,16*) Canon 3(A)(5) of the Code of Conduct for United States Judges requires judges to dispose of the court's business diligently. Delays in addressing motions for judicial review obstruct Appellant's ability to obtain a timely resolution of constitutional claims.

**C. Mandamus Relief is Warranted to Protect Appellant's Constitutional Rights**

Appellant has a clear and indisputable right to have constitutional claims adjudicated on the merits without procedural obstruction. The Court has a clear duty to rectify procedural errors and ensure compliance with the Federal Rules of Appellate Procedure. Mandamus relief is appropriate under 28 U.S.C. § 1651 to compel judicial oversight, restore procedural order, and protect Appellant's constitutional rights.

**D. The Judiciary Has a Duty to Prevent Structural and Reversible Errors**

The procedural deficiencies in this case—particularly the denial of notice, hearing, judicial review, and irregular exercise of jurisdiction—constitute structural errors that are reversible per se. The Court must intervene to prevent further violations and uphold its duty to protect the effective administration of justice.

## V. RELIEF REQUESTED

Appellant respectfully requests that the Court:

1. Vacate the Clerk's October 29, 2024, directive as unauthorized under Local Rule 27(a).

2. Order prompt judicial action on all pending motions and objections, with clear deadlines to ensure compliance with Rule 27(b).

3. Confirm Appellant's constitutional right to challenge Pennsylvania's public records law and County policy under the First and Fourteenth Amendments.

4. Establish procedural safeguards to prevent similar delays and irregularities in future cases.

## VI. CONCLUSION

The Court's handling of this appeal over the past 12 months raises serious concerns about the preservation of long-standing constitutional principles. The delays, procedural irregularities, and lack of substantive engagement with Appellant's claims threaten to erode the integrity of judicial oversight, the accessibility of justice for pro se litigants, and the protection of fundamental constitutional rights.

If such actions represent the current state of the law, it marks a departure from well-established precedents, including *Ex Parte Young*, *Steffel v. Thompson*, 415 U.S. 452 (1974), *Zwickler v. Koota*, and *Haines v. Kerner*. This matter presents an opportunity for the Court to reaffirm its commitment to procedural fairness, timely justice, and the safeguarding of constitutional rights, as required under both precedent and statutory law.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com

Dated:  December 5, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: December 5, 2024