IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | No: 24-2934 |

**APPELLANT'S MOTION FOR JUDICIAL INTERVENTION TO REMEDY PROCEDURAL IRREGULARITIES AND ENSURE TIMELY ADJUDICATION**

## I. INTRODUCTION

Appellant Michael Miller moves this Court pursuant to Federal Rule of Appellate Procedure 27 for judicial intervention to address systemic procedural irregularities, enforce procedural fairness, and ensure the timely adjudication of Appellant's constitutional claims. These irregularities include unauthorized actions by the Clerk of Court under Local Rule 27, the Court's failure to act on pending objections and motions for over 30 days, and continued procedural obstruction and delays undermining the integrity of this appeal.

This motion raises not only immediate concerns regarding Appellant's rights but also broader issues of judicial accountability. Granting this motion will reaffirm

the judiciary's constitutional obligation to protect the rights of pro se litigants and ensure the timely resolution of substantial constitutional claims.

---

## II. RELIEF REQUESTED

Appellant moves the Court take the following actions to address the procedural irregularities in this appeal:

1. **Vacate Unauthorized Directive:**

   Retract the Clerk's October 29, 2024 directive staying the briefing schedule and listing the case for summary disposition, as it violated Local Rule 27(a).

2. **Judicial Oversight:**

   Assign judicial review of all pending motions and objections filed by Appellant, ensuring compliance with FRAP 27(b) and the judiciary's ethical duties under Canon 3(A)(5).

3. **Set Deadlines:**

   Establish enforceable deadlines for the Court to act on all unresolved motions and objections to prevent further procedural delay and harm to Appellant's constitutional rights.

4. **Supervisory Mandamus:**

   Exercise supervisory mandamus under 28 U.S.C. § 1651 to ensure

compliance with applicable procedural rules, including FRAP 27(b) and 28 U.S.C. § 636(b)(1).

---

### III. LEGAL BASIS FOR RELIEF

1. **Violation of Local Rule 27(a):**

   The Clerk's directive materially altered the procedural progression of this case without judicial authorization, exceeding the authority granted under Local Rule 27(a). Such an act constitutes a judicial function and must be treated as such under applicable law.

2. **Failure to Adhere to FRAP 27(b):**

   FRAP 27(b) mandates prompt judicial action on procedural motions. The Court's failure to act on Appellant's pending motions for over 30 days violates this rule and undermines Appellant's right to a fair and orderly appeal process.

3. **Constitutional Implications:**

   The delays and irregularities in this appeal obstruct Appellant's right to due process under the Fifth and Fourteenth Amendments. The Supreme Court in *Zwickler v. Koota*, 389 U.S. 241 (1967), and *Steffel v. Thompson*, 415 U.S.

452 (1974), has emphasized the judiciary's obligation to resolve constitutional claims on their merits rather than through procedural evasion.

4. **Special Protections for Pro Se Litigants:**

   Citing *Haines v. Kerner*, 404 U.S. 519 (1972), Appellant highlights the heightened duty of courts to ensure procedural fairness for pro se litigants. Procedural delays and unauthorized actions disproportionately harm pro se petitioners and erode public confidence in the judiciary.

5. **Supervisory Mandamus Authority:**

   Under 28 U.S.C. § 1651, this Court has the authority to issue supervisory mandamus to enforce procedural compliance and protect Appellant's rights. Mandamus is appropriate here to prevent further harm caused by delays and irregularities that obstruct Appellant's access to justice.

---

IV. **CONCLUSION**

The procedural irregularities in this case, combined with the Court's prolonged inaction, threaten Appellant's ability to secure a fair and timely adjudication of substantial constitutional claims. Appellant respectfully requests that this Court grant this motion, vacate the Clerk's directive, assign judicial oversight to all

pending motions and objections, and establish enforceable deadlines to ensure compliance with procedural and constitutional requirements.

If this Court's current approach is consistent with binding law, then precedents such as *Zwickler v. Koota* and *Haines v. Kerner* are effectively abandoned. Granting this motion will reaffirm the judiciary's role in safeguarding constitutional rights and ensure procedural integrity in this landmark case.

**Certification Regarding Concurrence**

Appellant notes that concurrence of the opposing party has not been sought. This motion seeks relief of a procedural nature directed to the Court and does not pertain to substantive disputes between the parties. Appellant believes that seeking concurrence under these circumstances is unnecessary and impractical.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: December 5, 2024

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br><br>Appellees. | No: 24-2934 |
|---|---|

**PROPOSED ORDER**

**ORDER**

AND NOW, this ___ day of _____, 2024, upon consideration of Appellant's Motion to Remedy Procedural Irregularities, Protect Constitutional Claims, and Compel Judicial Oversight, it is hereby ORDERED:

1. The Clerk's October 29, 2024, directive is VACATED as exceeding administrative authority under Local Rule 27(a).

2. The Court shall adjudicate all pending motions and objections no later than _____, 2024.

3. Appellant's constitutional right to challenge Pennsylvania's public records law and County policy under the First and Fourteenth Amendments is recognized and affirmed.

4. Procedural safeguards are directed to ensure future compliance with FRAP 27(b) and Local Rule 27(a).

BY THE COURT:

---

Circuit Judge, Third Circuit Court of Appeals

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Michael Scarinci<br>Appellate Litigation Section<br>Pa. Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>(717) 857-2184<br>mscarinci@attorneygeneral.gov | Sarah Hyser-Staub,<br>Lauren Anthony<br>McNees, Wallace & Nurick<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: December 5, 2024