IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

**APPELLANT'S EMERGENCY MOTION FOR JURISDICTIONAL CLARITY AND SUPERVISORY RELIEF**
*Relief Demanded Pursuant to FRAP 1(b), FRAP 2, and the All Writs Act*

Appellant Michael Miller, acting pro se, respectfully moves this Honorable Court for an order clarifying jurisdiction and granting supervisory relief. Pursuant to FRAP 1(b), FRAP 2, and the All Writs Act, 28 U.S.C. § 1651, this Court is empowered to take necessary measures to protect its jurisdiction, prevent procedural abuses, and ensure the fair administration of justice.

This motion arises from improper filings made by Appellees' counsel in the district court after the case was dismissed and jurisdiction was divested due to Appellant's pending appeal. These actions have created undue burdens, violated well-established jurisdictional principles, and perpetuated procedural abuses that

1

deter Appellant's exercise of his constitutional rights.

---

**RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. Declare that the district court lacks jurisdiction over motions filed post-appeal, including Appellees' December 17, 2024, filings (**Exhibit J, Docs. 67, 68**).

2. Enjoin any further proceedings in the Middle District related to sanctions or collateral matters disconnected from the merits of Appellant's constitutional claims.

3. Protect Appellant's constitutional rights from undue burdens, coercive litigation tactics, and procedural abuses by Appellees.

4. Direct the timely resolution of Appellant's constitutional claims in accordance with *Zwickler v. Koota*, 389 U.S. 241, 248 (1967).

5. Determine whether sanctions are warranted against Appellees for improper filings, including their December 17, 2024, submissions (**Docs. 67, 68, Exhibit J**) and issue appropriate relief to deter future misconduct.

6. Award Appellant costs and fees incurred in defending against improper

filings in the district court.

7. Grant such other and further relief as this Court deems just and proper.

**Proposed Order**

A proposed order granting the relief requested herein is attached for the Court's consideration.

---

**BASIS FOR RELIEF**

**A. Supervisory Powers and Jurisdictional Principles Mandate Intervention**

This Court's supervisory authority and jurisdiction are central to resolving the improper filings by Appellees.

The Supreme Court has made clear that filing a notice of appeal divests the district court of jurisdiction over matters related to the appeal. (*Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)*). The Third Circuit has upheld this principle in *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985), limiting district court authority to unrelated collateral matters.

Despite this, Appellees filed motions (Docs. 67, 68) in the closed district court case after jurisdiction had transferred to this Court. These filings undermine the jurisdictional boundaries that safeguard the appellate process and impose

unnecessary litigation burdens on Appellant. Immediate intervention is required to restore procedural integrity and ensure compliance with jurisdictional rules.

---

**B. Appellees' Litigation Tactics Warrant Judicial Intervention**

The post-dismissal filings are part of a broader pattern of coercive tactics aimed at exhausting Appellant's resources and discouraging constitutional advocacy.

The initial sanctions motion (Doc. 48), demanding $30,000, was filed after Appellees' jurisdictional challenge and before the Court considered the merits of Appellant's claims. Despite its chilling effect, the motion was deferred by Magistrate Carlson and later referred back by District Judge Wilson post-dismissal, without findings or explanation.

Appellees compounded these burdens by filing additional motions (Docs. 67, 68) in a closed case. These actions reflect a troubling misuse of procedural tools, obstructing the appellate process and forcing Appellant, a pro se litigant, to expend resources addressing baseless filings.

This Court should provide findings of fact and conclusions of law to determine whether these actions amount to a coordinated scheme designed to deter constitutional advocacy and impose retaliatory burdens on Appellant.

## C. Costs, Sanctions, and Injunctions Are Necessary to Deter Procedural Misconduct

Under its inherent authority and the All Writs Act, 28 U.S.C. § 1651, this Court can impose sanctions and enjoin further abusive filings to preserve judicial integrity.

The Third Circuit has long recognized its authority to sanction unreasonable or vexatious conduct (*Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991)) and to award costs and fees to parties forced to defend against improper filings (*Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995*)). Appellees' filings in this case represent clear abuses of process, warranting both financial penalties and injunctive relief.

An injunction is essential to prevent further misuse of the district court for retaliatory filings or collateral attacks on the appellate process. (*In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005)). Such relief is necessary to ensure that Appellant can pursue his appeal without additional procedural obstacles.

**CERTIFICATION OF NON-CONCURRENCE**

Pursuant to Third Circuit Local Appellate Rule 27.3, Appellant sought concurrence from Appellees' counsel on December 18, 2024. Appellees declined to concur in the relief requested herein.

---

**CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that this Court grant the relief outlined above, including an order clarifying jurisdiction, enjoining improper filings in the district court, reviewing whether sanctions are warranted, awarding costs and fees, and ensuring the timely resolution of Appellant's constitutional claims.

Dated: December 18, 2024

**Respectfully submitted,**

*/s/ Michael Miller*

Michael Miller

108 North Reading Road., Ste F, 246

Ephrata, PA 17522

717-388-0163

reaganfive@protonmail.com

**Attachments**

**Exhibits List**

1. **Exhibit A**: **Appellant's Petition for Declaratory Judgment and Injunctive Relief** (Doc. 1, filed January 4, 2024).

    - Referenced in the brief under the Procedural Background as the initial filing of Appellant's constitutional claims.

2. **Exhibit B**: **County's Motion to Dismiss Under Rule 12(b)(1) and Rule 12(b)(6)** (Doc. 8, filed February 1, 2024).

    - Cited in the brief to show the County's early challenge to the jurisdiction and merits of Appellant's claims.

3. **Exhibit C**: **County's Supporting Brief for Motion to Dismiss** (Doc. 16, filed February 15, 2024).

    - Highlighted in the brief to show procedural arguments raised by the County.

4. **Exhibit D**: **Sanctions Notice from County Attorney Sarah Hyser-Staub** (Doc. 48-1, served April 16, 2024).

    - Referenced in the brief as the pre-filing notice demanding withdrawal

of claims under Rule 11 and threatening sanctions.

5. **Exhibit E**: **County's Motion for Sanctions Under Rule 11** (Doc. 48, filed May 8, 2024).

    - Cited in the brief to show the escalation of the County's actions and the financial penalty demanded.

6. **Exhibit F**: **County's Supporting Brief for Sanctions Motion** (Doc. 51, filed May 10, 2024).

    - Used in the brief to detail the County's arguments and alleged procedural improprieties.

7. **Exhibit G**: **Appellant's Brief in Opposition to Motion for Sanctions** (Doc. 53, filed May 21, 2024).

    - Referenced to highlight Appellant's jurisdictional, procedural, and substantive objections to the sanctions motion.

8. **Exhibit H**: **Magistrate Judge Carlson's Report and Recommendation** (Doc. 59, filed June 20, 2024).

    - Cited in the brief to show deferral of the sanctions motion and acknowledgment of its connection to the case's merits.

9. **Exhibit I**: **District Judge Jennifer Wilson's Order Dismissing Case and**

**Referring Sanctions Motion** (Doc. 64, issued September 30, 2024).

- Referenced to emphasize the procedural ambiguity of the referral and dismissal on abstention grounds.

10. **Exhibit J**: **Appellees' Post-Appeal Filings in the District Court** (Docs. 67 and 68, filed December 17, 2024).

    - Highlighted in the brief to demonstrate improper filings made after the notice of appeal divested the district court of jurisdiction.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: December 18, 2024