IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

## MOTION TO RESTORE PROCEDURAL INTEGRITY, RESOLVE OUTSTANDING MOTIONS, EXPEDITE BRIEFING, AND CLARIFY ALLEGATIONS OF BRIEF NON-COMPLIANCE

To the Honorable, the United States Court of Appeals for the Third Circuit:

Michael Miller, the pro se Appellant, respectfully submits this motion to restore procedural integrity, resolve outstanding motions, clarify allegations of brief non-compliance, and reinstate an expedited briefing schedule in this appeal. This motion is necessary to address procedural irregularities and ensure a timely and fair resolution of this matter.

Appellant moves this Court to:

1. Direct the Court to address Appellant's October 31, 2024, motion regarding the Clerk's directive and all related objections.

2. Reinstate Appellant's original request for an expedited briefing schedule and issue an appropriate order resolving it.

3. Clarify or vacate any procedurally irregular orders issued without judicial authorization.

4. Assign judicial oversight to this appeal to ensure all future actions comply with applicable procedural rules.

5. Address Appellee County's allegations (Doc. 22) that Appellant's brief fails to comply with the Federal Rules of Appellate Procedure (FRAP) or Third Circuit Local Appellate Rules (L.A.R.), and specify any deficiencies if applicable so that Appellant, filing pro se, may address them.

In light of the procedural history of these claims, and the length of time Appellee's counsel has already had to review the brief, the Court should find Appellee's objection dubious. Courts have long recognized that pro se litigants face unique challenges navigating complex procedural and formatting requirements (*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The structural and formatting rules governing appellate briefs are particularly exhausting and intricate,

even for experienced practitioners. As such, objections lacking specificity or substantive merit serve only to create unnecessary delays, contrary to the principles of access to justice and procedural fairness.

6.  Deny Appellee County of Lancaster's motion for a 30-day extension (Doc. 22) for lack of specificity, as no briefing schedule or responsive deadline has been established.

7.  Set firm deadlines for resolving all pending motions and objections to prevent further delay.

---

## 2. Grounds for Relief

Appellant seeks relief based on:

-   **Procedural Irregularities**: Caused by the Clerk's unauthorized directive under Local Rule 27, staying briefing and listing the case for summary disposition.

-   **Failure to Address Pending Motions**: The Court has not addressed Appellant's October 31, 2024, motion and subsequent filings challenging the Clerk's directive.

- **Vague Allegations of Non-Compliance**: Appellee County's claim that Appellant's brief does not comply with procedural rules lacks specificity, creating uncertainty and procedural inefficiency.

- **Unwarranted Motion for Extension**: The County seeks a 30-day extension of time but has no current briefing obligation due to the absence of an established briefing schedule.

- **Constitutional Concerns**: Fundamental principles of due process and equal protection guarantee Appellant fair access to justice, which has been undermined by procedural delays and irregularities (*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Bearden v. Georgia*, 461 U.S. 660, 665 (1983); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)).

---

## 3. Procedural History

1. Notice of Appeal: Appellant filed a notice of appeal on October 14, 2024, seeking review of substantial constitutional claims.

2. Motion to Expedite: On October 19, 2024, Appellant filed a motion to expedite the briefing schedule (Doc. 5). Appellees opposed this motion

(Doc. 8), and Appellant filed a reply (Doc. 10). This motion remains unresolved.

3. Clerk's Directive: On October 29, 2024, the Clerk issued an unauthorized directive under Local Rule 27, staying briefing and listing the case for summary disposition (Doc. 11-1).

4. Objections and Motions Filed:

   o **Doc. 12** (October 31, 2024): Objection to Summary Disposition.

   o **Doc. 13** (November 2, 2024): Motion to Retract Clerk's Directive.

   o **Doc. 15** (November 6, 2024): Motion for Judicial Review of Clerk's Listing.

5. Court's Inaction: Despite the motions raising procedural irregularities, the Court has not acted on these filings for over six weeks.

6. Filing of Appellant's Brief: On November 18, 2024, Appellant filed an appellate brief under protest to preserve the record and comply with deadlines set forth by the Clerk's directive.

7. Clerk's Additional Directive: On December 18, 2024, the Clerk issued a text order requiring Appellant to submit seven hard copies of the brief by December 23, 2024, adding further procedural uncertainty.

8. Allegation of Non-Compliance: On December 18, 2024, Appellees alleged that Appellant's brief does not comply with FRAP or L.A.R. (Doc. 22) but did not specify how the brief is deficient.

9. County's Motion for Extension: On December 18, 2024, Appellee County filed a motion requesting a 30-day extension (Doc. 22) despite no briefing schedule being established, rendering the request unnecessary and vague.

---

## 4. Certification of Service

Appellant certifies that this motion has been served on all parties electronically through the Court's CM/ECF system.

---

## 5. Certification of Compliance

Pursuant to FRAP 32(g), Appellant certifies that this motion complies with the word count limitation of 5,200 words and is formatted in accordance with FRAP 27(d).

---

Respectfully submitted,

*/s/ Michael Miller*

Michael Miller

108 North Reading Road, Ste F, 246

Ephrata, Pennsylvania 17522

reaganfive@protonmail.com

(717) 388-0163

Date: December 19, 2024