IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| MICHAEL MILLER, | : | No. 24-2934 |
|     Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
|     Appellees. | : | |

**APPELLEE'S RESPONSE TO EMERGENCY MOTION FOR JURISDICTIONAL CLARITY AND SUPERVISORY RELIEF**

Appellee County of Lancaster ("the County"), by and through its undersigned counsel, submits the following response to *pro se* Appellant Michael Miller ("Miller")'s "Emergency Motion for Jurisdictional Clarity and Supervisory Relief" (Doc. No. 23). Because Miller has failed to show that any injunctive relief is warranted and the County's filings before the District Court are entirely proper, the County respectfully requests that this Court deny the Motion and proceed with adjudicating this appeal in the normal course it deems appropriate.

**I.    BACKGROUND**

    **A.    Miller's History of Frivolous Litigation**

The County summarizes the pertinent history of this litigation herein because such background material is relevant to assessing the instant Motion filed by Miller, which the County respectfully requests the Court deny.

This case is a continuation of a series of lawsuits Miller filed against the County in connection with proceedings under Pennsylvania's Right to Know Law ("RTKL"). Miller sought election records under the RTKL and his requests have been denied in part and granted in part. Instead of proceeding to view the requested records in the format that the County has offered, he persists in filing baseless lawsuits against the County and wasting taxpayer money.

In his Complaint filed before the trial court in this case (the "Middle District Action"), Miller recounts three categories of disputes: "Denial #1 (Copies of Mail-in Ballots)"; "Denial #2 (Cast Vote Record Report)"; and "Denial #3 (Digital Ballot Images)."

### 1. Copies of Mail-in Ballots

Miller unsuccessfully ran for a seat in the Pennsylvania Senate in May 2022. (Middle District Action, Doc. No. 1, ¶¶ 13-14). Miller claims there were various issues with the County's ballots, prompting him to request copies of all mail-in ballots created for the May 2022 election. (*Id.* ¶¶ 16-20). That request was denied in July 2022. (*Id.* ¶¶ 13, 25). Miller appealed this denial to the Commonwealth's Office of Open Records ("OOR"). Miller claims the OOR ordered the County to release records to Miller within 30 days. (*Id.* ¶¶ 32). The County sent Miller a letter outlining security measures to protect the integrity of the mail in ballots, with which he disagrees. (*Id.* ¶¶ 28, 32, 35, 40). Miller complained about these security

2

measures to the OOR, which supposedly replied that it no longer had jurisdiction over the matter. (*Id.* ¶ 40).

In December 2022, Miller filed a "Petition to Enforce a Final Determination" in the Lancaster County Court of Common Pleas, which was dismissed on the basis that the County had "complied with the OOR's Final Determination by making the records available to [Miller] subject to the regulations it deems necessary for safekeeping." (Exhibit 9 to Complaint, Middle District Action, Doc. 1-2 at 53-54). Disagreeing with this decision and claiming that the decision violates various procedural rules and due process requirements (*see id.* ¶ 41), Miller appealed to the Commonwealth Court of Pennsylvania, which appeal remains pending. *See Miller v. County of Lancaster*, 595 CD 2023 (Pa. Cmwlth.).

### 2. Cast Vote Records

Miller also alleges that on July 19, 2022, he "requested a Cast Vote Record report for the May 17, 2022 election," which the County denied on the basis that "the report is not accessible under the Election Code." (Middle District Action, Doc. No. 1 ¶¶ 43-44). Miller appealed to the OOR, which denied his appeal. (*Id.* ¶¶ 45, 52). Although Miller lodges various disagreements with the OOR's examination of evidence in connection with the denial (*id.* ¶¶ 46-51), Miller admits he did not appeal this decision from the OOR (*id.* ¶ 53).

3

### 3. Digital Ballot Images

The third "denial" referenced in the Complaint relates to Miller's request for scanned/electronic records of mail-in ballots and mail-in ballot envelopes and applications. Miller claims that in October of 2022, he "requested copies of the scanned images of the ballots used in the May 17th 2022 election," which the County denied "on grounds it does not currently maintain the records in the requested format." (*Id.* ¶¶ 55-56). Miller appealed this denial to the OOR, which affirmed the County's decision in December of 2022 (*id.* ¶¶ 57, 64), and Miller again takes issue with the OOR's consideration of evidence in connection with this denial (*id.* ¶¶ 58-60). Also in December of 2022, Miller filed a petition for review in the Court of Common Pleas of Lancaster County, which ultimately affirmed the OOR's final determination and dismissed Miller's petition. (*See* Exhibit 20 to Complaint, Middle District Action, Doc. 1-2 at 134). Miller again complains about various aspects of the Common Pleas court's reasoning. (Middle District Action, Doc. No. 1 ¶¶ 67-69, 71). Miller filed an appeal with the Commonwealth Court, which remains pending. (*Id.* ¶¶ 72-73); *see also Miller v. County of Lancaster*, 596 CD 2023 (Pa. Cmwlth.).

As a result of his dissatisfaction with the outcome of his RTKL proceedings, Miller has involved in the County in numerous meritless legal proceedings. As described above, he has unsuccessfully appealed the County's decisions to the

OOR, and then the Common Pleas Court, and further to the Commonwealth Court. In October 2022, Miller filed a Title III Complaint with the Department of State, which was also dismissed as meritless following a hearing.[1] In June 2023, Miller filed a private criminal complaint against County officials, which the District Attorney's Office concluded lacked prosecutorial merit. (Middle District Action, Doc. No. 1, ¶ 42).

      **B.**    **Relevant Proceedings in the Federal Courts**

In January 2024, Miller initiated the proceedings before the trial court in this action. Due to the numerous legal deficiencies plaguing Miller's Complaint in the Middle District Action, the County filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Middle District Action, Doc. No. 8). On April 16, 2024, the County provided notice to Miller pursuant to Federal Rule of Civil Procedure 11(c) of its intent to seek sanctions if the meritless claims against the County were not withdrawn. (Middle District Action, Doc. 48-1). Not only did Miller refuse to withdraw his Complaint, but he filed *four* additional frivolous pleadings before the trial court, seeking to compel a ruling on the pending motions to dismiss (Middle District Action, Doc. No. 39), as well as three documents he styled as "objections" to the Court's

---

[1] *See Final Adjudication and Order*, Commonwealth of Pennsylvania, Department of State, No. DOS-HAVA-2022-Dec-001 (filed January 23, 2023).

decisions (or lack thereof) (Middle District Action, Doc. Nos. 44, 45, and 46). On April 19, 2024, Miller served the County with his own notice of intent to seek sanctions against the County, claiming that the County has raised meritless legal arguments in its motion to dismiss, which it plainly did not. The County ultimately filed its Motion for Sanctions. (Middle District Action, Doc. No. 48).

On June 20, 2024, Magistrate Judge Carlson issued a Report and Recommendation recommending that the County's and the OOR's Motions to Dismiss be granted. (Middle District Action, Doc. No. 59). On September 30, 2024, Judge Wilson adopted the Report and Recommendation, dismissed the Complaint without leave to amend, directed that the case be closed, but referred the County's Motion for Sanctions back to Judge Carlson for resolution. (Middle District Action, Doc. No. 64). The County's Motion for Sanctions remains pending before the District Court.

Days after Judge Wilson dismissed the Complaint underlying this appeal, Miller filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania against the County and several County employees (the "Eastern District Action"). *See generally Miller v. County of Lancaster, et al.*, No. 5:24-cv-05338-JFL, Doc. No. 1. Miller has since filed an Amended Complaint in that action. The claims asserted in the Eastern District Action are duplicative of the claims dismissed by the Middle District Court. Indeed, Miller alleges in his

Amended Complaint that the issues in both cases are the same. Accordingly, Defendants in that case have moved to dismiss the Eastern District Action on the basis of, *inter alia*, *res judicata*. *See id*., Doc. Nos. 4 (Amended Complaint), 17 (Motion to Dismiss). To date, the Motion to Dismiss in the Eastern District Action remains pending.

On October 15, 2024, Miller filed a Notice of Appeal of Judge Wilson's September 30, 2024 Order dismissing the Complaint in the Middle District Action (Middle District Action, Doc. No. 65), thus initiating this appeal. Accordingly, Judge Wilson's Order adopting the Report and Recommendation and closing the case in the Middle District Action is the subject of the instant appeal before this Court.

On December 17, 2024, the County filed a Motion to Take Judicial Notice before the District Court in the Middle District Action, along with a supporting brief. (*Id.*, Doc. Nos. 67, 68). The County is requesting that the Middle District Court take judicial notice of Miller's continued litigation against the County to the extent that it may bear on the pending Motion for Sanctions. Because the Middle District Court retains jurisdiction over the Rule 11 motion notwithstanding this appeal, this filing was entirely proper.

## II. ARGUMENT

The County respectfully requests that the Court deny this Motion because: (1) Miller has failed to show that any injunctive relief is warranted; and (2) the County's filings before the District Court in this litigation have been proper and, as a result, no sanctions are warranted.

### A. Miller's Motion Fails to Establish That Any Injunction Should Issue.

Miller's Motion lacks proper legal support. To the extent Miller requests "judicial intervention" by this Court in matters before the District Court to stay the District Court's consideration of the County's pending Motion for Sanctions, any such request is unfounded. The District Court may continue to evaluate the pending Motion for Sanctions—notwithstanding this appeal—because this appeal does not divest the District Court of jurisdiction over the Motion for Sanctions. *See Lauber v. Belford High Sch.*, 2012 U.S. Dist. LEXIS 200297, 2012 WL 12994877, at *2 n.4 (E.D. Mich. Aug. 31, 2012) (citing "well established rule that district courts retain jurisdiction, even after a notice of appeal is filed, to enforce an order already issued prior to the filing of the notice of appeal"); 20 Moore's Federal Practice § 303.32(2)(b)(vi) ("Until the district court's judgment is superseded or stayed, the judgment is fully in effect and the district court retains the authority to enforce the judgment.").

Indeed, this Court has explicitly stated that "a Rule 11 motion is 'uniquely separable' and collateral from the decision on the merits" such that a district court retains jurisdiction even after an appeal is filed. *See Mary Ann Pensiero v. Lingle*, 847 F. 2d 90, 98 (3d Cir. 1988). Further, the District Court explicitly noted that it would continue to adjudicate the Motion for Sanctions when it issued its September 30, 2024 Order dismissing Miller's Complaint. *See* Middle District Action, Doc. No. 64 at 5 ("Notwithstanding the closure of this case, this matter is referred back to Magistrate Judge Carlson for resolution of Defendant County of Lancaster's motion for sanctions, Doc. 48.").

As the County's filings in the Middle District Action make clear, the County's recent Motion to Take Judicial Notice was made before the District Court for purposes of directing the District Court to recent filings by Miller made after its Motion for Sanctions was originally filed. *See* Middle District Action, Doc. No. 68 (stating in support of motion to take judicial notice that, in pertinent part, "[t]he County respectfully submits that this Court should take judicial notice of recent filings made by Miller in the proceedings before the Third Circuit and Eastern District—which were made after the County's Rule 11 Motion was filed— because such filings demonstrate Miller's pattern of abuse and continued pursuit of vexatious litigation strategies"). There is simply no basis for concluding that the

District Court lacks jurisdiction over the Motion for Sanctions as Miller appears to suggest.

Miller does not provide a coherent argument to explain the legal basis for his request for injunctive relief. To the extent Miller's request may be construed as requesting a stay of proceedings in the District Court pending the resolution of this appeal, Miller has failed to show entitlement to such relief. For a court to impose the "extraordinary remedy" of a stay pending appeal, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*El v. Marino*, 722 F. App'x 262, 267 (3d Cir. 2018) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)).

Miller fails to satisfy the above standard. Indeed, Miller has not made any showing he is likely to succeed on the merits in this appeal, especially where this Court has listed the appeal for possible summary action. Nor has he shown that he will be irreparably injured absent a stay. Further, there is no suggestion that the public interest is served by granting the relief Miller seeks. Thus, to the extent Miller's filing may even be construed as requesting a stay pending appeal, Miller simply has not shown that this form of extraordinary relief is warranted.

### B. The County's Filings Before the District Court Are Proper and, As a Result, No Sanctions Against the County Are Warranted.

The Court should deny Miller's Motion to the extent it seeks sanctions against the County in connection with the County's recent filings before the District Court in this case. As noted *supra*, the County filed a Motion to Take Judicial Notice for purposes of directing the Court to Miller's recent filings submitted after the sanctions motion had been filed. The District Court explicitly retained jurisdiction over that motion and recommitted it to Judge Carlson for disposition. (Middle District Action, Doc. No. 64 at 5). The County's filings were not improper, let alone sanctionable. Miller's mere disagreement with the County's decision to supplement its Rule 11 Motion submission does not mean that sanctions are warranted. The Court should reject Miller's frivolous request for sanctions.

## III. CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court deny Miller's "Emergency Motion for Jurisdictional Clarity and Supervisory Relief" (Doc. No. 23).

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By: *Sarah H Staub*
Sarah Hyser-Staub
Lauren Anthony
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5473
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Counsel for Appellee County of Lancaster*

Date: December 24, 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this Response complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,382 words, according to the Word Count feature of Microsoft Word.

                                                */s/ Sarah H Staub*
                                                Sarah Hyser-Staub

                                                *Counsel for Appellee County of Lancaster*

Date: December 24, 2024

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all parties through the Court's Electronic Case Filing System, and on Appellant by electronic mail at the following address:

Michael Miller
108 North Reading Road, Suite F, 246
Ephrata, Pennsylvania
reaganfive@protonmail.com

*/s/ Sarah H Staub*

Sarah Hyser-Staub

*Counsel for Appellee County of Lancaster*

Date: December 24, 2024