IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER Appellant, v. COUNTY OF LANCASTER, ET. AL., Appellees. | Civ. No: 24-2934 |
|---|---|

**APPELLANT'S REPLY BRIEF
IN SUPPORT OF EMERGENCY MOTION FOR JURISDICTIONAL
CLARITY AND SUPERVISORY RELIEF**
*Relief Demanded Pursuant to FRAP 1(b), FRAP 2, and the All Writs Act*

## I. INTRODUCTION

Appellant Michael Miller submits this reply to address procedural overreach, misapplication of law, and factual distortions in Appellee County's response (Doc. 26) in opposition to Appellant's motion. (Doc. 21)

County's brief relies on untested factual assertions and misrepresented precedent, despite the district court's dismissal on abstention grounds without reaching the merits. County never answered Miller's complaint and now seeks to litigate facts through briefing—a misuse of Rule 11 to intimidate a pro se litigant.

1

Central to this motion is County's post-dismissal sanctions motion, filed in district court months after the case was closed and appellate jurisdiction had attached. This violates the bright-line rule in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), and *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985). Notably, County fails to address *Griggs*.

County's reliance on *Pensiero v. Lingle*, 847 F.2d 90 (3d Cir. 1988), *Lauber v. Belford High Sch.*, and *Moore's Federal Practice* mischaracterizes the holdings. None of these cases permit post-dismissal sanctions filings after appellate jurisdiction attaches. This misrepresentation of law meets the standard for frivolity under *Neitzke v. Williams*, 490 U.S. 319 (1989).

Additionally, County's motion for judicial notice (Doc. 67) compounds the overreach, using Rule 201 improperly to penalize Miller for pursuing appellate advocacy—further demonstrating the need for supervisory intervention.

---

**II. FACTUAL AND PROCEDURAL BACKGROUND**

1. **Mischaracterization of State and Administrative Proceedings**
   County highlights Miller's RTKL filings and state litigation, which are irrelevant to this motion's jurisdictional focus.

- **Irrelevance to This Appeal:** The district court abstained without reaching the merits. County's references to state actions cannot justify sanctions in closed federal proceedings.

- **Lack of Adjudicated Facts:** No court has found Miller's advocacy frivolous. County's assertions lack factual grounding.

2. **Procedural Impropriety – County's Failure to Answer**

    County's brief presumes adjudicated defenses despite never filing an answer.

- **No Merits Ruling:** The district court's dismissal under Rule 12(b) did not assess Miller's claims, which remain untested.

- **Circumventing Procedure:** County's narrative disregards the procedural requirement that defenses be pleaded and litigated.

3. **Extrajudicial Narratives in Sanctions Filings**

    County's sanctions motion rests on assertions never adjudicated.

- **No Findings of Bad Faith:** The district court made no finding that Miller's conduct was frivolous or sanctionable.

- **Retaliatory Motive:** The timing and nature of County's post-dismissal motion suggest it aims to penalize Miller for persisting in appellate litigation.

---

## III. ARGUMENT – REBUTTING COUNTY'S LEGAL JUSTIFICATIONS

### A. Misapplication of *Pensiero, Lauber,* and *Moore's*

County's argument that district courts retain jurisdiction over sanctions post-dismissal misapplies controlling law.

- *Pensiero*: *Pensiero* allows sanctions motions pending at dismissal to proceed. County's motion was filed months after dismissal and appeal, making *Pensiero* inapplicable.

- *Lauber*: *Lauber* addresses the enforcement of prior orders, not new sanctions motions filed post-dismissal. County conflates this with unrelated filings.

- *Moore's Federal Practice*: *Moore's* permits enforcement of existing judgments—not the imposition of new sanctions where no prior ruling exists.

  **Rebuttal to *Moore's*:**

"County misreads *Moore's*. Filing new sanctions after dismissal constitutes fresh litigation, which *Griggs* prohibits."

**B. Injunctive Relief – Misapplication of *El v. Marino***

County argues Miller cannot meet the injunction standard in *El v. Marino*, 722 F. App'x 262 (3d Cir. 2018).

- **Jurisdictional Divestiture:** *El* concerns traditional injunctions, not the automatic divestiture of jurisdiction triggered by appeal.

- **Even if *El* Applies:** Miller satisfies the four-factor test.

    1. **Likelihood of Success**: *Griggs* and *Venen* prohibit post-dismissal sanctions.

    2. **Irreparable Harm**: Litigating sanctions in a closed case imposes clear harm.

    3. **Balance of Harms**: County faces no harm by respecting jurisdictional limits.

    4. **Public Interest**: Upholding jurisdictional boundaries preserves procedural fairness.

## C. Judicial Notice – Procedural Overreach

County's motion for judicial notice (Doc. 67) misapplies Rule 201 and exceeds its permissible scope.

- **Jurisdictional Overreach**: *Griggs* and *Orabi v. Attorney General*, 738 F.3d 535 (3d Cir. 2014), bar filings affecting appellate matters. Judicial notice cannot sidestep this rule.

- **Improper Use**: *FCS Capital LLC v. Thomas* confirms judicial notice cannot adjudicate disputed facts or impose sanctions through contested filings.

- **Retaliatory Intent:** County's filing seeks to penalize Miller's appellate efforts, demonstrating why supervisory relief is warranted.

## D. Practical Unfairness and Judicial Absurdity

County's argument leads to an untenable result—allowing a district court to dismiss a case while leaving a sanctions motion unresolved, only to resurface at an undefined point in the future. This framework invites selective enforcement, enabling sanctions to be "activated" at the discretion of the movant or the court, long after the case has been closed.

Such an approach disproportionately burdens pro se litigants, who remain indefinitely exposed to financial penalties for continuing to seek redress through the appellate process. Allowing a court to revive dormant sanctions motions

because a litigant persists in their advocacy undermines the finality of judgments and chills constitutional claims. This creates an unchecked procedural weapon that contradicts the very purpose of Rule 11—to prevent abuse, not facilitate it.

This practical absurdity lays the foundation for the chilling effect outlined in Part IV. The procedural vulnerability imposed by County's position cannot stand without eroding faith in the judicial process and discouraging continued advocacy by those least equipped to defend against it.

---

## IV. CHILLING EFFECT AND THE NEED FOR SANCTIONS

County's post-dismissal sanctions motion reflects procedural misuse aimed at chilling Miller's advocacy. This Court has a duty under *Martin v. Brown*, 63 F.3d 1252 (3d Cir. 1995), to deter such conduct through sanctions. Rule 11 permits sanctions not only for bad faith but for filings that are objectively unreasonable or intended to harass, delay, or inflate litigation costs.

1. **Failure to Acknowledge *Griggs* – Objective Unreasonableness**
   Ignoring *Griggs* reflects either reckless disregard for jurisdictional limits or calculated effort to sidestep them. This violation cannot be excused as oversight.

2. **Frivolous Filings and Chilling Effect**

   Under *Neitzke v. Williams*, County's motion fits the definition of frivolous. The procedural burden on Miller—who must defend improper filings—demonstrates the chilling effect on pro se advocacy.

3. **Silence on Retaliatory Purpose**

   County's failure to address Miller's allegations of retaliation speaks volumes. County offers no alternative justification for the timing or nature of its motion, reinforcing its improper purpose.

4. **Supervisory Sanctions – A Necessary Deterrent**

   *Martin v. Brown* obligates this Court to deter procedural harassment through sanctions, ensuring litigants are not burdened by abusive filings post-dismissal.

**CONCLUSION**

Appellant has established clear grounds for relief. This Court must act to protect its jurisdiction and deter procedural abuse. Miller requests that this Court grant the relief requested in the motion.

**Certification of Service**

Appellant certifies that this motion has been served on all parties electronically through the Court's CM/ECF system.

**Certification of Compliance**

Pursuant to Rule 32(g)(1), I hereby certify that this reply brief contains less than 2,600 words.

Respectfully submitted,

*/s/ Michael Miller*
Date: December 26, 2024
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163