IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

**APPELLANT'S REPLY TO COUNTY'S RESPONSE (DOC. 31) IN SUPPORT OF MOTION FOR SANCTIONS (DOC. 30)**

**I. INTRODUCTION**

Appellee County of Lancaster's response (Doc. 31) to Appellant's motion for sanctions (Doc. 30) is procedurally and substantively deficient. Instead of meaningfully rebutting Appellant's verified factual allegations, County relies solely on unverified attorney argument—which is not evidence.

County's failure to submit sworn counter-affidavits or documentary evidence renders its response legally insufficient and functionally an admission of Appellant's allegations.

Moreover, County's bare assertions and conclusory denials fail to address the sanctionable conduct outlined in Appellant's motion, including:

- Procedural misconduct
- Retaliatory filings
- Jurisdictional overreach

Because County has not refuted these allegations with competent evidence, this Court should grant Appellant's motion for sanctions.

---

## II. COUNTY'S FAILURE TO PRESENT COMPETENT EVIDENCE

County's response relies entirely on unsworn assertions from counsel rather than admissible evidence. Under well-established law, attorney argument does not constitute evidence, and unverified statements cannot rebut Appellant's verified factual allegations.

**Binding Precedent**

- *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964) – *"Statements of counsel in brief or argument are not facts before the court."*
- *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977) – *Attorney assertions are not evidence unless supported by admissible materials.*

- *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) – *A party opposing relief must provide admissible evidence, not just legal argument.*

- *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) – *"Uncontested factual allegations supported by affidavits must be taken as true."*

- *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) – *"Uncontested factual allegations supported by affidavits must be taken as true."*

County failed to submit sworn denials, counter-affidavits, or documentary evidence to contest Appellant's verified factual allegations. Because County has not provided competent rebuttal evidence, Appellant's allegations must be deemed admitted as a matter of law.

Because County's response lacks evidentiary support, it is not a valid opposition to Appellant's motion and should be disregarded by the Court.

---

### III. COUNTY FAILS TO ADDRESS ITS SANCTIONABLE CONDUCT

County's response fails to contest the specific factual and legal bases for sanctions, relying instead on conclusory statements and procedural evasion. Because County does not substantively refute Appellant's allegations, it has conceded their validity.

## A. County Fails to Justify Its Retaliatory Sanctions Motions

Rather than defending the propriety of its sanctions motions, County's response ignores the jurisdictional and procedural defects identified in Appellant's motion:

- County does not dispute that its April 2024 Rule 11 motion was filed while its own jurisdictional motion remained unresolved, demonstrating bad faith and an attempt to intimidate Appellant and obstruct judicial review.
- County does not address how its December 2024 renewed sanctions motion, filed after the appeal was docketed, violates *Griggs v. Provident*, 459 U.S. 56, 58 (1982), which prohibits district courts from interfering with matters under appellate review.

By ignoring these jurisdictional violations, County's response fails to offer any legal justification for its improper filings.

## B. County Mischaracterizes Judicial Findings

County attempts to justify its sanctions motions by misrepresenting the record:

- County does not dispute that the Magistrate's Report and Recommendation (Doc. 59) explicitly found that its sanctions motion was "intertwined" with the merits.

- Yet, County's response falsely asserts that the motion was "collateral", directly contradicting its prior position and mischaracterizing the court's findings.

Rather than addressing this contradiction, County sidesteps the issue entirely, further demonstrating its bad-faith litigation strategy.

### C. County Fails to Defend Its Repetitive, Burdensome Filings

County offers no legal or factual justification for its repetitive and meritless sanctions motions, which have forced Appellant to divert substantial time and resources from litigating substantive claims to countering procedural abuses.

This conduct meets the standard for sanctions under 28 U.S.C. § 1927, which prohibits attorneys from unreasonably and vexatiously multiplying proceedings. County's response fails to refute this standard, nor does it offer any valid explanation for its frivolous and dilatory litigation tactics.

### D. County's Expectation of Judicial Inaction

County's response assumes that this Court will not enforce procedural rules. This concern was explicitly addressed in *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008), which warned against courts allowing procedural abuses to distort litigation outcomes. County's tactics reveal troubling assumptions:

- The Court will not adjudicate verified allegations of misconduct.

- Judicial inaction can be weaponized to evade procedural rules and suppress Miller's claims.

- Miller's pro se status can be exploited to avoid substantive accountability.

By allowing County's misconduct to persist unchecked, the judicial process itself is undermined.

County's reliance on procedural maneuvering rather than substantive engagement further confirms this expectation. Notably, the government defendants derailed Miller's case by arguing that his objections under LR 72 (*Docs. 40, 60*) did not warrant judicial review because they were "generalized" (*Docs. 49, 62*), citing *Goney v. Clark*. Yet now, County relies on its own conclusory and non-substantive response to oppose this motion.

This inconsistency is not a procedural oversight—it is a deliberate manipulation of judicial review standards designed to favor government litigants at the expense of a pro se party.

The Court should find County's tactics disingenuous and reprehensible. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (*failure to enforce procedural rules distorts litigation outcomes*); *State Farm Mut. Auto. Ins. Co. v.*

*Campbell*, 538 U.S. 408 (2003) (*reprehensibility as a factor in sanctioning litigation misconduct*).

---

## IV. SANCTIONS ARE WARRANTED UNDER RULE 11 AND 28 U.S.C. § 1927

Given County's misuse of procedural tools and bad-faith litigation tactics, this Court should impose monetary and corrective sanctions to deter further misconduct.

### A. Federal Rule of Civil Procedure 11(c)

Under Rule 11, sanctions are warranted where filings are made for an improper purpose, such as harassment, unnecessary delay, or needlessly increasing litigation costs. *See* Fed. R. Civ. P. 11(b)–(c).

County's repeated and meritless sanctions motions, filed at strategic intervals to harass, demonstrate a clear pattern of abuse intended to discourage Appellant from pursuing legitimate claims.

### B. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an attorney who multiplies proceedings unreasonably and vexatiously may be required to satisfy the excess costs caused by such conduct.

County's duplicative and bad-faith filings, including renewed sanctions motions after appellate proceedings commenced, constitute precisely the unreasonable and vexatious litigation conduct that § 1927 was designed to prevent.

**This Court Should Impose Sanctions**

Sanctions are necessary to:

1. Compensate Appellant for undue costs caused by County's litigation abuse.
2. Deter County from further procedural misconduct.

---

## V. REQUESTED RELIEF

For the reasons stated, this Court should:

1. Grant Appellant's Motion for Sanctions (Doc. 30), awarding all relief from County and its counsel.
2. Strike County's Response (Doc. 31) as legally insufficient due to its failure to include verified counter-affidavits or evidence.

# VI. NOTICE TO CHIEF JUDGE OF THE THIRD CIRCUIT: PROCEDURAL DUE PROCESS VIOLATIONS

The history of judicial evasion and procedural obstruction in this case requires formal notice to Chief Judge Michael A. Chagares. Continued refusal to adjudicate verified factual allegations, failure to issue rulings based on the record and controlling law, or tacit approval of procedural barriers will constitute a denial of due process, for which judicial immunity does not apply.

## A. Legal Basis for Non-Immunity

### 1. *Ministerial Nonfeasance Is Not Protected by Judicial Immunity*

Judicial immunity does not extend to administrative failures or ministerial nonfeasance. The failure to rule on a properly supported motion—particularly one involving verified, unrebutted factual allegations—is not a discretionary judicial act, but an administrative deficiency actionable under law.

In *Forrester v. White*, 484 U.S. 219, 228 (1988), the Supreme Court held that judicial immunity does not shield failures to act that deprive litigants of due process. A judge who refuses to adjudicate a properly presented motion steps outside the judicial function and engages in impermissible procedural obstruction.

## 2. Judicial Inaction That Facilitates Retaliation Is Unlawful

If the Chief Judge and this panel refuse to rule on the merits of Appellant's claims and instead permit procedural avoidance, they will:

- Facilitate a First Amendment retaliation scheme,
- Deny Appellant the constitutional right to petition the courts, and
- Deprive Appellant of procedural due process.

The Supreme Court has long held that judges are not immune from declaratory or injunctive relief when they engage in constitutional violations. In *Pulliam v. Allen*, 466 U.S. 522, 541 (1984), the Court reaffirmed that judicial immunity does not apply when judges violate constitutional rights.

A court that permits procedural manipulation to shield constitutional violations is not merely passively allowing misconduct, but is affirmatively violating due process through inaction.

## 3. Failure to Enforce Procedural Rules Constitutes a Due Process Violation

Appellant's verified allegations establish that County has engaged in bad-faith litigation, procedural abuse, and retaliation against protected activity. The judiciary's failure to enforce procedural rules in response to these verified allegations constitutes a due process violation.

In *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970), the Supreme Court held that due process requires a meaningful opportunity to be heard, and a court's failure to rule on properly submitted claims constitutes a deprivation of due process. Refusing to engage with the record and issue a ruling based on the law is an abdication of judicial duty and a constitutional violation.

***4. The Judiciary's Alignment with the Executive Threatens Due Process***

The role of this Court is not to protect government litigants from accountability or to manufacture procedural justifications for evading adjudication. When the judiciary aligns itself with the executive branch by failing to exercise independent judgment, it ceases to function as a neutral arbiter.

As *The Federalist No. 78* (Alexander Hamilton) warns:

*"There is no liberty, if the power of judging be not separated from the legislative and executive powers. And it proves, in the last place, that as liberty can have nothing to fear from the judiciary alone, but would have everything to fear from its union with either of the other departments."*

Failure to rule on Appellant's verified allegations, or any attempt to reshape County's defense to preserve its position, would constitute a blatant violation of

these principles, transforming the judiciary from an instrument of the law into an enabler of executive overreach.

## Consequences of Continued Procedural Obstruction

Should the Chief Judge and this panel refuse to adjudicate Appellant's motion and instead allow procedural gatekeeping to obstruct judicial review, it will create a formal record of willful due process violations.

42 U.S.C. § 1983 applies to judicial officers when they engage in non-judicial actions or permit administrative failures that deprive litigants of constitutional rights.

If this Court continues to evade ruling on the verified record, it will confirm that judicial discretion is being used selectively to suppress due process, raising serious constitutional concerns under § 1983 for deprivation of due process and First Amendment rights.

**Conclusion to Notice**

This is not a discretionary matter. The judiciary has a ministerial duty to adjudicate properly supported motions based on fact and law.

If the Chief Judge and this panel fail to rule based on the verified record, they will knowingly deprive Appellant of his constitutional rights and forfeit any claim to judicial immunity for such violations.

---

## VII. CONCLUSION

County's response fails to provide any evidence, relies entirely on unverified attorney argument, and does not rebut the verified factual allegations in Appellant's Motion for Sanctions. Because County's procedural misconduct is clear, ongoing, and harmful, this Court should impose appropriate sanctions and corrective relief.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163
Date: January 30, 2025

**CERTIFICATION OF SERVICE**

I certify that this motion has been served on all parties electronically through the Court's CM/ECF system.

*/s/ Michael Miller*

Date: January 30, 2025

---

**CERTIFICATION OF COMPLIANCE**

This reply brief complies with any applicable word limits for motions under Fed. R. App. P. 27(d) and contains 1,999 words, excluding exempted sections under Fed. R. App. P. 32(f).

*/s/ Michael Miller*

Date: January 30, 2025