IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

**APPELLANT'S NOTICE OF NON-OPPOSITION TO MOTION FOR SANCTIONS (DOC. 30)**

Appellant submits this notice to inform the Court that the following named defendants in the motion have failed to file a response to Appellant's Motion for Sanctions (Doc. 30) within the 14-day deadline:

- Attorney Sarah Hyser-Staub, Counsel for County of Lancaster

- McNees Wallace and Nurick, LLC

- Mary Katherine Yarish, Counsel for the Office of Open Records (OOR)

- Michael Scarinci, Counsel for the Office of Open Records (OOR)

1

Defendants were properly served and given the opportunity to respond. Their failure to do so means the Court must now proceed without their input and rule on the motion as unopposed.

---

**1. Verified Factual Allegations Must Be Accepted as True**

Appellant's Motion for Sanctions contains verified allegations. Under well-established federal law, unrebutted verified factual allegations must be taken as true. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (*Uncontested factual allegations supported by affidavits must be taken as true*); *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (*Unopposed material facts may be deemed admitted*).

Since Defendants failed to respond, the Court must now accept as established that:

1. Defendants' filings aimed to pressure Appellant into withdrawing his lawsuit.

2. Defendants' filings caused Appellant emotional and financial harm.

3. Defendants engaged in bad-faith litigation tactics to harass and obstruct Appellant.

Because these facts now stand unrebutted, the Court cannot ignore them and must proceed accordingly.

---

## 2. Defendants Have Forfeited Their Opportunity to Rebut Appellant's Legal Arguments

Defendants had 14 days to oppose the motion for sanctions but failed to do so. Under Third Circuit precedent, when a party fails to respond to a motion, they forfeit their opportunity to challenge both the factual and legal arguments presented.

In *United States v. Brace*, 1 F.4th 137 (3d Cir. 2021), the Third Circuit held:

"Brace could have developed this argument in his response to the Government's brief but did not. He offers no compelling reason to overlook the forfeiture, so we will not."

Similarly, in *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the court recognized that failure to oppose a motion may be deemed a concession.

Here, Defendants have forfeited their opportunity to challenge Appellant's legal arguments, including:

- That Defendants' conduct was retaliatory and an abuse of process.

- That Defendants' actions violated Rule 11 and 28 U.S.C. § 1927.

- That Defendants' conduct was reprehensible.

- That sanctions are necessary to deter continued misconduct.

Having forfeited their defense, Defendants can no longer contest these points, and the Court must now rule on the legal sufficiency of Appellant's arguments as presented in the motion.

---

### 3. The Court Must Now Rule on Sanctions as a Matter of Law

Since Defendants have:

1. Failed to contest the verified factual record, and

2. Forfeited their opportunity to rebut Appellant's legal arguments,

the only remaining question before the Court is whether Defendants' actions violate Rule 11 and 28 U.S.C. § 1927 as a matter of law.

Because the record stands uncontested, and because Defendants' conduct meets the criteria for sanctions under both rules, Appellant respectfully requests that the Court grant the motion for sanctions in full as unopposed and unrebutted.

---

**CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the Court:

1. Accept the verified allegations as true pursuant to *Dole v. Arco Chem. Co.*

2. Recognize Defendants' forfeiture of legal arguments under *Brace* and *Stackhouse*.

3. Grant Appellant's Motion for Sanctions (Doc. 30) in full, as unopposed.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163
Date: February 9, 2025

## CERTIFICATION OF SERVICE

I certify that this motion has been served on all parties electronically through the Court's CM/ECF system.

*/s/ Michael Miller*
Date: February 9, 2025