IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

## NOTICE OF PROCEDURAL DEFECT: COURT FAILURE TO ASSIGN A JUDGE & CLERK'S UNAUTHORIZED ACCEPTANCE OF DOC. 35

Appellant submits this notice to formally document procedural defects that require immediate correction by this Court.

**1. No Judge Has Been Assigned to This Case in Violation of Fed. R. App. P. 45(b) & 3rd Cir. L.A.R. 27.1**

- Despite over 35 filings, this Court has failed to assign a judge to this matter—a pro se appeal raising constitutional claims—nor has it ruled on any motions.

- Under Fed. R. App. P. 45(b), the Chief Judge is responsible for ensuring the Court's orderly and prompt disposition of cases.

1

- 3rd Cir. L.A.R. 27.1 mandates that motions must be considered and decided by the Court unless otherwise ordered.

- The judiciary's continued evasion of adjudication is a violation of due process.

- *Goldberg v. Kelly*, 397 U.S. 254 (1970) (*Due process requires timely and meaningful adjudication*).

## 2. The Clerk Is Acting Beyond Its Authority Under 28 U.S.C. § 751, 3rd Cir. L.A.R. 27.6, & Fed. R. App. P. 27(b)

- The clerk's role is purely ministerial and does not include ruling on motions or accepting late responses.

- Under 28 U.S.C. § 751, clerks may not accept filings that require judicial discretion.

- 3rd Cir. L.A.R. 27.6 strictly limits the clerk's authority to procedural and administrative matters—not contested filings like OOR's response (Doc. 35).

- This Court has remained in violation of 3rd Cir. L.A.R. 27.6 since November 2024 by permitting the clerk to handle a substantive matter

without judicial approval and to which pro se Appellant has filed multiple objections, including Docs. 13, 14, and 15.

- Despite these formal objections, the clerk continues to exercise discretion beyond the scope of their ministerial role, undermining judicial integrity and violating procedural due process.

- By docketing and accepting OOR's untimely response (Doc. 35) without judicial approval, the clerk has exercised authority reserved exclusively for a judge.

- *Tumey v. Ohio*, 273 U.S. 510 (1927) (*Judicial power cannot be delegated to non-judicial officers*).

**3. OOR's Response (Doc. 35) Must Be Disregarded as Procedurally Invalid Under Fed. R. App. P. 27 & 3rd Cir. L.A.R. 27.3**

- Fed. R. App. P. 27(b) requires that all responses be filed as formal motions or opposition documents.

- 3rd Cir. L.A.R. 27.3 states that uncontested motions may be treated as unopposed—which applies to OOR's failure to timely respond.

- The clerk has no power to consider or process an untimely response that was never approved by a judge.

3

**RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. Acknowledge that no judge has been assigned and explain the delay in adjudicating this case in violation of Fed. R. App. P. 45(b) and 3rd Cir. L.A.R. 27.1.

2. Formally rule that clerks may not accept or process late responses without judicial approval under 28 U.S.C. § 751 and 3rd Cir. L.A.R. 27.6.

3. Clarify whether the Court intends to rule on Appellant's motions or continue administrative avoidance.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163
Date: February 10, 2025

**CERTIFICATION OF SERVICE**

I certify that this motion has been served on all parties electronically through the Court's CM/ECF system.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163
Date: February 10, 2025