IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

**APPELLANT'S EMERGENCY MOTION TO COMPEL RULINGS, VACATE VOID DISTRICT COURT ORDERS, ISSUE INJUNCTIVE RELIEF, AND DETERMINE THE UNDERLYING APPEAL**

**I. RELIEF REQUESTED**

Pursuant to Federal Rule of Appellate Procedure 27 and the All Writs Act, 28 U.S.C. § 1651, Appellant Michael Miller respectfully moves this Court to:

1. Vacate Magistrate Judge Carlson's March 3, 2025, orders (Docs. 69 & 70) as void for lack of jurisdiction.

2. Issue an injunction under the All Writs Act, 28 U.S.C. § 1651, prohibiting the district court and Magistrate Judge Carlson from issuing any further rulings in this case while the appeal is pending.

3. Recognize that this motion effectively resolves the underlying appeal, as the district court's abstention decision itself constitutes reversible error under *Zwickler v. Koota*, 389 U.S. 241 (1967). If the district court had jurisdiction to issue Docs. 69 & 70, then its prior abstention ruling is legal error requiring reversal.

4. Reverse the district court's abstention ruling and remand for adjudication of Appellant's constitutional claims.

5. Clarify that Magistrate Judge Carlson exceeded his statutory authority under 28 U.S.C. § 636 by issuing final orders post-dismissal, despite the parties declining consent, and after the district court was divested of jurisdiction.

## II. GROUNDS FOR RELIEF

1. Jurisdictional Violations – The district court was divested of jurisdiction upon Appellant's October 14, 2024, notice of appeal, rendering any post-dismissal orders void under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), and *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985).

2. Abstention Doctrine Contradiction – The district court abstained from jurisdiction yet later reasserted it, violating *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

3. Exceeding Magistrate Judge Authority – The parties declined consent to Magistrate Judge Carlson's jurisdiction under 28 U.S.C. § 636(c). Under § 636(b)(1), Carlson lacked authority to issue final rulings and could only issue a report and recommendation (R&R) subject to district judge review.

4. Post-Appeal Judicial Overreach – Carlson's orders were issued five months after the case was on appeal, directly violating the jurisdictional limits imposed by *Griggs* and *Venen*.

5. Violation of *Zwickler v. Koota* – The district court's abstention ruling was legal error because federal courts are required to adjudicate constitutional claims. The ruling must be reversed, and the case must be remanded.

6. Necessity of an Extraordinary Writ Under the All Writs Act – The Third Circuit must exercise its authority under 28 U.S.C. § 1651 to enjoin the district court from further unauthorized action and protect its appellate jurisdiction.

For further legal argument and supporting authorities, Appellant incorporates by reference the Brief in Support of this Motion, filed concurrently.

---

## III. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Vacate Magistrate Judge Carlson's March 3, 2025, orders (Docs. 69 & 70) as void for lack of jurisdiction.

2. Issue an injunction under the All Writs Act, 28 U.S.C. § 1651, prohibiting the district court and Magistrate Judge Carlson from issuing any further rulings in this case while the appeal is pending.

3. Recognize that this motion effectively resolves the underlying appeal, as the district court's abstention decision itself constitutes reversible error under *Zwickler v. Koota*, 389 U.S. 241 (1967). If the district court had jurisdiction to issue Docs. 69 & 70, then its abstention ruling is legal error requiring reversal.

4. Reverse the district court's abstention decision and remand for adjudication of Appellant's constitutional claims.

5. Clarify that Magistrate Judge Carlson exceeded his statutory authority under 28 U.S.C. § 636 by issuing final orders in a closed case where the parties declined consent and after the district court was divested of jurisdiction.

---

**Index of Exhibits**

- Exhibit A – Magistrate Judge Carlson's March 3, 2025, Memorandum (Doc. 69).

- Exhibit B – Magistrate Judge Carlson's March 3, 2025, Order (Doc. 70).

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata, PA 17522
717-388-0163
reaganfive@protonmail.com

March 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 4, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br><br>Appellees. | Civ. No: 24-2934 |

**PROPOSED ORDER**

AND NOW, this ___ day of _____, 2025, upon consideration of Appellant's Emergency Motion for Rulings, Vacatur of Void District Court Orders, Injunctive Relief, and Determination of the Underlying Appeal, IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Carlson's March 3, 2025, orders (Docs. 69 & 70) are VACATED as void for lack of jurisdiction.

2. Pursuant to the All Writs Act, 28 U.S.C. § 1651, the District Court and Magistrate Judge Carlson are ENJOINED from issuing any further rulings in this case while the appeal is pending.

3. The district court's abstention decision is REVERSED as legal error under *Zwickler v. Koota*, 389 U.S. 241 (1967), and jurisdiction is restored to

adjudicate Appellant's constitutional claims. If the district court had jurisdiction to issue Docs. 69 & 70, then its abstention ruling is reversed as inconsistent with its own assertion of jurisdiction.

4. It is further ORDERED that Magistrate Judge Carlson exceeded his statutory authority under 28 U.S.C. § 636 by issuing final rulings in a closed case where the parties declined consent and after the district court was divested of jurisdiction.

SO ORDERED.

---

United States Circuit Judge