IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

# APPELLANT'S SUPPLEMENTAL MOTION TO STRIKE MAGISTRATE JUDGE CARLSON'S SANCTIONS DISCUSSION AS PROCEDURALLY INVALID AND AN UNCONSTITUTIONAL ADVISORY OPINION

## INTRODUCTION

Appellant Michael Miller respectfully moves this Court to strike all discussion of potential future sanctions from Magistrate Judge Carlson's March 3, 2025 Order (Doc. 69) because it violates Rule 11's procedural safeguards and constitutes an unconstitutional advisory opinion.

This motion supplements Appellant's Emergency Motion for Supervisory Relief (Doc. 39), which seeks to vacate Carlson's rulings (Docs. 69 & 70) as void for lack of jurisdiction.

## LEGAL BASIS FOR STRIKING IMPROPER SANCTIONS DISCUSSION

### 1. Carlson's Discussion of Future Sanctions Violates Rule 11's Procedural Safeguards

- Rule 11(c)(2) requires that a motion for sanctions be served at least 21 days before being filed with the court.
- No such motion was properly served or filed before Carlson issued his ruling.

- Carlson sua sponte issued a sanctions warning without a separate show-cause order, violating Rule 11(c)(3).
- Without a properly filed motion, Carlson's discussion of sanctions is procedurally improper and must be struck.

## 2. Carlson Issued an Advisory Opinion in Violation of Article III

- Federal courts cannot rule on hypothetical legal issues.
- Carlson's ruling preemptively threatens Miller with sanctions for future conduct that has not yet occurred.
- *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), prohibits advisory opinions because they lack a concrete case or controversy.
    - The Supreme Court expressly rejected "hypothetical jurisdiction," holding that:
        - *"Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning."*
        - *"For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."*
- Carlson's sanctions warning, issued in a case that was already closed and on appeal, is a textbook example of hypothetical jurisdiction.
- By issuing threats of sanctions against future, unspecified litigation, Carlson was not resolving a live controversy but engaging in exactly the type of unconstitutional advisory ruling that *Steel Co.* condemns.
- Carlson's ruling must be struck from the record to prevent an unconstitutional exercise of judicial power.

### 3. Carlson's Statements Create a Chilling Effect on Miller's Right to Access the Courts

- Carlson's preemptive threat of sanctions is designed to deter Miller from filing lawful litigation in the future.
- This violates First and Fifth Amendment due process rights by conditioning Miller's access to the courts on the threat of punishment.
- Federal courts must not intimidate litigants from pursuing their legal rights.

### RELIEF REQUESTED

Appellant respectfully requests that the Court:

1. Strike from Doc. 69 any references to potential future sanctions against Miller.
2. Issue an order confirming that any future sanctions must follow Rule 11's procedural safeguards.
3. Vacate any portion of Carlson's ruling that threatens Miller with Rule 11 sanctions without a properly filed motion.

### Index of Exhibits

- Exhibit A – Magistrate Judge Carlson's March 3, 2025, Memorandum (Doc. 69).
- Exhibit B – Magistrate Judge Carlson's March 3, 2025, Order (Doc. 70).

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata, PA 17522
717-388-0163
reaganfive@protonmail.com

March 8, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 8, 2025