IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934 |

**APPELLANT'S MOTION TO DISQUALIFY MAGISTRATE JUDGE CARLSON FOR BIAS AND LACK OF IMPARTIALITY**

**INTRODUCTION**

Appellant Michael Miller respectfully moves this Court to disqualify Magistrate Judge Martin C. Carlson from any further proceedings in this case pursuant to 28 U.S.C. § 455(a) and § 144, as his statements in Doc. 69 demonstrate clear bias and a lack of impartiality.

This motion supplements Appellant's Emergency Motion for Supervisory Relief (Doc. 39) and Appellant's Supplemental Motion to Strike Carlson's Sanctions Discussion, both of which challenge Carlson's jurisdictional overreach and procedural violations.

This motion is necessary because Carlson's inflammatory and prejudicial language demonstrates a deep-seated bias against Appellant, requiring immediate disqualification.

---

**LEGAL BASIS FOR DISQUALIFICATION**

**1. Carlson's Language Demonstrates Deep-Seated Bias**

- Carlson referred to Miller's legal efforts as:
    - "an increasingly erratic, feckless course"
    - "a quixotic quest"
- Under *Liteky v. United States*, 510 U.S. 540 (1994), a judge must be disqualified when they display deep-seated favoritism or antagonism that makes fair judgment impossible.
- Carlson's use of derisive and prejudicial language indicates an extrajudicial bias that violates Canon 3(A)(3) of the Code of Conduct for United States Judges, which states that a judge must be patient, dignified, and courteous to litigants.

---

**2. Carlson Prejudged Future Filings, Violating Due Process**

- Carlson warned Miller of future sanctions without cause, prejudging any future legal efforts.

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), holds that a judge must recuse themselves when bias creates a risk of unfair rulings.

- Carlson's warning shows he has already made up his mind about Miller's future litigation, requiring disqualification.

## 3. Carlson's Ruling Mirrors the Government's Arguments, Demonstrating Lack of Impartiality

- Carlson's order directly echoes the County's sanctions motion without independent analysis.

- 28 U.S.C. § 455(a) requires a judge to recuse themselves when their impartiality "might reasonably be questioned."

- A reasonable observer would conclude that Carlson is biased in favor of the government.

**RELIEF REQUESTED**

Appellant respectfully requests that the Court:

1. Disqualify Magistrate Judge Carlson from further proceedings in this case.

2. Reassign the case to a different magistrate judge.

3. Issue an order barring Carlson from ruling on any future filings related to this matter.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata, PA 17522
717-388-0163
reaganfive@protonmail.com

March 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 8, 2025