IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Appellant*,<br><br>v.<br><br><br>COUNTY OF LANCASTER, *et al.*,<br>*Appellees*. | Civ. No: 24-2934<br><br>(D.C. No: 1-24-CV-00014) |

## SUPPLEMENT TO MOTION TO EXPEDITE APPEAL (Doc. 5)

## To Clarify Jurisdictional Misapprehension and Preserve Review of Federal Claims

Appellant respectfully supplements his Motion to Expedite Appeal (Doc. 5), pending since October 2024, to notify the Court of material post-dismissal developments that refute the factual predicate of the district court's ruling.[1] The Report and Recommendation (Doc. 59, 64) adopted by the district court in this matter rested on the assumption that Appellant's federal constitutional claims—brought under the First and Fourteenth Amendments—were subject to ongoing

---

[1] To the extent applicable, Appellant respectfully submits this supplement under the principles of Federal Rule of Appellate Procedure 28(j). Appellant notes, however, that his November 2024 appellate brief was filed under protest, due to the Clerk's irregular enforcement of Local Rule 27, including coercive docket management and improper denials of access documented at ECF Nos. 11–16. This supplement is not intended to relitigate those procedural violations but to ensure the record reflects post-dismissal developments that independently invalidate the district court's ruling.

1

litigation in Pennsylvania state court. That assumption was incorrect when made and is now conclusively disproven by final state court orders entered April 11, 2025 in *Miller v. County of Lancaster*, Nos. 595 C.D. 2023 and 596 C.D. 2023.

These rulings confirm that the state courts did not adjudicate any of Appellant's federal constitutional claims, and that Appellant's choice of a federal forum under *Zwickler v. Koota*, 389 U.S. 241 (1967), remains both valid and exclusive. Appellant submits this filing to preserve that distinction in the record and to preclude any suggestion—implicit or explicit—that the appeal is moot or duplicative of state proceedings.

**I. State Court Proceedings Did Not Adjudicate Federal Claims**

On April 11, 2025, the Commonwealth Court of Pennsylvania issued decisions in *Miller v. County of Lancaster*, Nos. 595 C.D. 2023 and 596 C.D. 2023, affirming the dismissals of Appellant's petitions concerning public access to election-related records under Pennsylvania's Right-to-Know Law (RTKL). Copies of both decisions are attached to this filing for the Court's convenience.

Critically, these state court decisions:

- Did not adjudicate any federal constitutional claims;
- Resolved the cases exclusively on statutory and procedural grounds;

- Did not reach or analyze the First or Fourteenth Amendment issues raised in Appellant's federal action.

The Commonwealth Court treated the underlying actions as petitions for enforcement or statutory review under Pennsylvania law. At no point did the court consider whether the statutory regime, as applied, violated free expression, equal protection, or due process under the U.S. Constitution. Nor did the court address the structural defects Appellant challenges in this action, including the denial of access to a federal forum and the procedural deprivation caused by reliance on unauthenticated and unsworn evidence.

Accordingly, Appellant's federal claims remain wholly unadjudicated and are not the subject of any state court ruling. The district court's premise that these claims are "the subject of ongoing litigation" in another forum is now factually disproven and cannot support abstention or dismissal.

## II. No Parallel Proceedings Exist—Federal Claims Were Reserved for Federal Court

From the outset, Appellant has carefully maintained a jurisdictional distinction between his state and federal claims. His state court petitions were limited to enforcement of statutory rights under the RTKL and the Pennsylvania

Election Code. His federal action, by contrast, seeks declaratory and injunctive relief under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, including:

- Denial of access to a federal forum;

- Viewpoint-based discrimination;

- Structural due process defects in the RTKL process itself.

This is not parallel litigation—it is a jurisdictionally appropriate bifurcation. Appellant explicitly informed the Pennsylvania Supreme Court of this division, stating:

*"The First and Fourteenth Amendment questions initially raised in state court are now being pursued in a federal forum. My state actions address only the statutory and procedural issues under the Pennsylvania Right-to-Know Law and the Election Code."*

Appellant's right to pursue constitutional claims in federal court is firmly protected. As the Supreme Court held in *Zwickler v. Koota*, 389 U.S. 241, 248 (1967):

*"Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims."*

The district court violated this duty. It dismissed Appellant's complaint on the assumption that state courts were adjudicating the same issues—an assumption now plainly false. Even if the court had discretion under the Declaratory Judgment Act to decline jurisdiction in favor of parallel state proceedings, such proceedings do not exist.

The April 11, 2025 decisions confirm what the record already made clear: no state court has addressed Appellant's constitutional claims, nor could those courts have provided adequate federal remedies. The misapplication of *Brillhart* and *Wilton* in this context was procedurally and substantively unfounded.

**III. Structural Harm and Request for Prompt Panel Action**

This appeal has been fully docketed and briefed on jurisdictional grounds, and Appellant's Motion to Expedite remains pending. The continued absence of panel assignment or briefing schedule risks effecting a **constructive mootness** that mirrors the structural denial of federal review challenged in this very action.

5

The district court's dismissal under Rules 12(b)(1) and 12(b)(6) was premised on a demonstrably false factual predicate: that Appellant's constitutional claims were subject to resolution in state court. That premise has now been conclusively disproven. These claims are live, unadjudicated, and procedurally entitled to federal consideration.

Appellant respectfully submits this supplement to preserve the integrity of the record, to notify the Court of a jurisdictionally material development, and to request the following relief:

---

**Relief Requested**

Appellant respectfully renews his request that this Court:

1. Promptly assign this case to a merits panel;

2. Issue an expedited briefing schedule;

3. Acknowledge that the district court's abstention and dismissal rested on a false factual assumption;

4. Preserve Appellant's right to full and timely federal review of his constitutional claims, as guaranteed under *Zwickler* and *Mortensen*;

5. Enter such other relief as may be just and necessary to protect Appellant's access to a federal forum.

**APPENDIX**

**Filed in Support of Supplement to Motion to Expedite Appeal – No. 24-2934**

**A1**: Opinion and Order, *Miller v. County of Lancaster*, No. 595 C.D. 2023 (Pa. Commw. Ct., Apr. 11, 2025)

**A2**: Opinion and Order, *Miller v. County of Lancaster*, No. 596 C.D. 2023 (Pa. Commw. Ct., Apr. 11, 2025)

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated:  April 30, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: April 30, 2025