CLD-163 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2934
_____

MICHAEL MILLER,
　　　　　　　　　　　　　　　Appellant

v.

COUNTY OF LANCASTER, Political Subdivision;
OFFICE OF OPEN RECORDS, State Agency
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-00014)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted for Possible Summary Action, and on Appellant's Motion to
Summarily Reverse, Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: July 28, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Miller appeals from the District Court's order dismissing his complaint. We will affirm.

I.

In 2022, Miller unsuccessfully ran for Pennsylvania State Senate in a district within Lancaster County. He later requested three categories of voting records from the County under Pennsylvania's Right to Know Law.

First, Miller asked to inspect and copy mail-in ballots and envelopes. The County's Office of Open Records ("OOR") ordered it to make certain of those records available "subject to the provisions of the Election Code," and the County made them available under conditions including that Miller could inspect the documents under supervision and take notes but not make copies. Miller instead filed a petition in the Court of Common Pleas for Lancaster County to "enforce" the OOR's order in which he sought unconditional access. That court denied his petition, and the Commonwealth Court affirmed on the ground that the conditions were consistent with both the OOR's order and the Election Code. See Miller v. County of Lancaster, No. 595 C.D. 2023, 2025 WL 1086877, at *6-8 (Pa. Commw. Ct. Apr. 11, 2025).

Second, Miller requested digital images of the same mail-in ballots and envelopes. The County denied this request on the ground that the records did not exist in that format.

2

The OOR, the Court of Common Pleas, and the Commonwealth Court all have affirmed that decision. See Miller v. County of Lancaster, No. 596 C.D. 2023, 2025 WL 1088110, at *1, 10 (Pa. Commw. Ct. Apr. 11, 2025).

Finally, Miller requested the Cast Vote Records for the election. The County denied his request, and the OOR denied his appeal. Miller did not seek further review.

While Miller's Commonwealth Court appeals were pending, he filed pro se the federal action at issue here. He named Lancaster County and the OOR as defendants, and he requested two forms of relief. First, he requested a declaratory judgment that the decisions of the County, the OOR, and the Court of Common Pleas, as well as the provisions of Pennsylvania law they applied—all of which he characterized as "restraints" on his access to voting records—are invalid under the First and Fourteenth Amendments. In that regard, he asked the court to "address" 23 questions about his state proceedings and Pennsylvania law. Second, Miller also asked the court to enjoin these alleged "restraints," including various provisions of Pennsylvania law that he asked the court to replace with its own "interim provisions for public record access." (ECF No. 1 at 19 ¶ 105.) Although Miller couched many of his requests in constitutional terms, his constitutional claims were wholly vague and conclusory.[1]

---

[1] For example, Miller asserted his First Amendment claim primarily by posing a series of generalized questions such as "[d]oes the County's imposition of restraints constitute action by which the government might prevent free and general discussion of public

3

The defendants filed motions to dismiss Miller's complaint, and a Magistrate Judge recommended granting them on the ground that the District Court should exercise its discretion under the Declaratory Judgment Act to decline to hear the suit. The Magistrate Judge recommended in the alternative that the court transfer the suit to the Eastern District of Pennsylvania, which encompasses Lancaster County. Miller filed objections, but the District Court overruled them and adopted the Magistrate Judge's primary recommendation to dismiss the suit, which it did with prejudice.

Miller responded by filing both a separate civil action in the Eastern District of Pennsylvania[2] and this appeal. In this appeal, our Clerk advised Miller that the Court would consider taking summary action, which we may do when an appeal presents no substantial question. See 3d Cir. L.A.R. 27.4(a) (2011). Miller has filed several

---

matters?" and "[m]ight the State's actions . . . prevent free and general discussion of public matters?" (ECF No. 1 at 19 ¶ 74, 21 ¶ 90.) Miller's due process and equal protection claims were similarly undeveloped. (E.g., id. at 21 ¶ 94) ("Did the judicial review provided to Miller satisfy due process and equal protection requirement[s]?"). Miller did not allege anything permitting a meaningful declaration on these issues.
[2] See Miller v. County of Lancaster, et al., E.D. Pa. Civ. No. 5:24-cv-05338. In that case, Miller asserted numerous similar claims against Lancaster County and other defendants and requested similar declaratory and injunctive relief as well as damages. His 83-page amended complaint in that case provided more detail about his claims than he provided here. In that case, the District Court dismissed most of Miller's claims but gave him leave to amend some of them, which Miller still has. Miller has appealed that ruling at C.A. No. 25-1423, which we are addressing separately.

responses on that issue and numerous other documents, including a brief on the merits and his own motion for summary action. We have jurisdiction under 28 U.S.C. § 1291.

II.

We will affirm. The District Court had "substantial discretion" to decline Miller's request for a declaratory judgment, Reifer v. Westport Ins. Corp., 751 F.3d 129, 139 (3d Cir. 2014) (quotation marks omitted), and we review its ruling only for abuse of that discretion, see id. at 140. We review attendant legal issues de novo. See Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 281 (3d Cir. 2017).

We perceive no abuse of discretion or reversible error of law here. The Magistrate Judge identified the general factors that a court must consider in declining a declaratory judgment, see Reifer, 751 F.3d at 140, and the court did not abuse its discretion in adopting the Magistrate Judge's assessment of those factors. Among other things, the Magistrate Judge considered Miller's pending proceedings in state court and some potential impediments to resolving his federal claims in the manner he presented them here. See id. The Magistrate Judge also considered the convenience of the parties in determining that the Eastern District of Pennsylvania would be a more convenient forum. See id. Indeed, now that Miller has substantially litigated his more specific claims in that forum, the court's decision to decline a declaratory judgment in this case appears even more appropriate.

Miller, despite his many filings, has raised only two related challenges to the District Court's ruling that we need address.[3] Miller argues that his pending Commonwealth Court appeals were not "parallel state proceedings" for declaratory judgment purposes. Kelly, 868 F.3d at 282 (quotation marks omitted). He further argues that the District Court erred in reviewing the Magistrate Judge's assessment of that issue only for clear error or manifest injustice because his objections were specific enough to trigger de novo review. But even if we agreed with Miller on that second point, any error in that regard would be harmless because we review the issue de novo ourselves, see id. at 281, and because Miller's underlying argument lacks merit.

Miller argues that his Commonwealth Court appeals were not "parallel state proceedings" for declaratory judgment purposes because they did not include his federal claims.[4] This argument ignores the fact that Miller himself raised his federal claims in at least one of those appeals. See, e.g., Miller, 2025 WL 1086877, at *3 (noting Miller's argument "that County and common pleas violated Miller's rights under the First and

---

[3] In so concluding, we reject as meritless all of Miller's other arguments, including that the Magistrate Judge and District Court committed judicial misconduct and that the court should have granted him a default judgment.

[4] Miller relatedly argues in his motion for summary action that the District Court was required to hear his federal claims pursuant to Zwickler v. Koota, 389 U.S. 241 (1967). But Zwickler was an abstention case in which the Court did not discuss courts' discretion under the Declaratory Judgment Act or opine on whether the plaintiff was entitled to a declaration. See id. at 244-45 & n.3.

6

Fourteenth Amendments to the United States Constitution"); see also id. at *4 (noting the County's argument that Miller's constitutional claims there were "vague and uncertain"). In any event, Miller's claims in this case too were "vague and uncertain" and in fact were so conclusory that they failed to meaningfully assert any federal right that the District Court could have declared.[5]  Thus, any error in this regard was harmless as well.

    We note one final issue.  In his complaint, Miller requested both declaratory and injunctive relief.  The Magistrate Judge acknowledged Miller's requests for injunctive relief but did not address whether they were independent of his requests for declaratory relief such that the court should have heard them regardless of its decision to decline a declaration.  See Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017). Miller, however, has not raised or even mentioned that issue in his many filings with this Court.  And even if we were to reach it, we would perceive no reversible error because his underlying claims were wholly vague and conclusory as explained above.  Many of Miller's requests also failed as a matter of law for other reasons, including that federal courts cannot rewrite state statutes as he asked.  See Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 329 (2006); Conchatta Inc. v. Miller, 458 F.3d 258, 263, 265 (3d Cir. 2006).

---

[5] We again note that Miller later asserted more specific constitutional claims in his action in the Eastern District of Pennsylvania and that he still has leave to amend some of those claims.  We express no opinion on the merits of that action or any claim therein.

III.

For these reasons, we will affirm the judgment of the District Court. Miller's motions and requests for relief are denied.