IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

*(Pursuant to Federal Rule of Appellate Procedure 40 and Third Circuit Local*

*Rules 35.1 and 40.1)*

Appellant Michael Miller respectfully petitions for both panel rehearing and rehearing en banc in a single combined petition, as required under Rule 40(a), of the Court's July 28, 2025 memorandum and judgment (ECF Nos. 59, 60), which summarily affirmed dismissal of his civil rights claims in Appeal No. 24-2934. This petition challenges not merely the result, but the method by which it was reached—without briefing, without resolution of jurisdictional contradictions, and without application of controlling standards.

## PETITION FOR PANEL REHEARING UNDER RULE 40(b)(1)

1

Pursuant to Federal Rule of Appellate Procedure 40(b)(1), Appellant Michael Miller respectfully petitions for panel rehearing on the following grounds. Each point identifies a legal or factual error that the panel has overlooked or misapprehended and provides supporting argument for rehearing, and states:.

## *1. The Panel Misapprehended Jurisdictional Requirements by Affirming Abstention Without First Establishing Jurisdiction*

*(Controlling Law Overlooked: Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998))*

The panel affirmed discretionary abstention under the Declaratory Judgment Act after affirming dismissal under Rule 12(b)(1). This sequencing directly violates Steel Co., which holds that federal courts may not reach discretionary doctrines or merits-based determinations without first establishing subject-matter jurisdiction. The power to abstain presupposes the power to adjudicate. By approving abstention without identifying any jurisdictional basis, the panel committed structural error. The resulting judgment—including the Rule 12(b)(6) dismissal—is void for want of judicial power.

## *2. The Panel Relied on a Factual Error Regarding Parallel State Proceedings*

*(Factual Overlooked: No adjudication of federal claims in state court; Legal Conflict: Kelly v. Maxum, 868 F.3d 274 (3d Cir. 2017))*

The panel stated that Appellant's federal constitutional claims were raised and adjudicated in state court. This is factually incorrect. The Commonwealth Court decisions (ECF 57) show the cases were resolved on state RTKL grounds, and that a motion to amend to raise federal claims was denied. Under *Kelly*, abstention requires substantial similarity in claims actively being adjudicated. Treating denied briefing as equivalent to adjudication misstates the record and misapplies the law.

### 3. The Panel Affirmed a Rule 12(b)(6) Dismissal Without Applying Pleading Standards

*(Legal Overlooked: Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. v. Twombly, 550 U.S. 544 (2007))*

The panel affirmed dismissal of facial constitutional claims as "vague and conclusory" without applying the required two-step plausibility framework under *Iqbal* and *Twombly*. The district court made no findings under this standard, and the panel did not assess the sufficiency of each essential element. This renders the dismissal legally infirm and procedurally unsupported.

### *4. The Panel Misapplied Rule 12(b)(1) Standards by Drawing Inferences Against the Complaint*

*(Legal Overlooked: Mortensen v. First Fed. Sav. & Loan, 549 F.2d 884 (3d Cir. 1977))*

In affirming dismissal under Rule 12(b)(1), the panel relied on factual assertions outside the pleadings and drew inferences against the Appellant—particularly regarding supposed federal issues in state court. *Mortensen* prohibits this: facial jurisdictional challenges must accept all allegations as true and construe them in the plaintiff's favor. The panel's reliance on briefing from another forum, rather than adjudication, constitutes impermissible jurisdictional factfinding.

### *5. The Panel Overlooked a Violation of 28 U.S.C. § 636(b)(1) and Misapplied Harmless Error*

*(Legal Overlooked: EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017))*

Appellant filed specific objections to the magistrate judge's dispositive report, triggering mandatory de novo review. The district court declined to conduct that review, labeling the objections "general." The panel acknowledged this but excused it as harmless. *Long Branch* holds that failure to perform de novo review under § 636(b)(1) is structural error—not subject to harmless-error review.

Appellate review cannot substitute for the Article III judge's duty to adopt or reject dispositive recommendations.

### 6. The Panel Overlooked the Structural Impact of Procedural Suppression by the Clerk of Court

*(Legal Overlooked: FRAP 27(b); Third Circuit L.A.R. 27.6)*

Appellant's right to briefing was suppressed by a Clerk-initiated stay and summary action process. No judicial order or party motion authorized this deviation. The panel ignored repeated objections (ECF Nos. 13, 14) and failed to address this procedural defect. Suppressing briefing through nonjudicial action undermines Article III responsibilities and deprived Appellant of adversarial appellate review. That breakdown is not harmless; it is structural.

### 7. The Panel Overlooked the Improper Denial of Leave to Amend Without a Futility Finding

*(Legal Overlooked: Foman v. Davis, 371 U.S. 178 (1962))*

The district court dismissed Appellant's complaint with prejudice without explaining why amendment would be futile, despite *Foman*'s clear guidance and the liberal standard favoring amendment, particularly for pro se litigants. The panel

did not address this defect, allowing a dismissal order to stand despite facial

procedural deficiencies.


### 8. The Panel Misapplied <u>Reifer</u> and Invented Discretion Where None Existed

*(Legal Overlooked: Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014);*

*Conflicts: Kelly, McLaughlin, Fox, Long Branch)*

The panel invoked *Reifer* to justify abstention, but the record lacks the

conditions *Reifer* requires. *Reifer* grants limited discretion only when parallel state

proceedings exist. Where they do not—as here—the court must conduct a

structured balancing of abstention factors, not rely on boilerplate or generalized

concerns. The panel affirmed abstention without identifying any active,

adjudicated, substantially similar state proceeding. It compounded this error by

deferring to unreviewed magistrate findings and speculating about overlap that

never existed. This use of *Reifer* as a shield for non-review violates *Kelly*,

contradicts *Fox* and *McLaughlin*, and disregards *Long Branch*'s structural

requirements for magistrate oversight.


### 9. The Panel Misstated the Record on Venue and Applied Nonexistent Discretion

*(Legal Overlooked: Stjernholm v. Peterson, 83 F.3d 347 (10th Cir. 1996); Costlow*

*v. Weeks, 790 F.2d 1486 (9th Cir. 1986); SEC v. Chenery, 318 U.S. 80 (1943))*

The panel's justification for abstention based on "venue convenience" is a textbook violation of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943). The district court never made a finding under § 1404 or § 1406, and no party moved to transfer venue. Appellant briefed this extensively (ECF 42), citing *Costlow* and *Stjernholm*, which bar sua sponte venue dismissal after waiver. The panel nevertheless supplied its own rationale—namely, that abstention was "even more appropriate" because Appellant later litigated in the Eastern District. This post hoc reasoning contradicts *Chenery's* rule that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Id.* at 87. Judicial review must assess the legality of the decision on the grounds actually invoked, not on what the panel finds plausible in hindsight. This procedural distortion—endorsing abstention on a basis neither briefed nor ruled upon—denies fair process and exceeds the permissible scope of appellate review.

---

## Conclusion

These errors, individually and collectively, demonstrate that the panel misapprehended controlling precedent, overlooked material facts, and affirmed on grounds unsupported by law or record. Rehearing is warranted to correct these foundational errors and restore lawful process to the adjudication of Appellant's constitutional claims.

## REQUEST FOR REHEARING EN BANC UNDER RULE 40(b)(2)

Appellant respectfully requests rehearing en banc under Federal Rule of Appellate Procedure 40(b)(2) for the following reasons:

### *(A) The Panel Decision Conflicts with Decisions of This Court*

The panel's decision conflicts with multiple precedents of the United States Court of Appeals for the Third Circuit:

- ***Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977)**: The panel affirmed a facial Rule 12(b)(1) dismissal based on adverse inferences from the record, contrary to *Mortensen*, which requires that all allegations be accepted as true and construed in the plaintiff's favor at that stage.

- ***Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274 (3d Cir. 2017)**: The panel affirmed abstention based on briefing in a denied motion to amend in state court, despite *Kelly*'s holding that proceedings are "parallel" only if substantially similar claims between the same parties are pending and being adjudicated. *Kelly* rejected reliance on speculative or potential overlap and emphasized that the absence of parallel proceedings weighs heavily against abstention. Here, Appellant pursued state mandamus relief under the RTKL and separately raised federal constitutional claims in federal court. No

federal claim was adjudicated in state court. The panel's reliance on prior briefing—without resolution—conflicts with *Kelly*'s definition of parallelism.

- ***Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014)**: The panel did not apply the *Reifer* balancing framework after finding no parallel proceedings. *Reifer* requires that abstention in such cases be supported by articulated factors and grounded in sound, reasoned discretion.

- ***EEOC v. City of Long Branch***, 866 F.3d 93 (3d Cir. 2017): The panel affirmed despite the district court's failure to conduct de novo review of dispositive objections under 28 U.S.C. § 636(b)(1), in direct conflict with *Long Branch*, which holds that such failure constitutes structural error requiring vacatur—not subject to harmless-error review. Id. at 100. The panel cited *Kelly v. Maxum Specialty Insurance Group*, 868 F.3d 274, 281 (3d Cir. 2017), to suggest that any error was harmless because the appellate court conducted its own de novo review. But *Kelly* did not involve § 636(b)(1) review and says nothing about curing a district court's failure to conduct de novo review of dispositive matters. The controlling authority remains *Long Branch*, which makes clear that only the district judge may adopt or reject dispositive recommendations under Article III, and that appellate review cannot substitute for that duty. The panel's contrary

approach undermines the constitutional role of Article III judges and deprives litigants—particularly pro se plaintiffs asserting constitutional claims—of the process guaranteed by statute. Rehearing is necessary to correct this fundamental error and enforce the structural safeguards of § 636.

- ***Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989)**: The panel affirmed dismissal without identifying which elements of the claims were inadequately pled. *Rose* requires courts to assess whether each essential element is supported by well-pleaded factual allegations.

- ***Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010)**: The panel did not apply *Santiago*'s two-step plausibility analysis under *Twombly* and *Iqbal*, which requires courts to separate conclusory statements from factual ones and assess whether the latter plausibly support relief.

These conflicts concern core procedural doctrines—jurisdiction, abstention, pleading standards, and magistrate review—that govern access to federal court and the adjudication of constitutional claims. Rehearing en banc is warranted to maintain consistency in the Court's application of these standards.

---

***(B) The Panel Decision Conflicts with Decisions of the United States Supreme Court***

The panel's ruling conflicts with binding precedents of the United States Supreme Court:

- ***Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)**: The panel affirmed abstention without first establishing subject-matter jurisdiction. *Steel Co.* holds that federal courts must confirm jurisdiction before reaching discretionary doctrines or the merits. Abstaining without this threshold determination violates *Steel Co.*'s core "jurisdiction first" rule.

- ***Zwickler v. Koota*, 389 U.S. 241 (1967)**: The panel rejected *Zwickler* as inapplicable, stating that it "was an abstention case in which the Court did not discuss courts' discretion under the Declaratory Judgment Act or opine on whether the plaintiff was entitled to a declaration." (Memo at 6 n.4.) This mischaracterizes the case. *Zwickler* reversed a district court's decision to abstain from deciding a facial constitutional challenge and held that abstention under the DJA is inappropriate where no narrowing construction is possible and federal jurisdiction exists. The plaintiff in *Zwickler* sought declaratory relief under § 2201, and the Supreme Court explicitly held that the federal court could not decline jurisdiction merely because a state forum was available. The decision emphasized that facial First Amendment claims must be decided in federal court when properly presented. The panel's dismissal of *Zwickler* directly conflicts with its holding and reasoning.

11

These conflicts concern core constitutional principles: the federal court's obligation to confirm jurisdiction before abstaining, and its duty to hear facial constitutional claims where no state adjudication is pending. Rehearing en banc is warranted to resolve these conflicts and preserve the integrity of Article III review.

---

### (C) The Panel Decision Conflicts with Authoritative Decisions of Other Courts of Appeals

The panel's reasoning conflicts with decisions from other circuits that govern abstention under the Declaratory Judgment Act and the Colorado River doctrine:

- ***Fox v. Maulding*, 16 F.3d 1079 (10th Cir. 1994)**: The Tenth Circuit reversed abstention where the district court failed to make on-the-record findings regarding whether the proceedings were parallel and did not weigh the relevant abstention factors. The court emphasized that any doubt must be resolved in favor of federal jurisdiction and that courts may not rely on conclusory statements of overlap. The panel's affirmance here, lacking both record findings and factor balancing, directly conflicts with *Fox*.

- ***McLaughlin v. United Virginia Bank*, 955 F.2d 930 (4th Cir. 1992)**: The Fourth Circuit reversed abstention where no ongoing state proceeding was adjudicating the federal plaintiff's claims. The court held that federal courts may not decline jurisdiction based on past filings or speculative overlap, and

that the state forum must currently and fully protect the federal rights at issue. The panel's reliance on briefing in a denied motion to amend as grounds for abstention directly contradicts *McLaughlin*.

- ***Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958 (8th Cir. 2013)**: The Eighth Circuit held that when no parallel state proceeding is pending, abstention under the Declaratory Judgment Act is permissible only under a structured six-factor test. It rejected abstention based on practical overlap and required a showing that the state court would fully resolve the federal controversy. The panel's failure to require this analysis before affirming abstention conflicts with *Lexington*.

These decisions reinforce *Kelly*'s core principle: proceedings are not "parallel" unless they contemporaneously involve the same claims between the same parties and offer a forum capable of fully resolving the federal issues. The panel's contrary holding—that briefing in a state-law mandamus appeal created sufficient parallelism to justify abstention—conflicts with the standards adopted by multiple circuits and creates a circuit split on what qualifies as a parallel proceeding under the Declaratory Judgment Act.

As *Zwickler* emphasized, "Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims." 389 U.S. at 248. The

panel's decision—affirming abstention from federal claims that were neither adjudicated nor pending in state court—denied that right. In doing so, the panel did not merely misread precedent; it failed to carry out a constitutional and statutory obligation to exercise jurisdiction where it exists. Rehearing en banc is necessary to correct this breach and preserve the primacy of the federal forum for constitutional claims.

---

### (D) The Proceeding Involves Questions of Exceptional Importance

This case presents several questions of exceptional constitutional and institutional importance:

1.  Whether federal courts may abstain from deciding constitutional claims without first establishing subject-matter jurisdiction, contrary to *Steel Co.*;

2.  Whether a federal forum may be denied based on asserted "parallel" proceedings that do not adjudicate the same claims between the same parties, contrary to *Kelly* and related decisions;

3.  Whether mandatory de novo review under 28 U.S.C. § 636(b)(1) may be circumvented by recharacterizing objections or omitting review altogether, contrary to *Long Branch*;

4.  Whether ministerial actions by a Clerk of Court can unilaterally terminate briefing and preclude appellate review without judicial order or consent.

These issues implicate the structural integrity of Article III jurisdiction, due process, and the statutory mechanisms safeguarding judicial review. Their resolution is critical to ensuring that federal constitutional claims—especially those brought pro se—are adjudicated within the framework Congress prescribed. Rehearing en banc is warranted to prevent further erosion of these safeguards.

## COMPLIANCE STATEMENT

This petition complies with Fed. R. App. P. 32(c) and 40(d). It is formatted in 14-point Times New Roman, double-spaced, with one-inch margins, and contains approximately 2,580 words, excluding the parts exempted under Rule 32(f).

## EXHIBITS

Pursuant to Third Circuit Local Appellate Rule 35.2 and 40.3, Appellant attaches the following exhibits in support of this petition:

**Exhibit A – Panel Judgment (ECF No. 60)**

Judgment of the United States Court of Appeals for the Third Circuit, entered July 28, 2025, disposing of Appeal No. 24-2934, and accompanying transmittal letter referencing the Rule 40 rehearing period.

**Exhibit B – Panel Opinion (ECF No. 59)**

Memorandum Opinion of the United States Court of Appeals for the Third Circuit,

filed July 28, 2025, affirming the dismissal of Appellant's claims in Appeal No.

24-2934. Captioned "CLD-163 – NOT PRECEDENTIAL."

**Certificate of Compliance**

I certify that this petition complies with the type-volume limitation of Federal Rule

of Appellate Procedure 40(b)(1) and 32(g)(1) because it contains fewer than 3,900

words, excluding the items exempted by Rule 32(f).

Respectfully submitted,

*/s/ Michael Miller*

Michael Miller

108 North Reading Road., Ste F, 246

Ephrata, Pennsylvania 17522

717-388-0163

reaganfive@protonmail.com

July 29, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and

correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Date: July 29, 2025

Respectfully Submitted,
*/s/Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Exhibit A – Panel Judgment (ECF No. 60)

Judgment of the United States Court of Appeals for the Third
Circuit, entered July 28, 2025, disposing of Appeal No. 24-2934,
and accompanying transmittal letter referencing the Rule 40
rehearing period.

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇꜱ Cᴏᴜʀᴛ ᴏꜰ Aᴘᴘᴇᴀʟꜱ

21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

July 28, 2025

Lauren Anthony
McNees Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17101

Sarah A. Hyser-Staub
McNees Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17101

Michael Miller
108 N Reading Road
Suite F, 246
Ephrata, PA 17522

Michael J. Scarinci
Office of Attorney General of Pennsylvania
Strawberry Square 15th Floor
Harrisburg, PA 17120

RE: Michael Miller v. County of Lancaster, et al
Case Number: 24-2934
District Court Case Number: 1:24-cv-00014

<u>ENTRY OF JUDGMENT</u>

Today, **July 28, 2025,** the Court entered its judgment in the above-captioned matter pursuant to
Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App. P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service, unless the petition is filed and served through the Court's electronic-filing system.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. A party seeking both forms of rehearing must file the petitions as a single document. Fed. R. App. P. 40(a).

A party who is entitled to costs pursuant to Fed.R.App.P. 39 must file an itemized and verified bill of costs within 14 days from the entry of judgment. The bill of costs must be submitted on the proper form which is available on the court's website.

A mandate will be issued at the appropriate time in accordance with the Fed. R. App. P. 41.

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.

Very truly yours,
Patricia S. Dodszuweit, Clerk

By: s/ James King
Case Manager
267-299-4958

Exhibit B – Panel Opinion (ECF No. 59)

Memorandum Opinion of the United States Court of Appeals
for the Third Circuit, filed July 28, 2025, affirming the
dismissal of Appellant's claims in Appeal No. 24-2934.
Captioned "CLD-163 – NOT PRECEDENTIAL."

CLD-163

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2934
_____

MICHAEL MILLER,
                                   Appellant

v.

COUNTY OF LANCASTER, Political Subdivision;
OFFICE OF OPEN RECORDS, State Agency
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-00014)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Summary Action, and on Appellant's Motion to
Summarily Reverse, Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges
_____

**JUDGMENT**
_____

   This cause came to be considered on the record from the United States District
Court for the Middle District of Pennsylvania and was submitted for possible summary
action, and on Appellant's motion to summarily reverse, pursuant to Third Circuit LAR
27.4 and I.O.P. 10.6 on June 12, 2025.  On consideration whereof, it is now hereby

   ORDERED and ADJUDGED by this Court that the judgment of the District Court
entered September 30, 2024, be and the same hereby is affirmed.  All of the above in
accordance with the opinion of this Court.

CLD-163                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2934
_____

MICHAEL MILLER,
                                        Appellant

v.

COUNTY OF LANCASTER, Political Subdivision;
OFFICE OF OPEN RECORDS, State Agency
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-00014)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Summary Action, and on Appellant's Motion to
Summarily Reverse, Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: July 28, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Michael Miller appeals from the District Court's order dismissing his complaint. We will affirm.

## I.

In 2022, Miller unsuccessfully ran for Pennsylvania State Senate in a district within Lancaster County. He later requested three categories of voting records from the County under Pennsylvania's Right to Know Law.

First, Miller asked to inspect and copy mail-in ballots and envelopes. The County's Office of Open Records ("OOR") ordered it to make certain of those records available "subject to the provisions of the Election Code," and the County made them available under conditions including that Miller could inspect the documents under supervision and take notes but not make copies. Miller instead filed a petition in the Court of Common Pleas for Lancaster County to "enforce" the OOR's order in which he sought unconditional access. That court denied his petition, and the Commonwealth Court affirmed on the ground that the conditions were consistent with both the OOR's order and the Election Code. See Miller v. County of Lancaster, No. 595 C.D. 2023, 2025 WL 1086877, at *6-8 (Pa. Commw. Ct. Apr. 11, 2025).

Second, Miller requested digital images of the same mail-in ballots and envelopes. The County denied this request on the ground that the records did not exist in that format.

The OOR, the Court of Common Pleas, and the Commonwealth Court all have affirmed that decision.  See Miller v. County of Lancaster, No. 596 C.D. 2023, 2025 WL 1088110, at *1, 10 (Pa. Commw. Ct. Apr. 11, 2025).

Finally, Miller requested the Cast Vote Records for the election.  The County denied his request, and the OOR denied his appeal.  Miller did not seek further review.

While Miller's Commonwealth Court appeals were pending, he filed pro se the federal action at issue here.  He named Lancaster County and the OOR as defendants, and he requested two forms of relief.  First, he requested a declaratory judgment that the decisions of the County, the OOR, and the Court of Common Pleas, as well as the provisions of Pennsylvania law they applied—all of which he characterized as "restraints" on his access to voting records—are invalid under the First and Fourteenth Amendments.  In that regard, he asked the court to "address" 23 questions about his state proceedings and Pennsylvania law.  Second, Miller also asked the court to enjoin these alleged "restraints," including various provisions of Pennsylvania law that he asked the court to replace with its own "interim provisions for public record access."  (ECF No. 1 at 19 ¶ 105.)  Although Miller couched many of his requests in constitutional terms, his constitutional claims were wholly vague and conclusory.[1]

_____

[1] For example, Miller asserted his First Amendment claim primarily by posing a series of generalized questions such as "[d]oes the County's imposition of restraints constitute action by which the government might prevent free and general discussion of public

3

The defendants filed motions to dismiss Miller's complaint, and a Magistrate Judge recommended granting them on the ground that the District Court should exercise its discretion under the Declaratory Judgment Act to decline to hear the suit. The Magistrate Judge recommended in the alternative that the court transfer the suit to the Eastern District of Pennsylvania, which encompasses Lancaster County. Miller filed objections, but the District Court overruled them and adopted the Magistrate Judge's primary recommendation to dismiss the suit, which it did with prejudice.

Miller responded by filing both a separate civil action in the Eastern District of Pennsylvania[2] and this appeal. In this appeal, our Clerk advised Miller that the Court would consider taking summary action, which we may do when an appeal presents no substantial question. See 3d Cir. L.A.R. 27.4(a) (2011). Miller has filed several

---

matters?" and "[m]ight the State's actions . . . prevent free and general discussion of public matters?" (ECF No. 1 at 19 ¶ 74, 21 ¶ 90.) Miller's due process and equal protection claims were similarly undeveloped. (E.g., id. at 21 ¶ 94) ("Did the judicial review provided to Miller satisfy due process and equal protection requirement[s]?"). Miller did not allege anything permitting a meaningful declaration on these issues.

[2] See Miller v. County of Lancaster, et al., E.D. Pa. Civ. No. 5:24-cv-05338. In that case, Miller asserted numerous similar claims against Lancaster County and other defendants and requested similar declaratory and injunctive relief as well as damages. His 83-page amended complaint in that case provided more detail about his claims than he provided here. In that case, the District Court dismissed most of Miller's claims but gave him leave to amend some of them, which Miller still has. Miller has appealed that ruling at C.A. No. 25-1423, which we are addressing separately.

responses on that issue and numerous other documents, including a brief on the merits and his own motion for summary action. We have jurisdiction under 28 U.S.C. § 1291.

## II.

We will affirm. The District Court had "substantial discretion" to decline Miller's request for a declaratory judgment, Reifer v. Westport Ins. Corp., 751 F.3d 129, 139 (3d Cir. 2014) (quotation marks omitted), and we review its ruling only for abuse of that discretion, see id. at 140. We review attendant legal issues de novo. See Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 281 (3d Cir. 2017).

We perceive no abuse of discretion or reversible error of law here. The Magistrate Judge identified the general factors that a court must consider in declining a declaratory judgment, see Reifer, 751 F.3d at 140, and the court did not abuse its discretion in adopting the Magistrate Judge's assessment of those factors. Among other things, the Magistrate Judge considered Miller's pending proceedings in state court and some potential impediments to resolving his federal claims in the manner he presented them here. See id. The Magistrate Judge also considered the convenience of the parties in determining that the Eastern District of Pennsylvania would be a more convenient forum. See id. Indeed, now that Miller has substantially litigated his more specific claims in that forum, the court's decision to decline a declaratory judgment in this case appears even more appropriate.

5

Miller, despite his many filings, has raised only two related challenges to the

District Court's ruling that we need address.[3]  Miller argues that his pending

Commonwealth Court appeals were not "parallel state proceedings" for declaratory

judgment purposes.  Kelly, 868 F.3d at 282 (quotation marks omitted).  He further argues

that the District Court erred in reviewing the Magistrate Judge's assessment of that issue

only for clear error or manifest injustice because his objections were specific enough to

trigger de novo review.  But even if we agreed with Miller on that second point, any error

in that regard would be harmless because we review the issue de novo ourselves, see id.

at 281, and because Miller's underlying argument lacks merit.

Miller argues that his Commonwealth Court appeals were not "parallel state

proceedings" for declaratory judgment purposes because they did not include his federal

claims.[4]  This argument ignores the fact that Miller himself raised his federal claims in at

least one of those appeals.  See, e.g., Miller, 2025 WL 1086877, at *3 (noting Miller's

argument "that County and common pleas violated Miller's rights under the First and

---

[3] In so concluding, we reject as meritless all of Miller's other arguments, including that
the Magistrate Judge and District Court committed judicial misconduct and that the court
should have granted him a default judgment.

[4] Miller relatedly argues in his motion for summary action that the District Court was
required to hear his federal claims pursuant to Zwickler v. Koota, 389 U.S. 241 (1967).
But Zwickler was an abstention case in which the Court did not discuss courts' discretion
under the Declaratory Judgment Act or opine on whether the plaintiff was entitled to a
declaration.  See id. at 244-45 & n.3.

Fourteenth Amendments to the United States Constitution"); see also id. at *4 (noting the County's argument that Miller's constitutional claims there were "vague and uncertain"). In any event, Miller's claims in this case too were "vague and uncertain" and in fact were so conclusory that they failed to meaningfully assert any federal right that the District Court could have declared.[5]  Thus, any error in this regard was harmless as well.

We note one final issue.  In his complaint, Miller requested both declaratory and injunctive relief.  The Magistrate Judge acknowledged Miller's requests for injunctive relief but did not address whether they were independent of his requests for declaratory relief such that the court should have heard them regardless of its decision to decline a declaration.  See Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017). Miller, however, has not raised or even mentioned that issue in his many filings with this Court.  And even if we were to reach it, we would perceive no reversible error because his underlying claims were wholly vague and conclusory as explained above.  Many of Miller's requests also failed as a matter of law for other reasons, including that federal courts cannot rewrite state statutes as he asked.  See Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 329 (2006); Conchatta Inc. v. Miller, 458 F.3d 258, 263, 265 (3d Cir. 2006).

---

[5] We again note that Miller later asserted more specific constitutional claims in his action in the Eastern District of Pennsylvania and that he still has leave to amend some of those claims.  We express no opinion on the merits of that action or any claim therein.

III.

For these reasons, we will affirm the judgment of the District Court. Miller's
motions and requests for relief are denied.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

DATED:  July 28, 2025