IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

**MOTION FOR REASSIGNMENT OR RECUSAL OF PANEL**

Pursuant to 28 U.S.C. § 455(a), Appellant respectfully moves that this Court reassign the above-captioned matter to a new panel for any further proceedings, including disposition of the pending Rule 40 petition. This request is based on a demonstrated appearance of partiality, jurisdictional irregularities, and the panel's obvious refusal to adhere to binding procedural and constitutional requirements.

**I. Standard for Recusal or Reassignment**

Under 28 U.S.C. § 455(a), any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard turns not on actual bias, but on whether an objective observer could reasonably question the panel's ability to adjudicate the matter fairly and according

1

to law. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988).

While motions for recusal at the appellate level must meet a high threshold, reassignment is appropriate when a panel has (1) failed to apply controlling precedent, (2) misstated or disregarded the record, and (3) relied on circular or facially void reasoning to foreclose review. See *United States v. Hernandez-Meza*, 720 F.3d 760, 766 (9th Cir. 2013); *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001).

---

**II. Basis for Reassignment**

Appellant has documented in his Rule 40 petition the following:

- The panel affirmed abstention after affirming a Rule 12(b)(1) dismissal, contradicting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998);
- It relied on a false factual premise—that Appellant's federal claims were pending in state court—despite contrary record documentation in ECF Nos. 57 and 60;
- It invoked *Reifer* abstention without any district court findings, no factual record, and no de novo review;

- It ratified the district court's refusal to conduct de novo review under 28 U.S.C. § 636(b)(1), labeling specific objections "general" and dismissing the error as harmless;

- It affirmed dismissal without application of *Twombly*, *Iqbal*, or *Fowler*, denying facial constitutional claims with no pleading analysis;

- It ignored unanswered motions (ECF 13 and 14) contesting the Clerk's authority to list the case for summary action without judicial order;

- It affirmed final judgment without briefing, argument, or jurisdictional findings, thus denying Appellant any meaningful review.

These combined actions reflect not just legal error, but a systematic refusal to perform judicial review while retaining the appearance of procedural compliance. This pattern forecloses any reasonable expectation of impartial correction by the panel that issued the challenged rulings.

---

**III. The Appearance of Impartiality Is Compromised**

The panel's reliance on misstatements of record, refusal to apply binding precedent, and willingness to affirm dismissal on a combination of contradictory and jurisdictionally void grounds creates the appearance of a pretextual outcome rather than adjudication. This compromises confidence in the fairness of future rulings on the same record.

Recusal is warranted not because of subjective bias, but because a reasonable litigant—especially a pro se civil rights plaintiff—would justifiably believe that the panel has predetermined the result and is unwilling to engage the law as written.

---

## IV. Relief Requested

Appellant respectfully requests that the Court:

1. Reassign this matter to a new panel for consideration of the Rule 40 petition and any further proceedings;

2. Confirm that future review will be conducted in accordance with binding precedent, record materials, and procedural due process.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
July 29, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Date: July 29, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com