IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br><br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

# **NOTICE OF OBJECTION TO SYSTEMIC ADJUDICATIVE METHOD AT DISTRICT, APPELLATE, AND JUDICIAL COUNCIL LEVELS**

**PURPOSE OF FILING:**

This Notice is submitted for the limited purpose of preserving a formal objection to the adjudicative method employed at three levels of the Third Circuit system — the district court, the appellate panel, and the Judicial Council — where mandatory legal predicates were treated as discretionary, factual predicates were supplied outside the record, and statutory review duties were displaced by conclusory affirmances. Unlike the Petition for Panel Rehearing and Rehearing En Banc (ECF 61) and Motion for Recusal or Reassignment (ECF 62), this Notice does not seek

1

immediate relief. Instead, it creates a clear, self-contained record of systemic adjudicative defects for potential en banc consideration and Supreme Court review.

**CONCLUSION:**

Appellant objects to the method of adjudication used by the panel in its July 28, 2025 memorandum (ECF 59) and judgment (ECF 60), the district court in *No. 1:24-cv-00014*, and the Judicial Council in related misconduct proceedings. Across all three levels, judges replaced rule-bound adjudication with discretionary will, in direct conflict with controlling Supreme Court and Third Circuit precedent. This objection incorporates by reference the legal and factual grounds set forth in Appellant's combined Petition for Panel Rehearing and Rehearing En Banc (ECF 61) and Motion for Recusal or Reassignment (ECF 62).

**RULE:**

Judicial power exists only to give effect to the law, not to the will of the judge. *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 866 (1824). Discretion is "legal discretion" — exercised to discern and follow the course prescribed by law. Binding precedent requires: jurisdiction before merits (*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)); factual predicates drawn from the record (*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92

(3d Cir. 1977)); statutory duties such as de novo review under § 636(b)(1) to be honored (*EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017)); and affirmance only on grounds invoked below (*SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). Third Circuit I.O.P. 5.2–5.3 require publication where a decision conflicts with precedent.

**APPLICATION:**

At each level of the Third Circuit, the following actions violated the above Rule by disregarding mandatory legal predicates, relying on assertions outside the record, and displacing statutory review duties, as follows:

**DISTRICT COURT** (*No. 1:24-cv-00014*):

- **Granted both Rule 12(b)(1) and Rule 12(b)(6)** on the same claims (*Steel Co.*, *Mortensen*) … ECF 59, 64

- **Abstained without a qualifying parallel proceeding** and without *Reifer* balancing (*Kelly*, *Reifer*) … ECF 59 at 7–9

- **Avoided § 636(b)(1) de novo review** by labeling specific objections "generalized" (*Long Branch*) … ECF 64 at 1–2

- **Revived sanctions motion and issued merits rulings post-divestiture** (*Griggs*, *Venen*) … ECF 67–70

**COURT OF APPEALS** (*No. 24-2934*):

- **Permitted clerk's office to exercise judicial screening authority under FRAP 27** without panel assignment or judicial determination, contrary to Article III limits … CA3 ECF 11-1, 13, 14

- **Excused § 636(b)(1) violation as harmless** by substituting own review (*Long Branch*, *Thomas v. Arn*) … CA3 ECF 59 at 8–9

- **Affirmed abstention and merits "vagueness" without jurisdiction** (*Steel Co.*, *Mortensen*) … CA3 ECF 59 at 4–7

- **Declared non-parallel state proceedings "parallel"** on extra-record assertion (*Kelly*, *Reifer*) … CA3 ECF 59 at 5–6

- **Added "venue convenience"** as post-hoc rationale not invoked below (*Chenery*, *Borough of Lansdale*) … CA3 ECF 59 at 10

- **Marked opinion "not precedential"** despite preserved conflicts (I.O.P. 5.2–5.3) … CA3 ECF 59 (cover)

**JUDICIAL COUNCIL** (Judicial Misconduct Proceedings):

- **Dismissed 11 verified complaints** as "merits-related" or "frivolous" without findings (§ 352, Rule 11) … Council Order, 2/26/25

- **Denied petitions for review** by wholesale adoption, without reasoning or vote disclosure (§ 354, Rule 19) … Council Order, 5/13/25

- **Imposed Rule 10(a) filing restriction** banning Petitioner from new complaints unless lifted, without findings or vote disclosure (Rule 10(a)) … Council Order, 6/27/25

- **Closed process via letter** stating no further complaints would be reviewed (§ 351, Rule 6) … Circuit Executive Letter, 6/9/25

**SYNTHESIS:**

At all three levels, the judges involved treated mandatory legal predicates as discretionary, supplied facts by assertion rather than from the record, and displaced statutory review duties with conclusory affirmances. This method is incompatible with the limits of Article III and conflicts directly with controlling precedent. This objection is preserved for en banc and Supreme Court review.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

reaganfive@protonmail.com
August 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Michael Scarinci | Sarah Hyser-Staub |
| Appellate Litigation Section | PA I.D. No. 315989 |
| Pa. Office of Attorney General | 100 Pine Street |
| 15th Floor, Strawberry Square | Harrisburg, PA 17101 |
| Harrisburg, PA 17120 | 717-237-5473 |
| (717) 857-2184 | sstaub@mcneeslaw.com |
| mscarinci@attorneygeneral.gov | |

Date: August 11, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com