IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

## MOTION TO VACATE VOID JUDGMENT

**I. Introduction**

Appellant respectfully moves to vacate this Court's July 28, 2025 memorandum and judgment (ECF Nos. 59, 60) as **void ab initio**. On October 30, 2024, the Clerk of Court exercised judicial functions expressly prohibited by FRAP 45(b) by sua sponte staying briefing and listing this appeal for "possible summary action" (Doc. 11-1).

Appellant immediately objected through four filings (Docs. 13–16), including a Supporting Brief (Doc. 14) that set out in detail the statutory and local rules barring clerk exercise of judicial power. The panel never ruled on those objections. Instead, it later issued judgment on the unlawful predicate that the case

1

had been submitted for "summary action." Under *Nguyen v. United States*, 539 U.S. 69 (2003), such a judgment is unlawful and void.

## II. Record of Proceedings

1. **Doc. 11-1 (Oct. 30, 2024):** Clerk sua sponte stayed briefing and listed this appeal for "possible summary action."
2. **Doc. 13 (Oct. 31, 2024):** Motion to retract Clerk's directive.
3. **Doc. 14 (Oct. 31, 2024):** Supporting Brief, explaining that FRAP 45(b) prohibits clerks from exercising judicial functions, that only the Court may order summary action under L.A.R. 27.4, and that clerk action is limited to ministerial tasks under L.A.R. 27.6 and FRAP 27(b). See Doc. 14 at 2–5.
4. **Docs. 15, 16 (Nov. 2024):** Motion for judicial review and objection to delay.
5. **ECF Nos. 59–60 (July 28, 2025):** Panel issued memorandum and judgment, expressly disposing of the appeal "pursuant to L.A.R. 27.4 and I.O.P. 10.6" without ever ruling on the objections.

## III. Governing Law

- **FRAP 45(b):** "The clerk must not exercise judicial functions."
- **FRAP 27(b):** Clerk may act only on *motions filed by parties*.

2

- **3d Cir. L.A.R. 27.4:** Only the Court may dispose of an appeal by summary action.
- **Doc. 14 at 2–5:** Appellant preserved and briefed this defect in full.

***Nguyen v. United States*, 539 U.S. 69 (2003):**

- *"If the statute made him incompetent to sit at the hearing, the decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside."* (pp. 78–79).
- *"To ignore the violation … would incorrectly suggest that some action (or inaction) … could create authority Congress has quite carefully withheld. Even if the parties had expressly stipulated … such a stipulation would not have cured the plain defect in the composition of the panel."* (pp. 80–81).
- *"We invalidated the judgment of a Court of Appeals without assessing prejudice … when the error alleged was the improper composition of that court."* (p. 81).

**IV. Argument**

1. **Ultra Vires Predicate.** As Appellant showed in Doc. 14 at 2–5, the Clerk's sua sponte directive (Doc. 11-1) was ultra vires. Neither FRAP nor L.A.R. authorize a clerk to stay briefing or list a case for summary action. Those are judicial functions.

2. **Preserved Objection.** Appellant immediately objected through four filings (Docs. 13–16). The Court never ruled on them.

3. **Improper Tribunal Composition.** When the panel issued ECF 59–60, it expressly relied on the "summary action" procedure triggered only by the Clerk's unlawful directive. That reliance left the tribunal improperly constituted.

4. **Void Judgment.** Under *Nguyen*, judgments rendered by improperly composed tribunals are void ab initio. Waiver, consent, or harmless error do not apply.

**V. Relief Requested**

Appellant respectfully requests that this Court:

1. **Vacate** the July 28, 2025 memorandum and judgment (ECF Nos. 59, 60) as void;

2. **Reinstate briefing** under FRAP 31;

3. **Reassign this appeal** to a properly constituted Article III panel for disposition on the merits.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

reaganfive@protonmail.com
August 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Date: August 16, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com