IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

**MOTION TO VACATE JUDGMENTS AS VOID FOR FRAUD ON THE COURT**

*Pursuant to Rule 60(d)(3) and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

---

## I. INTRODUCTION

Plaintiff respectfully moves this Court to vacate the judgments entered in the district court (No. 1:24-cv-14) and the Court of Appeals (No. 24-2934) as void for fraud on the court. This motion is brought under Rule 60(d)(3), which preserves the Court's inherent power to set aside judgments tainted by fraud that "defiles the court itself." *Hazel-Atlas*, 322 U.S. at 246; *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005). A detailed memorandum of law in support of this motion is filed concurrently and incorporated by reference.

1

## II. STATEMENT OF THE FRAUD ON THE COURT

In January 2024, Plaintiff filed a well-pleaded complaint raising First and Fourteenth Amendment claims under 28 U.S.C. §§ 1331 and 1343. Federal courts have a mandatory duty to adjudicate such claims. *Zwickler v. Koota*, 389 U.S. 241, 248 (1967). Instead of fulfilling that duty, officers of the court orchestrated a deliberate scheme to prevent adjudication.

Counsel filed motions styled as jurisdictional but packed with merits arguments, collapsing Rule 12(b)(1) into Rule 12(b)(6). When Plaintiff exposed that ploy, counsel retaliated with a baseless Rule 11 motion demanding withdrawal of his claims. When that device failed, a magistrate fabricated abstention as a pretext, despite the absence of any parallel proceedings. When Plaintiff objected, counsel and the district judge mischaracterized his detailed objections as "generalized" to evade mandatory de novo review and dismissed the case in September 2024.

The pattern by court officers continued on appeal. The Clerk of Court usurped judicial power by issuing a letter that froze briefing and diverted the case to "summary action," masquerading as a court order. Plaintiff's objections were ignored, sanctions were revived in the closed district court to smear him, and after nine months of silence, a panel affirmed from chambers in a non-precedential opinion resting on a procedurally impossible ruling.

This was intentional misconduct, by officers of the court, directed at the tribunal itself, which deceived and defiled the judicial process. Under *Herring*, such fraud renders the judgments void ab initio.

---

### III. LEGAL STANDARD

**Fraud on the Court Defined.**

Fraud on the court is a wrong against the judicial process itself, not just a private litigant. It is established when:

- An officer of the court engages in misconduct;
- The misconduct is intentional and egregious;
- It is directed at the tribunal itself; and
- It deceives or corrupts the judicial process, preventing impartial adjudication.

*Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005).

Fraud on the court renders a judgment void ab initio — "not within the powers granted by law." *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978); *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010).

**Court Action Mandatory.**

Once fraud on the court is found, relief is not discretionary:

- ***Voidness.*** Judgments procured by fraud on the court are nullities from inception and cannot be enforced or given preclusive effect. *Marshall*, 575 F.2d at 422.

- ***Judicial Duty.*** Because fraud "defiles the court itself," courts have an affirmative obligation to vacate tainted judgments and purge the record.

"Equitable relief against such fraud is not just a ceremonial gesture, but a judicial duty to provide all the relief necessary to correct the particular injustices involved."
— *Hazel-Atlas*.

"Tampering with the administration of justice… involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public."
— *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946).

- ***Timeless Reach.*** Fraud on the court may be corrected "at any time," unbound by ordinary finality or limitations doctrines. *Hazel-Atlas*; *Espinosa*.

- ***Institutional Integrity.*** The duty runs not only to the litigant but to the public itself, for fraud on the court is a wrong against the institutions of justice. *Hazel-Atlas*; *Universal Oil*.

Accordingly, once the elements of fraud are met, the Court is required — not merely permitted — to vacate the tainted judgments and restore the integrity of its proceedings.

4

## IV. GROUNDS — FRAUDULENT DEVICES IN SEQUENCE

The record demonstrates a "deliberately planned and carefully executed scheme" (*Hazel-Atlas*, 322 U.S. at 245–46) in which officers of the court deployed a series of fraudulent devices to block Article III adjudication of Plaintiff's constitutional claims. Each device was part of a coordinated sequence; when one was exposed, officers pivoted to another, ensuring Plaintiff's claims never received impartial review.

The fraudulent devices include:

1. **Jurisdiction/Merits Collapse.** Counsel and magistrate collapsed Rule 12(b)(1) jurisdiction with Rule 12(b)(6) merits rulings, producing a void judgment.
   *ECFs 59, 64.*

2. **Retaliatory Sanctions.** County counsel weaponized Rule 11 sanctions to punish Plaintiff for valid filings, and the magistrate sustained the tactic.
   *ECFs 48, 53, 59 at 18 n.2, 64 at 5.*

3. **Fabricated Abstention.** The magistrate invoked abstention sua sponte without parallel state proceedings, contrary to controlling law.
   *ECF 59 at 13–15.*

4. **The "Goney Fraud."** Across two rounds, Plaintiff's specific objections under 28 U.S.C. § 636 were mischaracterized as "general" to evade

mandatory de novo review and launder magistrate rulings into final judgments.

*ECFs 37, 40, 52, 55, 59, 60, 62, 64.*

5. **Clerk Usurpation of Judicial Power.** The Clerk of Court issued an ultra vires order staying briefing and diverting the appeal to summary action.

    *3d Cir. ECFs 11-1, 12–16.*

6. **Engineered Appellate Record.** Clerk, counsel, and judges colluded to erase Plaintiff's objections and insert the false "generalized" narrative.

    *3d Cir. ECFs 17, 19, 59 at 6–7.*

7. **Article III Abdication.** The appellate panel omitted rulings on live motions, fabricating the appearance of lawful adjudication.

    *3d Cir. ECFs 12–16, 23, 30.*

8. **Retaliatory Sanctions on Appeal.** County counsel and Magistrate Carlson pursued sanctions without jurisdiction, embedding reputational smears in the record.

    *ECFs 67, 68, 69–70.*

9. **Panel Misrepresentation.** The appellate panel misrepresented the record, excused clerk usurpation, denied de novo review, and insulated the fraud with a "not precedential" designation, concealing multiple violations of

binding precedent.

*3d Cir. ECFs 11-1, 59–60.*

10. **Judicial Misconduct Complaint Process Fraud.** The Judicial Council misclassified complaints of judicial misconduct in the case, rubber-stamped dismissals, imposed an ultra vires Rule 10 ban, and engineered collateral dismissal.

    *Council Orders May 13, 2025; June 27, 2025; EDPA No. 5:25-cv-04633.*

11. **Pattern Evidence.** The same devices recurred in Plaintiff's other cases, confirming deliberate design.

    *EDPA No. 5:24-cv-5338; EDPA No. 5:25-cv-04633.*

## V. CONCLUSION

The fraudulent devices documented above reflect officer misconduct that was intentional, directed at the tribunal itself, and corruptive of the judicial process — the hallmarks of fraud on the court under *Herring*. These were not errors but deliberate evasions of adjudication, replacing Article III judgment with ipse dixit fiat. Taken together, they establish a coordinated scheme that defiled the judicial process. The resulting judgments are therefore void ab initio and must be vacated.

## VI. RELIEF REQUESTED

7

Consistent with *Hazel-Atlas*, equitable relief against fraud on the court is "not just a ceremonial gesture" but a judicial duty, and the Court must grant all the relief necessary to correct the particular injustices involved, including vacatur, restoration, structural safeguards, and cost-shifting.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Vacate all judgments entered in the district court (No. 1:24-cv-14) and Court of Appeals (No. 24-2934) as void for fraud on the court.

2. Restore the action to the docket for adjudication consistent with *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), and *Mortensen v. First Fed. S&L Ass'n*, 549 F.2d 884 (3d Cir. 1977), and reassign to an untainted tribunal to preserve impartiality and the appearance of justice.

3. Declare that the judgments are void ab initio and without claim- or issue-preclusive effect in any future proceeding.

4. Order structural safeguards to prevent recurrence, including directives that clerks cease issuing jurisdictional rulings or defect letters, and that dispositive rulings occur only on the public record after adversarial process.

5. Grant such other relief as justice requires to restore integrity to the judicial process and ensure that constitutional claims are adjudicated on their merits.

6. Award compensatory costs and remedies necessary to correct the harms caused by the fraud, including shifting the costs of the proceedings to the officers responsible.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com
August 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Date: August 25, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com