IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

## APPELLANT'S MOTION TO VACATE AND PURGE VOID ORDERS ENTERED WITHOUT VALID JUDICIAL SIGNATURE

### I. INTRODUCTION

This appeal is compromised by dispositive filings that were never validly signed. Magistrate Judge Martin C. Carlson's orders and reports & recommendations in the district court contain only defective "autopen" signature blocks. None comply with the signature requirements of Fed. R. Civ. P. 11(a), Fed. R. Civ. P. 5(d)(3)(C), M.D. Pa. Local Rule 5.6, and the Middle District of Pennsylvania ECF User Manual.

Because Article III requires adjudication by duly authorized judges, documents issued without a valid judicial signature are **void ab initio**. See *Nguyen v. United States*, 539 U.S. 69, 77–79 (2003). Orders by Judge Wilson (ECF 55, 64)

1

that adopted Carlson's void recommendations, and the Third Circuit's subsequent memorandum and judgment (ECF 59, 60), are equally nullities.

## II. LEGAL STANDARD

- *Fed. R. Civ. P. 11(a)*: Every order must be signed by the judge; unsigned documents "must be stricken unless promptly corrected."

- *Fed. R. Civ. P. 5(d)(3)(C)*: An electronic filing constitutes a signature only if filed through the person's ECF account *together with* that person's name on the signature block.

- *M.D. Pa. LR 5.6*: Filings must be signed "in the manner authorized by the court's … ECF User Manual."

- ECF User Manual (pp. 10–11): The name of the filing user "must be preceded by an 's/' and typed in the space where the signature would otherwise appear."

- *Nguyen v. United States*, 539 U.S. 69, 77–79 (2003): Judgments entered with the participation of an unauthorized officer are void ab initio.

## III. APPLICATION

1. **Carlson's Non-Compliant Filings**
    - **ECF 34, 35, 36, 59:** contain only duplicated typed names—no "s/."
    - **ECF 37:** uses "S/" instead of "s/," contrary to the Manual's lower-case requirement.

- Thus, *every Carlson filing is defective.*

2. **Downstream District Court Orders**

    - **ECF 55 (Wilson Order, June 5, 2024):** adopts Carlson's defective R&R at ECF 37.

    - **ECF 64 (Wilson Order, Sept. 30, 2024):** adopts Carlson's defective R&R at ECF 59.

    - Because the R&Rs are void, the adoption orders are likewise void.

3. **Third Circuit's Reliance**

    - **ECF 59 (3d Cir. Memorandum Opinion, July 28, 2025)** and **ECF 60 (Judgment, July 28, 2025)** affirm the void district court dismissal.

    - These appellate rulings are nullities because they rest entirely on void district orders.

4. **Systemic Fraud Indicators**

    - Carlson's inconsistent and defective signatures reflect **mechanical reproduction (autopen)** rather than genuine judicial acts.

    - This is the very fraud on the court condemned in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005).

- A consolidated chart of these defective signature blocks, with compliance analysis and downstream dependencies, is attached as *Exhibit 1 – Autopen Signature Defects and Downstream Nullity.*

## IV. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. **Declare void ab initio** the following filings:
    - District Court: ECF 34, 35, 36, 37, 59 (Carlson orders and R&Rs);
    - District Court: ECF 55 and 64 (Wilson orders adopting void R&Rs);
    - Third Circuit: ECF 59 (Memorandum Opinion) and ECF 60 (Judgment).
2. **Order these documents purged from the record** as nullities entered without valid judicial signature.
3. **Direct reassignment to a neutral tribunal** under 28 U.S.C. § 292(d), to ensure adjudication occurs before duly authorized officers of the court.
4. Grant such other relief as may be just and proper, as supported by **Exhibit 1 – Autopen Signature Defects and Downstream Nullity.**

## V. CONCLUSION

Because Carlson's filings were never validly signed, the orders that relied upon them are null. The entire chain—from district court orders to this Court's

judgment—is compromised by autopen fraud. Under *Nguyen*, all such judgments must be vacated and purged.

**Exhibit:**

Exhibit 1 – Autopen Signature Defects and Downstream Nullity

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 19, 2025

# CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Michael Scarinci<br>Appellate Litigation Section<br>Pa. Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>(717) 857-2184<br>mscarinci@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Date: September 19, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

## Exhibit – Autopen Signature Defects and Downstream Nullity

| ECF/Dkt No. | Court | Title / Description | Signature Block | Status |
|---|---|---|---|---|
| 34 | DC (MDPA) | Order granting extension of time (Carlson) | Martin C. Carlson (typed twice) | Non-compliant (no s/) |
| 35 | DC (MDPA) | Order denying clarification (Carlson) | Martin C. Carlson (typed twice) | Non-compliant (no s/) |
| 36 | DC (MDPA) | Order to brief venue (Carlson) | Martin C. Carlson (typed twice) | Non-compliant (no s/) |
| 37 | DC (MDPA) | R&R on default/strike (Carlson) | **S/**Martin C. Carlson | Non-compliant (wrong capitalization; must be "s/") |
| 59 | DC (MDPA) | R&R recommending dismissal (Carlson) | Martin C. Carlson (typed twice) | Non-compliant (no s/) |
| 55 | DC (MDPA) | Order adopting ECF 37 (Wilson) | s/ Jennifer P. Wilson | Void – relies on void R&R |
| 64 | DC (MDPA) | Order adopting ECF 59 (Wilson) | s/ Jennifer P. Wilson | Void – relies on void R&R |
| 59 | 3d Cir. | Memorandum Opinion affirming DC dismissal | Per curiam panel | Void – relies on void DC orders |
| 60 | 3d Cir. | Judgment affirming DC dismissal | s/ Patricia S. Dodszuweit (Clerk) | Void – relies on void DC orders |

**Controlling Precedent:** Under *Nguyen v. United States*, 539 U.S. 69, 77–79 (2003), judgments entered with the participation of an unauthorized officer are void ab initio. Because all Carlson filings were defective (autopen signatures), the downstream Wilson orders and Third Circuit affirmances are likewise nullities.