IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

**APPELLANT'S MOTION TO VACATE FRAUDULENT JUDGMENT AND
PURGE VOID ENTRIES (ECF 59, 60-1, 60-2)**

## I. INTRODUCTION

This motion seeks vacatur and purge of the July 28, 2025 memorandum opinion (CA3 ECF 59) and judgment (CA3 ECF 60-1, 60-2) as void ab initio. These documents were never authorized by Article III judges. They were issued following clerk usurpation, fabricated record entries, and without any valid judicial signatures, all while no hearings were ever held. What appears on the docket is not adjudication but fraud on the court.

Appellant has already filed a separate Motion to Vacate and Purge Void Orders (ECF 67) directed at defective magistrate and district court filings. This present motion addresses a distinct and independent defect: the Third Circuit's own judgment in this appeal is fraudulent and void.

Under *Nguyen v. United States*, 539 U.S. 69 (2003), *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *United States v. Herring*, 424 F.3d 384 (3d Cir. 2005), judgments entered without judicial participation or based on fabricated record events are nullities and must be erased.

## II. CLERK USURPATION (ECF 11-1)

On October 29, 2024, the Clerk issued a directive, docketed as ECF 11-1, staying briefing and unilaterally listing the case for "possible summary action" purportedly under L.A.R. 27.4 and I.O.P. 10.6. This action was taken without any judicial order.

Appellant promptly objected (ECF 12, 13, 14, 15, 16), demonstrating that FRAP 27(b), L.A.R. 27.5, and L.A.R. 27.6 do not permit the Clerk's action. The Clerk may not stay briefing or list a case for summary disposition. No judge ever ruled on Appellant's objections. The appeal was controlled not by a tribunal but by staff.

## III. FABRICATED SUBMISSION DATE

When the panel purportedly issued its disposition on July 28, 2025, both the memorandum opinion (ECF 59) and judgment (ECF 60) recited that the case had been "Submitted for Possible Summary Action … June 12, 2025." That recital is

false. The docket shows no conference, order, or motion on June 12, 2025. Staff inserted that date to create the appearance of lawful submission where none had occurred. Under *Hazel-Atlas* and *Herring*, fabricating record events is fraud on the court.

## IV. ABSENCE OF JUDICIAL SIGNATURES AND MISUSE OF FRAP 36

### A. The "Per Curiam" Fraud in the Memorandum Opinion (ECF 59)

The July 28, 2025 Memorandum Opinion lists a panel of Judges Krause, Phipps, and Scirica but contains no judicial signature, either electronic or handwritten. Instead, it is labeled "PER CURIAM."

A per curiam opinion is still an act of the Court and requires judicial authorization. It is not a substitute for signatures. By attaching the "per curiam" label to an unsigned document, the Clerk created the appearance of judicial authorship where none existed. This contravenes L.A.R. 113.5(a), which requires that all electronically filed "orders, decrees, judgments, and proceedings of the court … will contain an electronic signature." A per curiam opinion is still a "court-issued document," and under the local rule it must bear either a handwritten signature or an electronic "s/ Name." ECF 59 bears neither.

L.A.R. 36.1, which governs the recording of opinions by preservation in the docket, cannot override L.A.R. 113.5's requirement of electronic authentication.

Read together, the rules make clear: recording ensures accessibility; signatures ensure validity. Because ECF 59 was recorded without authentication, it is facially invalid.

Accordingly, the July 28, 2025 Memorandum Opinion is void ab initio.

## B. Signature Fraud in the Judgment (ECF 60)

The July 28, 2025 Judgment is signed only "s/ Patricia S. Dodszuweit, Clerk." The Clerk asserts that the judgment was "entered pursuant to Fed. R. App. P. 36." But Rule 36 presupposes a judicial act already rendered. It directs the Clerk to "prepare, sign, and enter the judgment" only "after receiving the court's opinion" or "if a judgment is rendered without an opinion, as the court instructs." The Clerk's role is ministerial. Rule 36 does not empower the Clerk to fabricate judicial authorization.

Here, there is no evidence that the Court ever "rendered" a judgment. The accompanying opinion is unsigned; the judgment bears only the Clerk's attestation. The invocation of FRAP 36 is circular, relying on a rule that presumes judicial participation to excuse its absence.

Again, L.A.R. 113.5 confirms the defect. "Court orders, decrees, judgments, and other documents filed by the court will contain an electronic signature." A judgment of affirmance is a judicial act. Clerk attestation cannot substitute for Article III participation.

Under *Nguyen v. United States*, 539 U.S. 69, 77–79 (2003), appellate judgments entered without judicial participation are void ab initio. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), fabricated judicial acts "defile the court itself" and must be erased. ECF 60 is not a judgment at all but a ministerial entry improperly presented as one.

Accordingly, the July 28, 2025 Judgment is a nullity.

## V. HEARING DEPRIVATION

No hearings occurred at any stage. The district court held no hearing on dispositive motions or objections. The Court of Appeals held no oral argument or panel conference. Every dispositive ruling was issued solely on paper.

Appellant was never seen or heard by a tribunal, and appellant never saw a judge. This deprivation violates *Goldberg v. Kelly*, 397 U.S. 254 (1970), *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). Fraud concealed the absence of an actual tribunal.

## VI. CONSEQUENCE: VOID JUDGMENT

The combination of clerk usurpation, fabricated submission dates, absence of judicial signatures, and complete hearing deprivation demonstrates that this case

was never adjudicated. The "disposition" is a manufactured record created by staff attorneys and clerical officers.

Judgments produced in this manner are not judicial errors subject to harmless-error review. They are nullities. *Hazel-Atlas* requires the erasure of every trace of fraud. *Nguyen* holds that judgments entered without judicial participation are void ab initio.

## VII. RELIEF REQUESTED

WHEREFORE, Appellant demands this Court vacate the memorandum opinion and judgment entered July 28, 2025, to purge ECF 11-1, 59, and 60 from the docket as fraudulent entries, and to restore the appeal to its pre-disposition posture with briefing scheduled before a duly constituted panel of Article III judges. Appellant further requests such additional relief as this Court deems just to restore lawful adjudication and protect the integrity of the judicial process.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 20, 2025

# CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct

copy of the foregoing document to the following:

Michael Scarinci                          Sarah Hyser-Staub
Appellate Litigation Section               PA I.D. No. 315989
Pa. Office of Attorney General             100 Pine Street
15th Floor, Strawberry Square              Harrisburg, PA 17101
Harrisburg, PA 17120                       717-237-5473
(717) 857-2184                             sstaub@mcneeslaw.com
mscarinci@attorneygeneral.gov


Date: September 20, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com