IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

## APPELLANT'S MOTION TO COMPEL PRODUCTION AND AUTHENTICATION OF JUDICIAL COUNCIL RECALL ORDERS FOR MARTIN C. CARLSON

### I. INTRODUCTION

Appellant Michael Miller respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 27 and Third Circuit L.A.R. 27.4, to compel production and authentication of any Judicial Council recall orders purporting to authorize retired Magistrate Judge Martin C. Carlson to exercise judicial duties in the Middle District of Pennsylvania during 2023–2026. The grounds for this motion are set forth in the accompanying memorandum below, with Exhibits A and B attached.

Carlson issued dispositive orders and Reports and Recommendations in this case that were adopted by the district court and the Third Circuit, directly affecting

Appellant's rights. Yet no certified recall order appears on the docket, on the Judicial Council's website, or in any official record.

Without proof of a valid recall order, Carlson lacked lawful authority under 28 U.S.C. §§ 631 and 636, and any orders issued in his name are void. The records that must exist are detailed in **Exhibit A – Required Records for Recall Authentication.** The actual sequence of events in this case, demonstrating the absence of those records and the defects in authority, is documented in **Exhibit B – Timeline of Carlson's Involvement.**

---

## II. LEGAL BASIS

### A. Statutory Prerequisites — 28 U.S.C. § 636(h)

A retired magistrate judge may be recalled only with:

1. The retired judge's consent;

2. The Chief Judge of the district's consent; and

3. A written order of the Judicial Council specifying the term of service.

Absent proof of all three, any exercise of judicial power is unauthorized.

### B. Judicial Conference Regulations

Under the Ad Hoc Recall Regulations (§§ 1120.30–.60), a recall order must:

- State the term, location, and scope of service;

- Certify that "substantial service is expected";

- Specify staffing allocations.

All three purported recall orders (2023–24, 2024–25, 2025–26) recite these requirements but were never docketed or certified in CM/ECF. Council meeting minutes and vote records have never been produced. See **Exhibit A.**

## C. Assignment & Oath Requirements

- **Referral Orders:** Even if recalled, a magistrate may act only on written referrals under § 636(b)(1), or with written party consent under § 636(c). This case was reassigned to Carlson on "verbal orders" dated April 8 and May 8, 2024 — neither compliant with FRCP 79(a).

- **Excluded Dispositive Motions:** Section 636(b)(1)(A) expressly bars magistrates from finally deciding motions "for judgment on the pleadings" and "to dismiss for failure to state a claim." Yet Carlson denied Appellant's Rule 12(c) motion outright (Doc. 58) and issued an R&R recommending dismissal (Doc. 59).

- **Oath of Office:** 28 U.S.C. § 631(g) requires an oath before performing duties. No oath or reaffirmation of oath appears for Carlson after recall.

- **Record of Appointment:** Section 631(h) requires that every magistrate appointment be "entered of record" in the district court. No such entry exists for Carlson's alleged recall.

- **Holdover Provision:** Section 631(f) allows a magistrate to continue serving up to 180 days after term expiration only upon Judicial Council approval. If Carlson's service was treated as a holdover, those Council vote records must be produced.

## D. Authentication Rules

- **FRCP 44:** Entitles litigants to certified copies of official records.

- **FRCP 79(a):** Orders must be entered in written, verifiable form; "verbal" docket notations are legally insufficient.

- **FRE 901 & 902(4):** Recall orders must be authenticated as genuine public records.

## E. Controlling Case Law

- *Nguyen v. United States*, 539 U.S. 69 (2003) — Judgments by unauthorized persons are void.

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) — Fraud upon the court vitiates judgments.

- *Gomez v. United States*, 490 U.S. 858 (1989) — Magistrates cannot assume jurisdiction without explicit statutory authority.

- *Glidden v. Zdanok*, 370 U.S. 530 (1962) — Judicial tenure and assignment are structural safeguards.

- *Peretz v. United States*, 501 U.S. 923 (1991) — Expanded magistrate duties require explicit consent.

- *Liljeberg v. Health Services*, 486 U.S. 847 (1988) — Appearance of impropriety requires vacatur to protect judicial integrity.

---

## III. REQUIRED RECORDS TO PROVE LAWFUL RECALL

The specific records that must be produced and authenticated are set forth in **Exhibit A – Required Records for Recall Authentication.** They fall into two categories:

### A. Statutory and Structural Prerequisites

These are the minimum records required by statute and the Judicial Conference regulations:

- Judicial Council recall orders (2023–26) with docket numbers, meeting minutes, and vote tallies;

- Written consent of the Chief Judge of MDPA for each recall term;

- Carlson's written consent to serve for each recall term;

- Oath or reaffirmation of oath administered post-recall (§ 631(g));

- Judge-signed assignment/referral orders, not "verbal" docket entries (§ 636(b)(1); FRCP 79(a));

- Judicial Council vote records under § 631(f) for any holdover service; and

- MDPA record of appointment/recall entered under § 631(h).

## B. Ancillary Indicia of Judicial Service

In addition, the Court and Judicial Council shall produce the ordinary operational records that necessarily accompany any valid recall, including but not limited to:

- Payroll and compensation records maintained by the AO (§ 604(a)(5));

- Staffing and chambers assignments required under the Ad Hoc Recall Regulations;

- Judicial Council vote tallies and minutes;

- Security credential issuance and access logs;

- Case assignment and workload statistics reported by the AO; and

- Clerk's log of oaths administered.

The absence of these records would confirm that Carlson was not lawfully recalled or never served at all.

---

## IV. DEFENSES ANTICIPATED AND PREEMPTED

- **Implied Consent (§ 636(c))** — Foreclosed by the absence of written consent on this docket and Appellant's repeated objections. See **Exhibit B** (April 11, 2024 entry: "Parties declined § 636(c) consent").

- **Harmless Error** — Structural defects in judicial authority are not subject to harmless-error review (*Nguyen*).

## V. CARLSON'S ULTRA VIRES DISPOSITIVE ACTS IN THIS CASE

On June 20, 2024, Magistrate Judge Carlson issued two rulings directly affecting

the merits:

1. **Doc. 58 — Denial of Appellant's Rule 12(c) Motion.**

   Section 636(b)(1)(A) expressly provides that a magistrate judge may not

   finally determine motions "for judgment on the pleadings," "to dismiss for

   failure to state a claim," "for summary judgment," or comparable dispositive

   motions, absent written consent under § 636(c). No such consent exists here.

   Doc. 58 was therefore ultra vires and void on its face.

2. **Doc. 59 — Report and Recommendation to Grant Motions to Dismiss.**

   Although styled as an R&R, this recommendation is defective because:

   (a) no judge-signed referral order exists in compliance with FRCP 79(a); and

   (b) Carlson's recall authority for June 2024 is unproven and facially

   irregular, as the September 29, 2023 Judicial Council order misidentifies

   another judge.

On September 30, 2024, Judge Wilson adopted Carlson's R&R (Doc. 64)

without addressing these defects. Adoption cannot cure an ultra vires act. As the

Supreme Court held in *Nguyen*, adjudication by an unauthorized officer is a

structural defect not subject to harmless-error review.

Accordingly, Docs. 58 and 59 are void, Doc. 64 is tainted by reliance upon them, and by extension so too are the subsequent opinion and final judgment entered in the Court of Appeals (3d Cir. Docs. 59, 60).

---

## VI. APPLICATION OF LAW TO THIS CASE

1. **Carlson's R&R (Doc. 59).**

   Recommended dismissal under 12(b)(1) and 12(b)(6), both excluded by § 636(b)(1)(A). No signed referral; recall unproven.

2. **Appellant's Objections (Doc. 60).**

   Timely objections invoked § 636(b)(1)(C) and challenged the statutory exclusions, absence of referral, and recall irregularities. These were specific objections mandating de novo review.

3. **District Court Adoption (Doc. 64).**

   Judge Wilson adopted the R&R, dismissed the complaint with prejudice, and referred the case back to Carlson. In doing so, she relied on "verbal orders" of referral, invoked § 636(b)(1)(B) without addressing § 636(h), and applied *Goney v. Clark* to curtail de novo review.

4. **Legal Consequence.**

   Carlson lacked lawful authority to enter Docs. 58 and 59. Judge Wilson's adoption in Doc. 64 laundered those ultra vires acts into final judgment.

Under *Nguyen* and *Gomez*, such structural defects cannot be waived or cured; the resulting judgment is void ab initio.

Under *Hazel-Atlas*, counterfeit adjudication constitutes fraud upon the court because it substitutes sham proceedings for lawful judicial process. Here, the use of "verbal orders," unauthenticated recall papers, and ultra vires rulings in place of Article III adjudication defiled the judicial function itself. Fraud of this kind is structural and cannot be waived, excused, or cured.

---

## VII. RELIEF REQUESTED

Appellant respectfully requests that this Court enter an order providing the following relief:

1. **Production & Authentication (Burden on Court).**

   Direct the Clerk of Court, the Third Circuit Judicial Council, and the Administrative Office of the U.S. Courts to produce the certified records identified in **Exhibit A – Required Records for Recall Authentication.**

   - **Category A (Statutory and Structural Prerequisites):** Judicial Council recall orders, written consents, oath of office, judge-signed referral orders, holdover vote records, and docket entries of appointment.

- o **Category B (Ancillary Indicia of Judicial Service):** Payroll and compensation records, staffing and chambers assignments, Judicial Council vote tallies and minutes, security credentials and access logs, judicial workload statistics, official biography/roster updates, and the Clerk's log of oaths administered.

These records are exclusively within the custody of the Court, Judicial Council, and AO; Appellant has no means to obtain them independently. These ancillary indicia are not exotic or discretionary; they are the ordinary course administrative records that necessarily exist if a magistrate has in fact been recalled and functioning. Their absence would be dispositive proof that no lawful recall occurred.

2. **Preservation.**

    Require immediate preservation of all originals, drafts, signature image assets, digital certificates, and metadata related to recall orders and referral entries, including CM/ECF logs, audit trails, and email headers.

3. **Interim Protection.**

    Administratively stay the effect of all Carlson-signed dispositive orders in this case pending authentication, including:

    - o **Doc. 58** (denial of Rule 12(c) motion), and

    - o **Doc. 59** (Report and Recommendation recommending dismissal).

4. **Self-Executing Consequences.**

   If the Court and Judicial Council do not produce certified, complete records within 14 days, then this Court shall:

   - Declare the unauthenticated recall papers legally inoperative;

   - Vacate Docs. 58 and 59 as ultra vires;

   - Vacate Judge Wilson's adoption order (**Doc. 64**) as tainted;

   - Bar reliance on any purported recall authority absent certified records; and

   - Set an evidentiary hearing on provenance and sanctions.

5. **Declaration & Vacatur.**

   If no valid recall or referral orders exist, declare that Martin C. Carlson lacked lawful authority ab initio, strike his rulings (Docs. 58–59) as void, vacate Judge Wilson's adoption order (Doc. 64) as tainted, and further declare that all appellate rulings and judgments (CA3 Docs. 59–60) dependent upon those void acts are likewise null and without legal effect.

6. **Further Relief.**

   Grant such other relief as the Court deems just and proper to protect Appellant's constitutional and procedural rights, including restoring the case to a posture where it may be heard on the merits by a duly authorized Article III judge.

## VIII. CONCLUSION

The validity of a magistrate judge's recall and assignment is not a matter of inference or presumption; it is a matter of record. Only this Court and the Judicial Council hold the records capable of proving whether Martin C. Carlson was lawfully recalled, duly sworn, and properly assigned under 28 U.S.C. §§ 631 and 636. Appellant has no access to those internal documents.

**Exhibit A** identifies the records that must exist**; Exhibit B** shows that none appear on the docket, no consent was given, no hearings were held, Appellant never once saw or spoke to a judicial officer, and government defendants never answered**.**
The voidness of Carlson's authority reaches not only his own rulings (Docs. 58–59) but also Judge Wilson's adoption order (Doc. 64) and all subsequent appellate judgments (CA3 Docs. 59–60) that depended upon those void acts.

The burden now rests with the Court and the Judicial Council to produce certified recall and referral orders that satisfy statutory requirements. If those records cannot be produced within the time ordered, then the unavoidable conclusion is that Carlson lacked authority ab initio, and all orders issued in his name — and all judgments dependent upon them — are void.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 22, 2025

# CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct

copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Date: September 22, 2025

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

## Exhibit A – Required Records for Recall Authentication

### A. Statutory and Structural Prerequisites

| Required Record | Custodian | Authority | Reason |
|---|---|---|---|
| Judicial Council Recall Orders (2023–24, 2024–25, 2025–26) with docket numbers, meeting minutes, and vote tallies | Third Circuit Judicial Council (via Circuit Executive) | 28 U.S.C. § 636(h); JCUS Ad Hoc Recall Regs § 1120.40 | Establish authenticity and Council approval |
| Written consent of Chief Judge of MDPA for each recall term | Chief Judge of MDPA | 28 U.S.C. § 636(h) | Statutory prerequisite |
| Carlson's written consent to serve for each recall term | Judge Carlson | 28 U.S.C. § 636(h) | Statutory prerequisite |
| Oath or reaffirmation of oath administered post-recall | MDPA Clerk's Office | 28 U.S.C. § 631(g) | Structural requirement |
| Judge-signed assignment/referral orders in this case | Judge Wilson | 28 U.S.C. § 636(b)(1); FRCP 79(a) | Assignment vehicle; "verbal orders" insufficient |
| Judicial Council vote records for any holdover service beyond term expiration | Third Circuit Judicial Council (via Circuit Executive) | 28 U.S.C. § 631(f) | Required approval for 180-day holdover service |
| Record of appointment/recall entered on MDPA docket | MDPA Clerk's Office | 28 U.S.C. § 631(h) | Every magistrate appointment must be "entered of record in such court" |

### B. Ancillary Indicia of Judicial Service

| Required Record | Custodian | Authority | Reason |
|---|---|---|---|
| Payroll and compensation records showing recall service | Administrative Office of the U.S. Courts (AO) | 28 U.S.C. § 604(a)(5) | Recalled magistrates are paid; payroll confirms or disproves service |
| Chambers staffing/HR records allocating staff to Carlson | MDPA Clerk's Office / AO HR Division | JCUS Ad Hoc Recall Regs § 1120.60 | Recall orders must specify staffing; no staff = no functioning chambers |
| Judicial workload statistics listing Carlson as recalled | AO Statistics Division | 28 U.S.C. § 604(a)(2), (3) | AO collects judicial workload reports; if Carlson was active, he appears |
| Security credential issuance / ID badge logs | U.S. Marshals Service / MDPA Security | 28 U.S.C. § 566 | A recalled magistrate requires courthouse and electronic access credentials |
| Judicial biography / official roster updates | AO / Third Circuit Judicial Council | Judicial Conference reporting practice | If recalled, AO judicial biography and Council roster reflect service |
| Clerk's log of oaths administered | MDPA Clerk's Office | 28 U.S.C. § 631(g) | Clerk maintains record of all oaths administered |

# Exhibit B – Timeline of Magistrate Judge Carlson's Purported Involvement in This Case

| Date | Docket No. | Action Taken | Authority Defect |
|---|---|---|---|
| 4/8/2024 | Dkt. entry (no doc) | *"VERBAL ORDER REASSIGNING CASE – Case reassigned to Magistrate Judge Martin C. Carlson for all further proceedings."* | No judge-signed referral order under **FRCP 79(a)**. Assignment "for all further proceedings" invalid absent **§ 636(c)** consent. |
| 4/9/2024 | 33 | Clerk circulates **§ 636(c) consent forms** to all parties (due 05/09/2024). | Confirms no consent existed when Carlson assumed case. |
| 4/11/2024 | Dkt. entry (no doc) | *"VERBAL ORDER REASSIGNING CASE – Case reassigned to Hon. Jennifer P. Wilson and referred to Magistrate Judge Carlson as one or more parties have not consented."* | *Parties declined §636(c) consent.* Referral remains **verbal only**, not a judge-signed order. |
| 5/8/2024 | Dkt. entry (no doc) | *"CASE REFERRED to Magistrate Judge Carlson."* | Still no judge-signed referral. Assignment authority defective. |
| 6/5/2024 | 55 | **Judge Wilson issues first Article III order:** adopts Carlson's R&R (Doc. 37), denies Plaintiff's motions (20, 29), grants OOR's motion (14), and refers case back to Carlson. | **First judicial act.** Laundered Carlson's ultra vires R&R into judgment; relied on "verbal referral"; applied *Goney* to avoid de novo review; recall not authenticated. |
| 6/20/2024 | 58 | Carlson **denies Plaintiff's Rule 12(c) motion.** | Dispositive ruling barred under **§ 636(b)(1)(B)** absent **§ 636(c)** consent. Ultra vires. |
| 6/20/2024 | 59 | Carlson issues **R&R recommending dismissal of complaint.** | Referral order missing. Recall order for 2023–24 misidentifies "Judge Cohn"; recall authority unproven. |
| 9/30/2024 | 64 | **Judge Wilson issues second Article III order:** adopts Carlson's R&R (Doc. 59), grants both motions to dismiss (8, 16), dismisses complaint with prejudice, and refers sanctions issue back to Carlson. | **Second and final judicial act.** Expressly acknowledges reassignment by "verbal order." Relies on **§ 636(b)(1)(B)** without proving recall validity. Objections narrowed under *Goney* . Taints final judgment. |
| 7/28/2025 | CA3 Docs. 59, 60 | Third Circuit opinion and final judgment entered. | Relies on void district court orders; appellate judgment structurally tainted. |
| Entire Case | — | *No hearings or oral arguments conducted. Plaintiff never saw or spoke to a magistrate or Article III judge at any stage.* | Government defendants never answered. All proceedings conducted exclusively through clerk notations and paper orders. Plaintiff was denied any adversarial hearing or personal access to the judiciary as guaranteed by Article III and due process. |