IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014)<br><br><br><br><br><br>*e-filed* |

**<u>APPELLANT'S MOTION TO VACATE PANEL JUDGMENT AS VOID FOR RELIANCE ON FRAUDULENTLY ATTRIBUTED CLERK FILING (ECF NO. 11-1)</u>**

**I.	INTRODUCTION**

Appellant respectfully moves this Court to vacate its July 28, 2025 panel opinion and judgment (ECF Nos. 59, 60) as void under *Nguyen v. United States*, 539 U.S. 69 (2003). The judgment was procured through reliance on ECF No. 11-1 ("Summary Action Letter"), a document that bore the typed signature "s/ Patricia S. Dodszuweit, Clerk" but was executed "By: Nicole, Administrative Assistant." The Clerk's Office has admitted that Patricia Dodszuweit had no involvement in authoring or filing such correspondence. Under Local Appellate Rule 113.9, the login credential constitutes the true legal signature, and the "s/" block is the visible

1

attestation of authorship. Because "Nicole" is not the Clerk and had no rule-based authority to issue dispositive directives, the attestation "s/ Patricia" was false.

The panel's subsequent reliance on that document to stay briefing and channel the case into summary action procedures tainted the entire adjudication. A judgment (ECF 59, 60) entered on the basis of such a fraudulently attributed act is a nullity.

---

## II. FACTUAL BACKGROUND RELEVANT TO L.A.R. 113.9

On October 29, 2024, the docket reflected the filing of ECF No. 11-1 ("Summary Action Letter"). The letter purported to stay briefing and direct the appeal into summary action procedures under Local Rule 27.4. It bore:

"s/ Patricia S. Dodszuweit, Clerk"

"By: Nicole, Administrative Assistant."

On September 22 and September 23, 2025, Appellant contacted the Clerk's Office concerning ECF No. 11-1. Case Manager James King and Deputy Clerk Maureen [spelling uncertain] each confirmed that the Clerk of Court, Patricia S. Dodszuweit, did not author or file ECF No. 11-1. Instead, they represented that an individual identified only as "Nicole, Administrative Assistant" executed the filing. When pressed, neither official the Clerk's Office could/would not:

- explain who "Nicole" was,

2

- provide "Nicole" last name or any further identification,

- identify "Nicole" official role in the Court or this case,

- transfer Appellant's call to Nicole (or to Patricia), or

- cite any rule authorizing Nicole to issue dispositive correspondence under the Clerk's name.

Nor could either official identify any Federal Rule of Appellate Procedure, Local Appellate Rule, or Standing Order that authorized "Nicole, Administrative Assistant" — or even Patricia — to file the Jurisdiction Defect Letter in the form it appeared. The office further admitted that Patricia herself had no involvement whatsoever in creating or filing ECF No. 7.

Thus, by the Clerk's own staff, the visible attestation "s/ Patricia S. Dodszuweit, Clerk" was confirmed to be false, and the only identified actor was an unnamed administrative assistant – "Nicole" with no disclosed rule-based authority who had acted in Appellant's case.

No Article III judge signed the letter. No order was entered by a judicial officer. The only visible attestation was that the Clerk had signed, while the document itself disclosed it was executed by a staff assistant.

### III.   GROUNDS/ARGUMENT

**Fraud by False Attribution Under Third Circuit Local Rule 113.9**

## A. Rule 113.9 Establishes the Governing Standard

Local Appellate Rule Misc. 113.9 provides:

- **(a)** *"The user log-in and password required to submit documents to the electronic filing system serve as the Filing User's signature on all electronic documents filed with the court."*
- **(b)** *"The name of the Filing User under whose log-in and password the document is submitted must be preceded by an 's/' and typed in the space where the signature would otherwise appear."*
- **(c)** *"No Filing User or other person may knowingly permit or cause to permit a Filing User's log-in and password to be used by anyone other than an authorized agent of the Filing User."*

This rule creates two distinct requirements:

1. The **true legal signature** is the hidden login credential.
2. The **visible "s/ [Name]" block** is the official attestation of who filed the document.

Because litigants never see the credential, the "s/" line is the only outward indicator of authorship and accountability.

---

## B. The "Summary Action" Letter Contradicts Rule 113.9

If Nicole used her own login, Rule 113.9(b) was violated because the Filing User's name must match the credential, but the document attested "s/ Patricia." That was false attribution.

If Nicole used Patricia's login, Rule 113.9(c) was violated because a Filing User may not permit another person to use their credential, except as narrowly defined agency. Even then, the visible attestation "s/ Patricia" still misrepresented authorship by suggesting Clerk endorsement when the filing was executed by staff. Either way, the only visible attestation — "s/ Patricia S. Dodszuweit, Clerk" — was false.

---

**C. Structural Consequences**

- **Opacity:** Because the credential signature is hidden, the "s/" block is the only outward evidence of authorship. Here it was inaccurate.
- **False Attribution:** The document presented the Clerk as signer, while disclosing that it was executed by staff.
- **Fraud on the Court:** Misrepresenting a staff-authored directive as a Clerk-signed order constitutes fraud on the court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005)).

- **Voidness:** Because the letter stayed briefing and directed the appeal into summary action procedures without Clerk or judicial authentication, it was a nullity under *Nguyen v. United States*, 539 U.S. 69 (2003).

**Arguendo.** Even if the Court were to rely on commentary appended to Rule 113.9 — which permits an "authorized agent" to use a Filing User's login — the result is still fatal. That commentary applies to parties and attorneys, not staff generating dispositive rulings in the Clerk's name. And even under its terms, delegation must use the Filing User's actual login credential; otherwise the "s/" block is false attribution. Whether Nicole filed under her own credential (making "s/ Patricia" false) or under Patricia's (making delegation improper for a dispositive order), the representation of Clerk authorship remained untrue. Moreover, Patricia herself has no rule-based authority to stay briefing or direct appeals into summary action, and still less could "Nicole," an undisclosed assistant.

---

**D. The Panel's Judgment Is Void Because It Relied on ECF 11-1**

The July 28, 2025 panel memorandum (ECF 59) and judgment (ECF 60) rested on procedures initiated by the fraudulent filing of ECF 11-1. The panel's disposition expressly arose from the case having been stayed and listed for summary action — steps triggered solely by the staff-issued "s/ Patricia" letter.

When the foundation of a judgment is an act that is void ab initio, the judgment itself cannot stand. As the Supreme Court held in *Nguyen*, adjudication by unauthorized officers produces judgments that are "nullities." 539 U.S. at 77. Here, because the panel's disposition was predicated on ECF 11-1, the judgment itself is void.

---

## IV. PREEMPTIVE OBJECTIONS

**1. "This was just an administrative notice."**

It was not. The letter did not merely advise of a deficiency; it stayed briefing and directed the case to summary action. That is adjudicative, not administrative.

**2. "Nicole was an authorized agent."**

Even if she were, the "s/ Patricia" block attested Patricia was the Filing User. The Clerk's Office has admitted she was not. Rule 113.9(b) or 113.9(c) was necessarily violated.

**3. "This was a harmless irregularity."**

Fraud on the court does not turn on prejudice but on the corruption of the process. *Hazel-Atlas*, 322 U.S. at 246. A filing that misrepresents judicial authorship is never harmless.

**4. "Clerks have authority to issue jurisdictional letters."**

They may transmit notices, but no rule authorizes them to stay briefing or assign

cases for summary action. *Nguyen*, 539 U.S. at 73. Staff cannot exercise adjudicative authority.

**5. "There is no proof of fraud."**

The proof is in the document itself: it bore "s/ Patricia" while disclosing it was executed by "Nicole." Fraud on the court does not require evil intent, only corruption of the judicial process. *Herring*, 424 F.3d at 386–87.

---

**V. RELIEF REQUESTED**

WHEREFORE, Appellant respectfully moves the Court to:

1. **Vacate** the July 28, 2025 panel opinion and judgment (ECF Nos. 59, 60) as void under *Nguyen*.

2. **Strike** ECF No. 11-1 from the docket as a nullity.

3. **Compel disclosure** of which login credential was used to file ECF 11-1 and what role "Nicole" occupies, including any claimed authority to act in the Clerk's name.

4. **Authentication of Office:** Require formal certification or other competent evidence that Patricia S. Dodszuweit presently holds and exercises the office of Clerk, and that any person filing in her name does so lawfully.

5. **Reassign** the appeal to a new Article III panel for lawful adjudication.

8

6. **Safeguards:** Direct that future dispositive orders must be filed only by judges or, at minimum, by the Clerk personally through her credential, not by undisclosed staff using "s/" blocks.

7. **Such and other relief** as the Court may deem just and proper.

---

**CONCLUSION**

The panel's July 28, 2025 judgment rests on a filing that bore the Clerk's name but was authored and filed by staff without authority. Under L.A.R. 113.9, the visible attestation "s/ Patricia S. Dodszuweit" was false, and under *Nguyen*, any judgment built on that foundation is void. The Court must grant the relief.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*

        Respectfully Submitted,

        */s/ Michael Miller*
        Michael Miller
        108 N. Reading Rd., Ste F, 246
        Ephrata, Pennsylvania 17522
        717-388-0163
Dated: September 24, 2025    reaganfive@protonmail.com