IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

**NOTICE OF EXHAUSTION BY NON-ADJUDICATION**

Appellant, proceeding pro se, files this Notice for the limited purpose of preserving the record and documenting exhaustion resulting from the sustained absence of adjudication by an Article III judicial officer at both the district-court and appellate levels.

## I. LIMITED PURPOSE OF NOTICE

1. This Notice serves a procedural and preservational function only. Appellant does not seek relief, reconsideration, rehearing, or merits review through this filing.

1

2. Appellant files this Notice to document that, across the district-court proceedings and the ensuing appeals, no Article III judge has adjudicated Appellant's properly presented constitutional claims or objections.

## II. DISTRICT COURT NON-ADJUDICATION (FOUNDATIONAL)

3. In the district court, Appellant filed a federal-question complaint asserting independent constitutional claims under 28 U.S.C. §§ 1331 and 1343 (District Court ECF No. 1).

4. The magistrate judge's Report and Recommendation mischaracterized the nature of the action and did not analyze the pleaded federal constitutional claims, did not establish jurisdiction before invoking discretionary doctrines, did not apply controlling Third Circuit precedent governing independent federal claims, did not conduct a Rule 12(b)(6) plausibility analysis, and recommended dismissal with prejudice without a futility or leave-to-amend analysis (R&R, District Court ECF No. 59).

5. Appellant filed specific, statute- and precedent-based objections under 28 U.S.C. § 636(b)(1), identifying discrete jurisdictional, constitutional, and procedural errors (Objections, District Court ECF No. 60. See also ECF No. 40).

6. The district judge did not conduct de novo review of those objections, instead classifying them as "general" and adopting the R&R without addressing the identified defects (Adoption Order, District Court ECF No. 64).

7. As a result, no Article III judge adjudicated Appellant's constitutional claims at the district-court level.

## III. APPELLATE ADMINISTRATIVE SUBSTITUTION FOR ADJUDICATION

8. On appeal, dispositive procedural steps were taken without judicial orders, including placement of the appeal on a summary-action track and a stay of briefing through a Clerk's Office filing (Summary Action Letter, Court of Appeals ECF No. 11-1).

9. Appellant timely objected to the clerk-initiated summary-action posture and requested judicial review, identifying governing rules reserving such determinations to judges (Motions and Objections, Court of Appeals ECF Nos. 13, 14, 15, and 16).

10. No Article III judge ruled on any of those objections, and the clerk-initiated procedural posture remained operative throughout the appeal.

11. The appellate disposition later relied on a stated "submission" event not reflected by any judicial order or docket entry attributable to a judge (Judgment, Court of Appeals ECF No. 60).

12. The memorandum disposition and judgment lack judicial attribution or authentication ordinarily associated with adjudication and instead reflect administrative processing (Memorandum, Court of Appeals ECF No. 59; Judgment, Court of Appeals ECF No. 60).

13. These circumstances document administrative control of the decisional pathway, rather than adjudication by judges.

---

**IV. AUTHENTICATION AND ATTRIBUTION DEFECTS (APPELLATE LEVEL)**

14. The dispositive appellate memorandum contains no lawful judicial signature or "By the Court" attestation (Court of Appeals ECF No. 59), and the judgment bears only a Clerk's signature block (Court of Appeals ECF No. 60).

15. Appellant raised these defects in post-disposition filings as evidence that adjudication had not occurred (Petition for Rehearing, Court of Appeals ECF No. 61-1).

16. No judicial order has addressed or resolved these authentication- and attribution-based challenges.

---

## V. PETITION FOR REHEARING AND CONTINUED NON-ADJUDICATION

17. Appellant timely filed a petition for rehearing identifying multiple discrete, preserved, outcome-determinative errors, each independently requiring judicial consideration under Fed. R. App. P. 40(b)(1) (Petition for Rehearing, Court of Appeals ECF No. 61-1).

18. The petition demonstrated, inter alia, that subject-matter jurisdiction was never established before abstention, that mandatory standards were not applied at either court level, and that structural defects could not be cured on appeal (id.).

19. For nearly five months, no Article III judge has ruled on, denied, or otherwise addressed the petition for rehearing.

20. No order has rejected the petition on the merits, struck it as improper, or otherwise adjudicated the issues presented.

## VI. EXHAUSTION BY NON-ADJUDICATION

21. Appellant has taken all reasonable steps within the district court and this Court to obtain Article III adjudication, including filing a complaint, objections under § 636(b)(1), appellate briefing, motions seeking judicial review, and a petition for rehearing (District Court ECF Nos. 1, 60; Court of Appeals ECF Nos. 13–16, 61-1).

22. The absence of judicial rulings at the district-court level, the absence of corrective adjudication on appeal, the reliance on clerk-initiated procedural posture, and the continued non-response to the petition for rehearing together constitute constructive refusal to adjudicate.

23. Appellant's exhaustion arises from non-adjudication, not from an adverse judicial determination.

---

## VII. PRESERVATION AND LIMITATION

24. This Notice preserves Appellant's position that Article III adjudication has not occurred at any stage.

25. This Notice does not assert intent, motive, or misconduct by any court officer.

26. This Notice does not waive any claim, objection, or argument.

27. Appellant files this Notice solely to ensure that the appellate record accurately reflects the procedural posture.

## VIII. CONCLUSION

28. Appellant respectfully places on the record that, notwithstanding repeated and procedurally proper invocations of judicial review, no Article III judge has adjudicated Appellant's constitutional claims or objections.

29. Any exhaustion in this matter results from sustained non-adjudication, not from adverse adjudication.

Respectfully submitted,  
*/s/ Michael Miller*  
MICHAEL MILLER  
108 North Reading Road., Ste F, 246  
Ephrata, Pennsylvania 17522  
717-388-0163  
reaganfive@protonmail.com  
December 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
December 16, 2025