IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

**APPELLANT'S MOTION TO TAKE JUDICIAL NOTICE OF SUPERVENING STATE-COURT FINAL DISPOSITION, TO RECALL THE MANDATE, AND TO VACATE THE JULY 28, 2025 MEMORANDUM AND JUDGMENT BASED ON A MATERIAL FACTUAL PREMISE CONCERNING "PARALLEL STATE PROCEEDINGS," WITH REMAND FOR ARTICLE III DE NOVO DETERMINATION (28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3))**

Appellant Michael Miller respectfully moves for judicial notice and extraordinary relief because the panel's disposition rests on a material "parallel proceedings" premise that the Pennsylvania courts' final disposition confirms did not exist as an adjudicated alternative forum for Appellant's federal constitutional claims, and because appellate "de novo review" cannot substitute for Congress's

1

non-discretionary district-judge de novo determination requirement after timely, specific objections. (App. 1–2; App. 4–18).

## I. RELIEF REQUESTED

1. Take judicial notice, under Federal Rule of Evidence 201, of the Pennsylvania Supreme Court's January 21, 2026 per curiam order denying (a) "Application to Vacate Orders for Fraud on the Court" and (b) the Petition for Allowance of Appeal, and of the Commonwealth Court's April 11, 2025 decision and scope of disposition. (App. 1–2; App. 4–18).

2. Recall the mandate under this Court's inherent authority (and consistent with FRAP 41 practice and Third Circuit internal procedures governing post-mandate relief) because the panel's "parallel state proceedings" premise was materially inaccurate in the doctrine-required sense and affected Appellant's substantive right to an Article III adjudication of pleaded federal constitutional claims.

3. Vacate the July 28, 2025 memorandum (ECF 59) and judgment (ECF 60) and remand with instructions that the district judge conduct the required de novo determination of Appellant's timely, specific objections under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3), including de novo determination of whether any state proceeding was "parallel" under *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274 (3d Cir. 2017), and whether federal

adjudication may be declined consistent with *Zwickler v. Koota*, 389 U.S. 241 (1967).

4. In the alternative, if the Court declines recall/vacatur, amend the memorandum to correct the dispositive "parallel proceedings" factual premise and to clarify that no state court adjudicated Appellant's federal constitutional claims.

## II. JUDICIAL-NOTICE MATERIALS AND LIMITATION

5. Appellant requests judicial notice only of adjudicative facts "not subject to reasonable dispute" because the facts are capable of accurate and ready determination from state-court records. Fed. R. Evid. 201(b). Appellant requests notice of the existence, dates, and operative dispositions reflected in the Pennsylvania Supreme Court and Commonwealth Court records, not judicial notice of the truth of contested factual assertions within those opinions. (App. 1–2; App. 4–18).

6. The supervening adjudicative fact is the Pennsylvania Supreme Court's January 21, 2026 order denying the Petition for Allowance of Appeal. The Pennsylvania Supreme Court order is the final endpoint of the state appellate path relied upon below as a purported "parallel proceeding" predicate. (App. 2).

7. The Commonwealth Court's April 11, 2025 disposition confirms the scope of state adjudication and confirms that the Commonwealth Court did not reach "remaining arguments" once the Commonwealth Court concluded Appellant was not entitled to mandamus relief and that the court of common pleas properly dismissed the enforcement action. The Commonwealth Court's express refusal to consider "remaining arguments" confirms that the state appeal did not function as an adjudicated alternative forum for pleaded federal constitutional claims. (App. 4–18; App. 17).

## III. BACKGROUND AND THE "PARALLEL PROCEEDINGS" PREDICATE THAT DID DISPOSITIVE WORK

8. The magistrate judge recommended discretionary declination under the Declaratory Judgment Act and invoked "pending parallel state proceedings" as a prudential reason to "refrain from entertaining" federal declaratory relief. The magistrate judge grounded that declination on Brillhart/Summy concepts of avoiding "gratuitous interference" with ongoing state litigation presenting "the same issues," and treated the existence of a "pending parallel state proceeding" as a dispositive prudential predicate for termination. (DC ECF 59).

9. Appellant filed timely objections directed to specified portions of the Report and Recommendation, including objections disputing that any state

proceeding was "parallel" in the doctrine-required sense and disputing authority to decline adjudication of pleaded federal constitutional claims. (DC ECF 60).

10. The district judge adopted the Report and Recommendation, treated all but one objection as "general," applied only clear-error/manifest-injustice review to the challenged abstention predicate, and dismissed with prejudice. (DC ECF 64).

11. On appeal, the panel stated that even if the district judge erred by applying clear-error review rather than de novo review, any error was "harmless because we review the issue de novo ourselves," and the panel rejected Appellant's "not parallel" argument by stating that Appellant "raised his federal claims" in at least one Commonwealth Court appeal. (CA3 ECF 59 at 6–7; CA3 ECF 60).

12. The adjudicative facts identified in Section II confirm that the state appellate path did not adjudicate Appellant's federal constitutional claims and confirm that the Commonwealth Court did not consider "remaining arguments." (App. 2; App. 17).

## IV. ARGUMENT

### A. THE STATE-COURT FINAL DISPOSITION IS A SUPERVENING ADJUDICATIVE FACT THAT UNDERMINES THE DISPOSITIVE "PARALLEL PROCEEDINGS" PREDICATE

13. The Pennsylvania Supreme Court's January 21, 2026 denial order and the Commonwealth Court's April 11, 2025 scope-of-disposition statement are supervening adjudicative facts properly noticed under Rule 201. Those records foreclose any premise that the state appellate path functioned as an adjudicated alternative forum for Appellant's pleaded federal constitutional claims, and those records directly undermine the "pending parallel state proceedings" predicate that did dispositive work below. (App. 2; App. 17; DC ECF 59).

### B. "PARALLEL STATE PROCEEDINGS" UNDER KELLY REQUIRES DOCTRINE-LEVEL PARALLELISM; "RAISED IN A BRIEF" IS NOT A SUBSTITUTE FOR ADJUDICATED PARALLEL ISSUES

14. *Kelly* holds that "parallel state proceedings" for declaratory-judgment purposes require substantial similarity of parties and issues and must be evaluated as proceedings, not as isolated arguments in a brief. *Kelly* recognizes that a truly parallel state proceeding matters because a parallel

proceeding supplies a real alternative forum and avoids duplicative adjudication.

15. The adjudicative facts noticed in Section II confirm that the Commonwealth Court disposed of the case without reaching "remaining arguments." A proceeding that does not adjudicate the federal constitutional claims and expressly declines to consider remaining arguments cannot be treated as a "parallel" adjudication of those federal constitutional claims in the doctrine-required sense. (App. 17).

16. The panel's memorandum treated "Appellant raised his federal claims" as dispositive of "parallel proceedings" analysis. Under *Kelly*, "raised" is not "parallel adjudication," and Section II confirms non-adjudication in the state track. (App. 17).

**C. *ZWICKLER* CONFIRMS THAT FEDERAL COURTS MAY NOT DECLINE FEDERAL-QUESTION ADJUDICATION OF FEDERAL CONSTITUTIONAL CLAIMS ABSENT A TRUE AND NARROW EXCEPTION; THE "PARALLEL PROCEEDINGS" PREMISE WAS THE EXCEPTIONAL-POLICY HOOK, AND THE STATE RECORDS NOW CONFIRM THE PREMISE DID NOT EXIST AS AN ADJUDICATED ALTERNATIVE FORUM**

17. *Zwickler* holds that federal courts have a duty to adjudicate federal constitutional claims within federal-question jurisdiction and may not decline that jurisdiction merely because state courts may also adjudicate federal rights. *Zwickler*'s core point is structural: a plaintiff's choice of a federal forum for federal constitutional claims is entitled to respect, and abstention is not a free-floating discretion to avoid adjudication.

18. The dispositive prudential "escape hatch" invoked below was "parallel state proceedings presenting the same issues." Section II confirms that the state path did not adjudicate the pleaded federal constitutional claims and did not function as an adjudicated alternative forum for those claims. *Zwickler* therefore remains the controlling principle: federal adjudication cannot be displaced by an asserted "parallel" state adjudication that did not occur. (App. 2; App. 17; DC ECF 59).

**D. THE "Harmless because we review de novo ourselves" RATIONALE CANNOT SUBSTITUTE FOR THE DISTRICT JUDGE'S NON-DISCRETIONARY DE NOVO DETERMINATION DUTY, AND THE PARALLELISM ISSUE WAS NOT RECORD-INEVITABLE**

19. Under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3), timely, specific objections impose a mandatory duty on the district judge to make a de novo

determination of the challenged portions of the magistrate judge's recommendation.

20. *Brown v. Astrue*, 649 F.3d 193 (3d Cir. 2011) confirms that objections do not lose de novo status merely because objections repeat arguments previously presented to the magistrate judge and confirms that harmless-error analysis is posture-dependent. *Brown* treated a district court's misstatement of the review standard as harmless in a closed administrative-record setting governed by substantial-evidence review, where no set of facts could change the result.

21. A facial Rule 12(b)(1)/Rule 12(b)(6) dismissal is not a closed-record inevitability posture. The "parallel proceedings" predicate is an antecedent prudential predicate and is fact-sensitive in the doctrine-required sense. Section II confirms that the predicate was materially inaccurate as an adjudicated alternative forum. Appellate substitution cannot retroactively supply the district judge's missing de novo determination of that prudential predicate where the predicate itself is now confirmed false in the doctrine-required sense. (App. 2; App. 17).

## E. FRAUD ON THE COURT: ROLE-ALIGNED REVIEW SUPPRESSION THAT PRESERVED A FALSE "PARALLEL PROCEEDING" PREDICATE

22. Fraud on the court is a narrow doctrine directed to protecting the integrity of adjudication. Under controlling Third Circuit standards, a movant must show (1) intentional fraud, (2) by an officer of the court, (3) directed at the court itself, and (4) that in fact deceives the court, supported by clear, unequivocal, and convincing evidence of egregious misconduct. *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005).

23. The record shows an aligned sequence at the abstention decision point that preserved a materially false decisional predicate—"parallel state proceedings" as an adjudicated alternative forum for pleaded federal constitutional claims—by suppressing the non-discretionary checkpoint that would have required an Article III judge to decide the contested predicate under the correct standard of review. (DC ECF 59; DC ECF 60; DC ECF 62; DC ECF 64; CA3 ECF 59–60; App. 2; App. 17).

24. The role-aligned chain is record-tethered and chronological:

    (a) The magistrate judge supplied a termination narrative resting on "pending parallel state proceedings" to justify discretionary Declaratory Judgment Act declination. (DC ECF 59).

    (b) Appellant's timely objections targeted that predicate and invoked the mandatory de novo determination duty. (DC ECF 60).

    (c) Appellee Pennsylvania Office of Open Records urged reclassification of

Appellant's targeted objections as "general," setting up downgraded review. (DC ECF 62).

(d) The district judge adopted the "general objections" reclassification, applied clear-error/manifest-injustice review to the contested predicate, and entered a with-prejudice judgment. (DC ECF 64).

(e) Before the Court's July 28, 2025 memorandum and judgment, Appellant filed CA3 Doc. 57-1 to notify the Court that the Commonwealth Court's April 11, 2025 dispositions did not adjudicate federal constitutional claims and did not reach First or Fourteenth Amendment issues. (CA3 Doc. 57-1 at 1–6; App. 17).

(f) The panel nevertheless affirmed, treated the missing district-judge de novo determination as "harmless" by appellate substitution, and treated "raised in a state brief" as sufficient to label the state track "parallel." (CA3 ECF 59 at 6–7; CA3 ECF 60).

25. Section II confirms the supervening adjudicative fact that the state track did not adjudicate Appellant's federal constitutional claims and confirms that the Commonwealth Court expressly declined to consider "remaining arguments." (App. 2; App. 17). In this posture, the alignment in paragraph 24 supports fraud-on-the-court relief necessary to protect the integrity of adjudication where a materially false predicate was preserved through

review suppression at the statutory de novo decision stage and was then maintained on appeal notwithstanding record notice before decision. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575 (1946).

## V. EXTRAORDINARY RELIEF STANDARD AND WHY THE STANDARD IS SATISFIED

26. Recall of mandate is extraordinary and requires extraordinary circumstances. Extraordinary circumstances exist here because the Court's July 28, 2025 disposition turned on a "parallel proceedings" predicate that the Pennsylvania appellate record now confirms did not exist as an adjudicated alternative forum for Appellant's pleaded federal constitutional claims. (App. 2; App. 17).

27. Extraordinary circumstances also exist because the case implicates Congress's mandatory district-judge de novo determination requirement as an Article III legitimating checkpoint for dispositive magistrate recommendations after timely, specific objections, and because the panel's "harmless because we review de novo ourselves" rationale cannot substitute for the district judge's non-discretionary de novo determination. (DC ECF 60; DC ECF 64; CA3 ECF 59 at 6–7).

28. Appellant therefore requests corrective relief (judicial notice, recall, vacatur, remand) and redress within this Court's remedial authority: taxation of Appellant's allowable appellate costs associated with this motion under Fed. R. App. P. 39, and such other relief as the Court deems just to protect the integrity of adjudication, including issuance of an order to show cause or referral for disciplinary review if the Court concludes that any party or counsel knowingly advanced or maintained a materially false decisional predicate after record notice.

## VI. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant the relief set forth in Section I, including judicial notice, recall of mandate, vacatur, remand for district-judge de novo determination under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3), and such other and further relief as the Court deems just to protect the integrity of the judicial process. (App. 1–2; App. 4–18).

**EXHIBITS FOR JUDICIAL NOTICE:**

**Exhibit A**: Pennsylvania Supreme Court Docket Sheet and Order, No. 334 MAL 2025 (final disposition dated Jan. 21, 2026). (App. 1–2).

**Exhibit B**: Commonwealth Court Opinion, Miller v. Office of Open Records, No. 595 C.D. 2023 (Pa. Cmwlth. Apr. 11, 2025). (App. 3–18).

**Exhibit C**: Court of Common Pleas Order Dismissing Petition for Enforcement (order reviewed on appeal in No. 595 C.D. 2023). (App. 19–31).

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com
January 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
(717) 237-5473
sstaub@mcneeslaw.com

Date: January 22, 2026

Respectfully Submitted,
/s/*Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 24-2934<br><br>(DC case: 1-24-CV-00014) |

**PROPOSED ORDER**

AND NOW, this ____ day of _____, 2026, upon consideration of Appellant's Motion to Take Judicial Notice of Supervening State-Court Final Disposition, to Recall the Mandate, and to Vacate Judgment, IT IS ORDERED that:

1. The Motion is GRANTED.

2. The Court takes judicial notice of the Pennsylvania Supreme Court's January 21, 2026 order and the Commonwealth Court's April 11, 2025 decision and scope of disposition.

3. The mandate is RECALLED.

4. The memorandum and judgment entered July 28, 2025 are VACATED.

5. The matter is REMANDED to the district court for de novo determination under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3) of the challenged portions of

the dispositive Report and Recommendation, including de novo determination of whether any state proceeding was "parallel" under *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274 (3d Cir. 2017), and whether declination is permissible under *Zwickler v. Koota*, 389 U.S. 241 (1967).

BY THE COURT:

\_\_\_

Circuit Judge


Dated: _____