IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MICHAEL MILLER
Appellant,

v.

COUNTY OF LANCASTER, ET. AL.,
Appellees.

Civ. No: 24-2934

(DC case: 1-24-CV-00014)

## APPELLANT'S MOTION FOR REVIEW, CLARIFICATION, AND VACATUR OF APRIL 24, 2026 ORDER, AND RENEWED REQUEST FOR RECUSAL REVIEW BY UNCHALLENGED JUDGES

ECF 77 should be vacated or, at minimum, clarified because the order obscures the source, scope, and effect of judicial authority. The order lists a three-judge panel but bears only Judge Krause's signature. The order denies recusal of Judge Krause and the full panel without § 455(a) analysis, despite ECF 62's timely request for reassignment before disposition of ECF 61. The order acknowledges ECF 61 as the proper Rule 40 vehicle but does not grant, deny, or otherwise decide ECF 61. The order then refuses action on later filings that raised threshold defects—fraud, voidness, clerk authority, recall authority, invalid signatures, exhaustion by non-adjudication, and supervening facts—by misclassifying those

1

filings as rehearing substitutes. Finally, the order denies unspecified "remaining motions," leaving Appellant unable to determine which matters were denied, ignored, or folded into the still-pending rehearing process.

FRAP 27(c) permits single-judge action on motions. FRAP 27(c) does not permit an unexplained single-judge order to determine proceedings, preserve a challenged panel's control, or bury threshold validity challenges without adjudication. ECF 77 therefore requires review by judges whose authority, impartiality, and prior participation are not themselves challenged.

ECF 77 also reflects unreasonable delay coupled with non-adjudication. ECF 59 used summary process to affirm dismissal of constitutional claims while rejecting most preserved objections in a footnote. ECF 61 promptly filed a compliant Rule 40 petition identifying controlling legal conflicts and factual errors. The petition required an adjudicative answer: grant rehearing, deny rehearing, or explain why the identified conflicts did not warrant rehearing. After nearly nine months, ECF 77 did none of those things. ECF 77 merely stated that rehearing "will be submitted," denied recusal without analysis, refused action on later structural filings, and denied unspecified remaining motions. The delay cannot be separated from the method. The delay served the same function as the summary

disposition: avoiding preserved legal objections while maintaining the appearance of judicial process.

ECF 77 is independently defective because Judge Krause had already participated in institutional proceedings adverse to Appellant on the same misconduct narrative. The issue is structural role conflict. Judge Krause was listed as a Judicial Council member present for the June 27, 2025 Rule 10 order restricting Appellant from filing further judicial-misconduct complaints after the Council characterized Appellant's complaints as frivolous, unsupported, merits-related, and abusive. Judge Krause then sat on the 25-2616 panel deciding Appellant's civil action against the Judicial Council and member judges arising from that misconduct process.

The 25-2616 panel did not merely affirm a neutral adversarial judgment. See ECF 19. In a nonprecedential per curiam opinion dated April 22, 2026, the panel affirmed a sua sponte Rule 12(h)(3) dismissal even though Appellees did not appear or file a brief. The panel supplied the statutory-bar theory, treated contested defenses as jurisdictional defects, rejected Appellant's ultra vires and constitutional-reviewability arguments, denied recusal, denied Appellant's motions, warned Appellant about sanctions, threatened termination of electronic filing privileges, and barred further filings except rehearing-related filings. That

method repeated the same jurisdiction/merits collapse Appellant challenged: the panel first resolved why Appellant should lose, then labeled that merits disposition jurisdictional.

Two days later, Judge Krause signed ECF 77 in 24-2934, denying recusal and refusing action on structural filings alleging judicial misconduct, fraud, voidness, clerk usurpation, and non-adjudication. That sequence creates an objective appearance-of-partiality problem under 28 U.S.C. § 455(a). A reasonable observer could question whether Judge Krause could impartially adjudicate Appellant's allegations of Third Circuit institutional misconduct after participating in the Council restriction, the related appellate enforcement track, and the 25-2616 affirmance that supplied the appellee's defense without appellee briefing. Section 455(a) exists to prevent precisely that appearance. A judge cannot reasonably appear neutral while adjudicating the legal consequences of a misconduct narrative that the judge's own Council had already branded frivolous and abusive.

ECF 77 should therefore be vacated to the extent Judge Krause denied recusal, preserved the challenged panel's control over ECF 61, refused action on threshold structural filings, or denied unspecified remaining motions. The recusal motion should be referred to judges who did not participate in the June 27, 2025 Judicial Council Rule 10 order, did not sit on the July 28, 2025 panel judgment,

and did not sit on the 25-2616 appeal arising from the Judicial Council misconduct process.

The same institutional pattern recurs across Appellant's appeals, including 25-2570 and 25-2616. Clerk-framed routing channels appeals into jurisdictional-defect or summary-disposition tracks. Panels then use those tracks to avoid ordinary merits adjudication. Challenged judges decide recusal. The Council controls misconduct complaints. Later panels treat prior institutional acts as conclusive. Each step validates the prior step without adjudicating the threshold defect. That structure is not appellate review; it is a self-protective institutional loop that preserves the appearance of adjudication while preventing adjudication of threshold objections.

The record warrants Supreme Court intervention because the challenged orders in Appellant's three appeals do not merely misapply law; they displace adjudication. In 24-2934, ECF 77 leaves a compliant Rule 40 petition unanswered while the challenged panel retains control and a single implicated judge denies recusal. In 25-2570, reciprocal district/appellate non-action creates a closed jurisdictional loop preventing § 1291 review, and the Court of Appeals refused to direct District Court to enter the judgment necessary for review. In 25-2616, the panel supplied the appellee's defense without appellee briefing in a case

challenging the Judicial Council process itself, converted contested merits defenses into jurisdictional bars, then threatened sanctions and filing restrictions. No ordinary harmless-error theory can cure defects that go to tribunal neutrality, jurisdiction, authority, and the right to adjudication.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
May 1, 2026

# CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct

copy of the foregoing document to the following:

Michael Scarinci /
Mary Katherine Yarish
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
May 1, 2026